

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**AT BLUEFIELD**

HARRY E. DEAKINS, SR. and
KAY F. DEAKINS,

          Plaintiffs,

v.

CIVIL ACTION NO. 1:10-1396

Judge _____

T.S. PACK, in his Individual and Official Capacity
as Superintendent of the West Virginia State Police,
J.C. LONG, R.J. JACKSON, J.R. BAKER,
C.M. WADE, P.H. SHREWSBURY,
in their individual and official capacities as
law enforcement officers in the State of West Virginia, and
JOHN and JANE DOES 1-10

          Defendants.

## COMPLAINT

### INTRODUCTION

1. This is a civil rights action in which the Plaintiff's, Harry E. Deakins and Kay F. Deakins,

seeks relief for the Defendants' violations of their rights guaranteed by the United States

Constitution, specifically the Fourth and Fourteenth Amendments, which rights is further secured

by the Civil Rights Act of 1871, 42 U.S.C. § 1983, § 1985, and § 1988, and by the laws and the

Constitution of the State of West Virginia, specifically Article III, Section's 6 and 10. This is

further an action at law to redress a deprivation under color of statute, ordinance, regulation,

custom, or usage of a right, privilege, and immunity secured to the Plaintiff's by the Fourth and

Fourteenth Amendments of the Constitution of the United States, and arises under the

1

Constitution, law and statutes of the State of West Virginia, and in conjunction with common law.

This civil rights action arises out of the Defendants' unreasonable/unlawful search and seizure, excessive force/violence [brutalization], unreasonable force, and assault and battery of the plaintiffs on or about April 22, 2010; in Mercer County, West Virginia, within the Southern District of West Virginia.

## JURISDICTION AND VENUE

2. This case arises under the Constitution and laws of the United States and presents a federal question within this Court's jurisdiction under Article III of the Constitution, 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 1983, § 1985, & § 1988. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

3. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because (1) the Defendants are located within this judicial district, (2) the events or omissions giving rise to Plaintiff's claim for relief occurred in this judicial district, (3) the unlawful acts are alleged to have been committed in this judicial district, and (4) the records relevant to such acts are maintained and administered in this judicial district.

## PARTIES

4. Plaintiff Harry E. Deakins, at all times relevant herein, is a 62-year-old citizen of the United States of America and a resident of the State of West Virginia, County of Mercer.

5. Plaintiff Kay F. Deakins, at all times relevant herein, is a 63-year-old citizen of the United States of America and a resident of the State of West Virginia, County of Mercer.

6. Defendant T.S. Pack at all times relevant herein, is the Superintendent of the West Virginia State Police. Said Defendant is sued in his individual and official capacity. Defendant Pack is

2

responsible for establishing and implementing policies and practices for the West Virginia State Police and has final policymaking authority regarding police policy/services in the State of West Virginia.

7. Defendant J.C. Long at all times relevant herein, is a Trooper with the West Virginia State Police [hereafter WVSP], assigned to the Princeton Detachment, Troop 6 and was acting under the color of law, within the scope of his employment. Said Defendant is sued in his individual and official capacities.

8. Defendant R.J. Jackson at all times relevant herein, is a Trooper with the WVSP, assigned to the Princeton Detachment, Troop 6 and was acting under the color of law, within the scope of his employment. Said Defendant is sued in his individual and official capacities.

9. Defendant J.R. Baker at all times relevant herein, is a Trooper with the WVSP, assigned to the Princeton Detachment, Troop 6 and was acting under the color of law, within the scope of his employment. Said Defendant is sued in his individual and official capacities.

10. Defendant C.M. Wade at all times relevant herein, is a Trooper with the WVSP, assigned to the Princeton Detachment, Troop 6 and was acting under the color of law, within the scope of his employment. Said Defendant is sued in his individual and official capacities.

11. Defendant P.H. Shrewsbury at all times relevant herein, is a Trooper with the WVSP, assigned to the Princeton Detachment, Troop 6 and was acting under the color of law, within the scope of his employment. Said Defendant is sued in his individual and official capacities.

## STATEMENT OF FACTS

12. Plaintiffs hereby realleges the contents of the allegations contained in the paragraphs numbered 1 through 11 of the Complaint as fully set forth herein.

13. At all times relevant to this complaint, Plaintiffs were domiciled at 4720 Hinton Road [Speedway], Athens, WV 24712, in Mercer County.

14. On April 22, 2010, the Plaintiffs were at all times, prior to the kicking in of their front door, confined to the inside of their home. Also present and inside the home on this day was our son, Anthony T. Deakins.

15. On or about April 22, 2010, at approximately 2:00 p.m. an unknown person, later identified as Defendant Long, began to violently kick in the front door of the Plaintiffs home for approximately three to five minutes.

16. Defendant Long, with great force, kicked and busted the front door locks and door frame of the Deakins custom made door, thereby destroying said door.

17. Plaintiffs were fearful that their home was being burglarized by criminals. As such, Mr. Deakins inquired as to the identity and the purpose of the break-in. Defendant Long failed to identify himself as a West Virginia State Trooper. The Plaintiffs had no knowledge of the identity of anyone outside of their residence.

18. Mrs. Kay F. Deakins at all times relevant to this complaint, was confined to a wheelchair because she is unable to walk and was on oxygen by nasal cannula, due to her chronic breathing difficulties and her low oxygen saturation in her blood. Mrs. Deakins has suffered for many years, due to multiple chronic medical conditions.

19. Plaintiffs then heard someone trying to break-in the back door with a crowbar or other implement. The next thing the Plaintiffs heard was the jingling of keys, as if someone was

4

attempting to unlock the back door. Mrs. Deakins was already in the kitchen, seated in her wheelchair. Mr. Deakins moved from the living room to the kitchen.

20. Defendant Long was later identified as the WVSP Trooper breaking in the back door with a "crowbar." Long purposely inflicted extensive property damage, to Plaintiffs new back door.

21. Plaintiffs were extremely shocked, because their keys to their home and automobile were left overnight inside their 1997 Buick, parked in their driveway.

22. Defendants Long, Jackson, Baker, Wade and JOHN DOES 1-10 burst through Plaintiffs back door, without probable cause and/or a duly authorized search warrant.

23. Plaintiffs did not give permission for any Defendant to enter their personal property, to wit; their 1997 Buick, to remove said keys and to unlock their back door. Defendants did not have probable cause and/or a duly authorized search warrant, to enter into said vehicle.

24. Defendants Long, Jackson, and Baker had their service pistols drawn and pointed at approximately within two feet of the heads of Plaintiffs.

25. Defendant Jackson, without giving any verbal commands/warnings and with no provocation or resistance from Plaintiff Harry E. Deakins, Sr.; Jackson forcefully grabbed Harry's right shoulder and slung him into the stainless steel refrigerator. Mr. Deakins then ricocheted from the refrigerator and hit his head into the stainless steel trash can and slammed onto the kitchen floor. At that time, Defendant Jackson jumped up into the air and landed with great force into Mr. Deakins back around his shoulders/chest area with his knees, thereby compressing his [Harry E. Deakins] chest into his lungs, rendering him speechless.

26. Because of Defendant Jackson's unnecessary and excessive use of force, Mr. Deakins dental appliances were ripped out of his mouth, onto the floor. Also in the process of his arrest, Jackson knocked the prescription glasses from Mr. Deakins head, onto the floor. Then,

5

Defendant Long deliberately and maliciously stomped Mr. Deakins glasses with his right foot, thereby destroying said glasses.

27. Defendant Baker, without giving any verbal commands/warnings and with no provocation or resistance from Plaintiff Kay F. Deakins; Baker forcefully grabbed Kay's left shoulder and ripped her out of her wheelchair and slung her into the corner of the kitchen counter. Mrs. Deakins nasal cannula was torn out of her nose. After hitting the corner of the kitchen counter, her momentum was so great, she ping-ponged from the counter into the refrigerator causing a laceration above the corner of her right eyebrow. Mrs. Deakins landed on the kitchen floor, onto her stomach.

28. Defendant Baker then put his right foot, onto the back of Mrs. Deakins neck and applying great force to her cervical spine and grabbed her arms behind her back and handcuffed her.

29. Defendant Baker then stood up, while Mrs. Deakins remained handcuffed on the kitchen floor. Defendant Baker screamed "get your whore ass off of the fucking floor right now!" Mrs. Deakins advised Defendant Baker "I can't walk, that's why I'm in a wheelchair." Baker then ordered her to "stand up and walk or I'll fucking drag your sorry bitch ass out." Mrs. Deakins attempted to comply with Baker's unreasonable order, however was ultimately unsuccessful, because of her lack of mobility and her chronic medical conditions.

30. Defendant Baker then became enraged and incensed at Mrs. Deakins, forcefully grabbed her handcuffs and dragged her backwards towards the back door and out onto the back porch. Baker continued to drag Mrs. Deakins backwards, down the steps despite her constant pleas to stop.

31. Defendant Baker callously ignored Mrs. Deakins pleas to stop and continued dragging her backwards all the way, to the rear door of his WVSP cruiser, parked midway down the driveway.

Baker let go of the handcuffs and dropped her on the ground at the back door. Baker opened up the back door and stood over top of Mrs. Deakins straddling her body and said "Bitch, get your goddamn ass in the fucking car, right now!" Mrs. Deakins was unable to comply with Baker's unreasonable order. Baker then picked her up and violently slung her into the back seat of his cruiser, purposefully causing her head to strike the upper door support.

32. As a direct cause of Defendant Baker's unnecessary and excessive use of force, along with his reckless and callous disregard for the constitutional rights of Plaintiff Mrs. Deakins, she suffered great physical injuries [two surgeries and multiple hospitalizations] and emotional, psychological and mental distress, including fear for her physical safety and well-being as a result of Defendant Baker's failure to appropriately assess her [Mrs. Deakins] health/medical conditions, and to act accordingly.

33. The proper focus in determining the reasonableness of force used is on the events *immediately* confronting officers when they decide to use force. Force is not reasonable when a suspect is non-violent, not fleeing, not resisting, and otherwise poses no threat. Furthermore, force is not permitted at all, when there is no need to use force.

34. Both Plaintiffs, before being removed from the kitchen, heard Defendant Long give the verbal command in a loud and authoritative voice, "take the computers and the camera!" Defendants Long, Jackson, Baker, Wade and JOHN DOES 1-10 illegally seized a digital camera and two personal computers located in two different rooms towards the rear of the Plaintiffs residence. This illegal seizure was effectuated without probable cause and/or a duly authorized search warrant. All illegally seized property of the Plaintiffs had no evidentiary value whatsoever.

7

35. Defendant Jackson, while transporting Plaintiff Harry E. Deakins to the Princeton Detachment of the WVSP, shouted obscenities and called him "You're a Nazi skinhead, racist Jew boy with a big, fat fucking nose."

36. Defendant Jackson, while transporting Plaintiff Harry E. Deakins to the Princeton Detachment of the WVSP, called him "a white cracker ass motherfucker, dope head!" Then Jackson deployed his Pepper Spray on the Plaintiff without justification, provocation or any reason to do so, while Mr. Deakins was handcuffed in the backseat of his cruiser. Jackson sprayed Mr. Deakins twice with pepper spray, for no reason whatsoever.

37. While Plaintiff Harry E. Deakins was at the Princeton Detachment of the WVSP, he was seated on a folding chair in the garage area along with Mrs. Deakins and his son, Anthony T. Deakins.

38. Defendant Long came into the garage area and pointed his right index finger in a menacing and threating fashion at Plaintiff Harry E. Deakins and stated in an authoritative voice "come with me old man!"

39. Defendant Shrewsbury entered the garage area. Anthony T. Deakins then told Defendant Shrewsbury "Don't do what; I know you're going to do to him." Defendants Long, Jackson, Baker, Wade, Shrewsbury and JOHN and JANE DOES 1-10 at all times relative to this complaint, failed to intervene to prevent the Use of Excessive Force or the Unnecessary Infliction of Pain and Suffering against the Plaintiffs; these actions constitute Conspiracy to Violate 42 U.S.C. § 1983, § 1985, and § 1988.

40. Defendant Long grabbed Plaintiff Harry E. Deakins by the underside of his arm and forcefully slung him through the door of the garage area and paused momentarily and commanded a JOHN or a JANE DOE to cut off the surveillance cameras.

41. Defendant Long was advised by Plaintiff Harry E. Deakins "I'm handcuffed, I can't resist you." Defendant Long replied "I know fucking-A well that you can't resist me!"

42. As Defendant Long and Plaintiff Harry E. Deakins reached the end of the hallway, near the exit door, Defendant Jackson joined Long.

43. Defendant Long pinned Mr. Deakins against the wall with his left forearm/upper body and began striking him violently with a closed right fist, about his head and face area without justification, provocation or any reason to do so. Long repeatedly pummeled Mr. Deakins in the face; while Defendant Jackson repeatedly began to choke him until nearly losing consciousness, then releasing and reapplying his choke hold.

44. Defendant Jackson then began to violently twist Mr. Deakins nose numerous times, until he bled profusely onto his clothes and the floor. During this time Jackson was shouting "how do you like that shit motherfucker, you big fat nosed Jew boy!"

45. Defendant Long, when he was finished beating Plaintiff Harry E. Deakins stated "Your white trailer trash family is gonna have to move out or I'm going to come back and burn your fucking house down and kill every one of you!"

46. Defendant Jackson transported Plaintiff Mr. Deakins to Princeton Community Hospital emergency room for medical treatment of injuries sustained as a direct and proximate result of Defendant's Long and Jackson's unnecessary and excessive use of force.

47. Defendant Jackson once again, deployed his Pepper Spray on the Plaintiff without justification, provocation or any reason to do so, while Mr. Deakins was handcuffed in the backseat of his cruiser, while enroute to Princeton Community Hospital. Jackson sprayed Mr. Deakins once again with pepper spray, for no reason whatsoever.

48. Defendant Baker transported Plaintiff Mrs. Kay F. Deakins to Princeton Community Hospital emergency room for medical treatment of injuries sustained as a direct and proximate result of his own [Baker] unnecessary and excessive use of force.

49. Upon discharge of Plaintiff Harry E. Deakins from Princeton Community Hospital, Defendant Jackson transported Mr. Deakins back to the Princeton Detachment of the WVSP. While enroute, Defendant Jackson continued to belittle, berate, humiliate, embarrass and degrade Mr. Deakins by using a continuous stream of racial epithets.

50. Plaintiff Mr. Deakins arrived back at the Princeton Detachment of the WVSP, where Defendant Jackson once again began to violently twist Plaintiff nose numerous times, until he bled profusely onto the floor. Mr. Deakins politely asked Defendant Jackson "please get me a couple of paper towels to stop my bleeding." Jackson flippantly replied, "okay Jew boy, I'll be right back."

51. Defendant Jackson returned very quickly with several paper towels and threw them into Mr. Deakins face; however the paper towels fell on the floor. Defendant Jackson once again violently twisted the Plaintiff nose, which continued to bleed onto the floor. At which time Jackson shouted, "old man get down on your hands and knees and clean up my fucking floor!" Plaintiff complied with Jackson's command, out of fear for Plaintiffs life.

52. Instead of intervening to stop such unnecessary and excessive use of force onto both Plaintiffs, Defendant's Long, Baker, Jackson, Wade, Shrewsbury, JOHN and JANE DOES 1-10, deliberately took no action whatsoever, to prevent injuries and to insure Plaintiffs constitutional rights were not violated.

53. Defendant Pack, as the Superintendent [Executive Officer] of the West Virginia State Police, beached his duty in his official capacity by failing to adequately train and supervise his

employees, agents, officers, and troopers, not to commit violations of Plaintiffs' constitutionally protected rights; relative to their persons and property. Pack is negligent in his official duty of hiring, discipline, and retention. Furthermore, Defendant Pack was negligent for his failure to have a written policy in effect, or to have a policy in place that is customarily ignored, routinely violated and not followed by the Princeton Detachment of the West Virginia State Police and by all named defendants.

54. Upon information and belief, Plaintiffs constitutional deprivations were a direct and proximate result of a policy, custom and/or practice of the West Virginia State Police and/or the Princeton Detachment of the WVSP. At all times relevant to this complaint, Defendant Pack acted as the final policy maker for matters of law enforcement for the State of West Virginia.

55. All Defendants negligent, unlawful, and illegal acts/omissions, constitute an inexcusable breach of the public trust.

56. Plaintiff hereby realleges the contents of the allegations contained in the paragraphs numbered 1 through 55 of the Complaint as fully set forth herein. The above stated facts give rise to due process and equal protection claims pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, § 1985 and § 1988.

## CLAIMS FOR RELIEF

57. Plaintiff hereby realleges the contents of the allegations contained in the paragraphs numbered 1 through 56 of the Complaint as fully set forth herein.

58. Defendant's Long, Jackson, Baker, Wade, and JOHN DOE 1-10 purposely violated plaintiffs' right to be free from unreasonable search and seizure under the Fourth and Fourteenth Amendment, by breaking into plaintiffs' home without probable cause or a search warrant, whereby the defendant(s), illegally seized two personal computers and a digital camera without

11

probable cause or a search warrant. The above-named defendants violated the Plaintiffs' rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C § 1983, § 1985 and § 1988, and Article III, Section's 6 and 10 of the West Virginia Constitution.

59. Defendant's Long, Jackson, Baker, Shrewsbury, Wade and JOHN and JANE DOES 1-10 purposely deprived the plaintiffs' of their right to be free from excessive force/violence, unreasonable force, and assault & battery. The above-named defendants violated the Plaintiffs' rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. § 1983, § 1985 and § 1988, and Article III, Section's 6 and 10 of the West Virginia Constitution.

60. The actions of Defendant's Long, Jackson, Baker, Shrewsbury, Wade and JOHN and JANE DOES 1-10 as aforesaid were outrageous and constitute the intentional infliction of emotional, psychological, mental and physical distress/injuries, which was reprehensible, willful, illegal, wanton, malicious, and in blatant and intentional disregard of Plaintiff Kay F. Deakins constitutional and civil rights; thereby justifying an award of punitive damages.

61. The actions of Defendant's Long, Jackson, Baker, Shrewsbury, Wade and JOHN and JANE DOES 1-10 as aforesaid were outrageous and constitute the intentional infliction of physical distress/injuries and assault and battery, which was reprehensible, willful, illegal, wanton, malicious, and in blatant and intentional disregard of Plaintiff Harry E. Deakins, SR constitutional and civil rights; thereby justifying an award of punitive damages.

62. Defendants Long, Jackson, Baker, Wade, Shrewsbury and JOHN and JANE DOES 1-10 failed to intervene to prevent the Use of Excessive Force or the Unnecessary Infliction of pain

and suffering against the Plaintiffs; these actions constitute Conspiracy to Violate 42 U.S.C. §
1983, § 1985, and § 1988.

63. Defendant Pack, as the Superintendent [Executive Officer] of the West Virginia State
Police, beached his duty in his official capacity by failing to adequately train and supervise his
employees, agents, officers, and troopers, not to commit violations of Plaintiffs' constitutionally
protected rights; relative to their persons and property. Pack is negligent in his official duty of
hiring, discipline, and retention. Furthermore, defendant Pack was negligent for his failure to
have a written policy in effect, or to have a policy in place that is customarily ignored, routinely
violated and not followed by the Princeton Detachment of the West Virginia State Police and all
named defendants. The violation(s) of Plaintiff's rights are actionable under 42 U.S.C. § 1983, §
1985 and § 1988, and Plaintiffs are entitled to judgment against Defendant Pack due to the
actions of its agent(s), the Defendants [each one].

64. The above stated facts give rise to due process and equal protection claims pursuant to
The Civil Rights Act of 1871, 42 U.S.C. § 1983, § 1985 and § 1988.

## JURY DEMAND

Plaintiffs' demand a jury trial on all issues in this case.

## PRAYER FOR RELIEF

65. Plaintiffs hereby realleges the contents of the allegations contained in the
paragraphs numbered 1 through 64 of the Complaint as fully set forth herein.

66. As a proximate cause of the violation(s) of the common law of torts, violations of The
Constitution of the United States [Federal], violations of the West Virginia State Constitution,
and violations of laws /statutes of the State of West Virginia; the Plaintiffs' has suffered

13

humiliation, shame, degradation, embarrassment and monetary loss. In addition, Plaintiff Kay F. Deakins has suffered emotional, psychological, and mental distress, as well as permanent physical injuries. Plaintiff Harry E. Deakins, SR has suffered multiple physical injuries.

   **WHEREFORE** Plaintiffs prays for judgment against all defendants as follows:

a.   Declaratory judgment relief establishing the Defendants' above-described conduct violated the Plaintiff's clearly established state and federal constitutional rights;

b.   Injunctive relief as the court sees fit in order to remedy all constitutional deprivations which the Plaintiffs suffered and to prevent future unlawful conduct by defendants;

c.   Economic damages in an amount to be determined at trial for plaintiff's past, present and future medical expenses;

d.   Economic damages in an amount to be determined at trial for plaintiff's property loss expenses, and loss of use of property incurred as a result of this matter;

e.   Compensatory damages in the amount to be determined at trial;

f.   Punitive damages in an amount to be determined at trial for the defendants' knowing, willful, malicious and outrageous violations of plaintiffs' clearly established and protected constitutional and civil rights;

g.   Exemplary damages against defendants in an amount sufficient to make an example of these defendants' and to deter future misconduct;

h.   Past, present and future pain and suffering;

i.   Loss of enjoyment of life;

j.   Annoyance, aggravation and inconvenience;

k.   Psychological, emotional, mental distress of Plaintiff Kay F. Deakins;

l.   Loss of consortium;

m. Any other compensatory damages to be proven at trial;

n. All other damages provided by law; and

o. For such other and further relief as the Court deems just and proper.

PLAINTIFFS,
Pro-Se

HARRY E. DEAKINS, SR.
P.O. BOX 1965
PRINCETON, WV 24740
(304) 320-9055

KAY F. DEAKINS
P.O. BOX 1965
PRINCETON, WV 24740

15