IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | | |
|---|---|---|
| HARRY E. DEAKINS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:10-1396 |
| | ) | |
| T.S. PACK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are the following Motions: (1) Plaintiffs' Motion to Compel (Document No. 63.), filed on September 9, 2011; and (2) Defendants' Motion Compel (Document No. 69.), filed on October 7, 2011. Having thoroughly considered the issues raised by these Motions, the undersigned concludes that Plaintiffs' Motion (Document No. 63.) should be granted in part and denied in part and Defendants' Motion (Document No. 69.) should be granted.

## PROCEDURAL BACKGROUND

On December 21, 2010, Plaintiffs filed their Complaint. (Document No. 1.) Plaintiffs filed their First Amended Complaint on December 28, 2010. (Document No. 7.) On January 3, 2011, Plaintiffs filed their Second Amended Complaint. (Document No. 11.) Plaintiffs, Harry and Kay Deakins, allege in their Second Amended Complaint that Defendants violated "their rights guaranteed by the United States Constitution, specifically the Fourth, Fifth, and Fourteenth Amendments, which rights are further secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1983, 1985, and 1988, by the laws/codes, and under West Virginia common law and the Constitution of the State of West Virginia, specifically Article III, Section 1, 6, and 10." (Id.) Specifically, Plaintiffs

allege that Defendants used excessive force on April 22, 2010. Plaintiffs state Defendants forcefully entered their home without announcing their identity or presenting a search warrant. Plaintiffs contend that Defendant Long, Jackson, and Baker "had their service pistols drawn and pointed approximately within one or two feet of the heads of Plaintiffs." Plaintiff Harry Deakins contends that Defendant Jackson used unnecessary and excessive force when arresting him. Plaintiff Kay Deakins alleges that Defendant Baker used unnecessary and excessive force when arresting her. Plaintiff Harry Deakins further alleges that Defendant Jackson sprayed him twice with pepper spray while he was handcuffed in the backseat of the police car. After arriving at the Princeton State Police Detachment, Plaintiff Harry Deakins alleges that Defendant Long and Jackson hit and choked him without justification or provocation. Plaintiff Harry Deakins also contends that Defendant Long and Jackson made derogatory and threatening comments. Plaintiffs allege that they both were later transported to the Princeton Community Hospital to be treated for the injuries they received as a result of Defendants' use of excessive force. Plaintiff Harry Deakins further claims that he was improperly sprayed with pepper spray during his transportation to the hospital. As a result of Defendants' conduct, Plaintiff Harry Deakins alleges that he suffered "multiple physical injuries, humiliation, shame, degradation, embarrassment, religious persecution, and monetary loss." As a result of Defendants' conduct, Plaintiff Kay Deakins alleges that she suffered "emotional, psychological, and mental distress, permanent physical injures, humiliation, shame, degradation, embarrassment, and monetary loss."

By Scheduling Order filed on June 7, 2011, the Court required that all discovery requests be completed by May 1, 2012, and all depositions taken by June 15, 2012. (Document No. 39.) On June 9, 2011, Plaintiffs filed their first set of written discovery and Defendants served their responses on

July 11, 2011. (Document Nos. 41 and 46.) On July 18, 2011, Defendants served their first set of written discovery and Plaintiffs served their responses on August 16, 2011.[1] (Document Nos. 47, 48, 58, and 59.) By letter dated August 26, 2011, Defendants' counsel advised Plaintiffs that their discovery responses were inadequate. (Document No. 69-1, pp. 68 - 73, 75 - 80.) By e-mail dated September 2, 2011, Plaintiffs requested "an extension of time to provide discovery responses to Defendants." (Id., p. 82.) On September 8, 2011, Plaintiffs filed a Motion to Compel and Memorandum in Support. (Document Nos. 63 and 64.) By Stipulation filed on September 12, 2011, the parties agreed that Plaintiffs had until September 30, 2011, to supplement their responses and Defendants had until October 30, 2011, to file any necessary motion to compel. (Document No. 65.). On September 23, 2011, Defendants filed a Response in Opposition to Plaintiffs' Motion to Compel. (Document No. 67.) On October 7, 2011, Defendants filed a Motion to Compel and Memorandum in Support. (Document Nos. 69 and 70.) Plaintiffs filed their Response in Opposition on October 25, 2011, and Defendants filed their Reply on November 4, 2011. (Document Nos. 72 and 75.)

**<u>STANDARD</u>**

The Federal Rules of Civil Procedure contemplate that in conjunction with disclosure, civil discovery is a process of elucidation and clarification of facts and circumstances relevant to claims and defenses as presented in pleadings through which the claims and defenses are validated, defined and shaped and issues are sharpened and refined for consideration at the dispositive motion stage and trial of a civil case. The civil discovery process is to be engaged in cooperatively. Violation of the Rules undermines the process.

---

[1] On August 18, 2011, Plaintiffs filed a "Motion for Leave to File Third Amended Complaint." (Document No. 60.) By separate Order entered this day, the undersigned has granted Plaintiffs' Motion to Amend.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Discovery is generally limited therefore to nonprivileged information which is relevant to any party's claims or defenses, and relevant information is information which is admissible at trial or might reasonably lead to the discovery of information which is admissible at trial. See State ex rel. Erie Ins. Property and Cas. Co. v. Mazzone, 218 W.Va. 593, 596, 625 S.E.2d 355, 358 (2005)("A threshold issue regarding all discovery requests is relevancy. This is so because '[t]he question of the relevancy of the information sought through discovery essentially involves a determination of how substantively the information requested bears on the issues to be tried.'" quoting Syllabus Point 4 of State Farm Mut. Auto. Ins. Co. v. Stephens, 188 W.Va. 622, 425 S.E.2d 577 (1992).) Rule 26(g) provides as follows:

> **(1) Signature Required; Effect of Signature.** Every disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name - - or by the party personally, if unrepresented . . .. By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:
>
>  **(A)**  with respect to a disclosure, it is complete and correct as of the time it is made; and
>
>  **(B)**  with respect to a discovery request, response, or objection, it is:
>
>   **(i)**  consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;
>
>   **(ii)**  not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and
>
>   **(iii)**  neither unreasonable nor unduly burdensome or expensive,

4

considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

**(2) Failure to Sign.** Other parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention.

**(3) Sanction for Improper Certification.** If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

When parties request relevant nonprivileged information in Interrogatories under Rules 33, their request "must be answered:(A) by the party to whom they are directed; or (b) if that party is a private corporation, . . . by any officer or agent, who must furnish the information available to the party." Fed.R.Civ.P. 33(b)(1). Federal Rule of Civil Procedure 33(b)(3) through (5) state further as follows:

**(3)** *Answering Each Interrogatory.* Each Interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.

**(4)** *Objections.* The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.

**(5)** *Signature.* The person who makes the answers must sign them, and the attorney who objects must sign any objections.

"Generic non-specific objections will not suffice when posed in response to reasonable Interrogatories. Objections to reasonable Interrogatories must be specific to each Interrogatory and explain or demonstrate precisely why or how the party is entitled to withhold from answering." Vica Coal Co., Inc., v. Crosby, 212 F.R.D. 498, 503 (S.D.W.Va. 2003). The Court requires strict adherence to these Rules. Saria v. Massachusetts Mutual Life Insurance Company, 228 F.R.D. 536, 538 (S.D.W.Va. 2005).

5

When parties request relevant nonprivileged information in a Request for Production or Inspection of Documents under Rule 34, "[t]he party to whom the request is directed must respond in writing . . .." Fed.R.Civ.P. 34(b)(2)(A). Federal Rule of Civil Procedure 34(b)(2)(B) and (C) provide as follows:

> **(B)** *Responding to Each Item.* For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons.
> **(C)** *Objections.* An objection to part of a request must specify the part and permit inspection of the rest.

Objections to Rule 34 requests must be stated specifically, and boilerplate objections regurgitating words and phrases from Rule 26 are completely unacceptable. <u>Frontier-Kemper Constructors, Inc., v. Elk Run Coal Company, Inc.</u>, 246 F.R.D. 522, 528 - 529 (S.D.W.Va. 2007).

The Rules anticipate that each objection to a discovery request will state precisely why the request is objectionable in view of the claims and defenses presented in the litigation. In most if not all cases, an objection to a discovery request in conformity with the Rules will contain (1) a recital of the parties' claims and defenses, (2) a summary of the applicable statutory and/ or case law upon which the parties' claims and defenses are predicated including the elements of each claim or defense, (3) a discussion of Court decisions considering the breadth or scope of discovery and any limitations upon discovery in the same or a similar type of case and (4) a statement respecting how and/or why the request seeks information which is irrelevant or will not likely lead to the discovery of relevant information or is vague, overly broad, burdensome or interposed for an improper purpose. Failure to state objections specifically in conformity with the Rules will be regarded as a waiver of those objections. <u>Sabol v. Brooks</u>, 469 F.Supp.2d 324, 328 (D.Md. 2006).

Pursuant to Rule 36, "[a] party may serve on any other party a written request to admit, for

6

purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed.R.Civ.P. 36(a)(1). Federal Rule of Civil Procedure 36(a)(4) and (5) provide as follows:

>**(4) Answer.** If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonably inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

>**(5) Objections.** The grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial.

Additionally, Rule 36(a)(6) allows a party who has served a request for admission to move the court "to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served." Fed.R.Civ.P. 36(a)(6).

Federal Rule of Civil Procedure 37(a)(1) provides that if a party fails to cooperate in discovery, "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Rule 37(a)(4) provides that an incomplete answer or response "must be treated as a failure to . . . answer, or respond." Rule 37 (a)(5)(A) – (C) provide as follows:

>**(A)** *If the Motion is Granted (or Disclosure or Discovery is Provided After Filing).* If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney

advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

      (i)      the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

      (ii)     the opposing party's nondisclosure, response, or objection was substantially justified; or

      (iii)    other circumstances make an award of expenses unjust.

**(B)** *If the Motion is Denied.* If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

**(C)** *If the Motion is Granted in Part and Denied in Part.* If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses of the motion.

## ANALYSIS

**1.**    **Plaintiffs' Motion to Compel (Document No. 63.):**

Plaintiffs request that the "Court order all Defendants, especially T.S. Pack, Superintendent of the West Virginia Police, to fully respond to Plaintiffs' First Set of Interrogatories and First Request for Production of Documents pursuant to FRCP Rule 37(a)." (Document No. 64, p. 1.) Specifically, Plaintiffs request that Defendant Pack be required to answer Interrogatory No. 5 and respond to Request for Production of Documents No. 2. (Id., p. 2.)

INTERROGATORY NO. 5. Has Defendant Pack received any special training for the position of Superintendent of the West Virginia State Police, and if so, state:

      (a)     the nature and substance of the training YOU received;

      (b)     the inclusive dates of the period of which YOU received training;

      (c)     the name and address of each and any specialized school YOU attended to receive such training;

      (d)     the dates of attendance at each such specialized school;

       (e)     the nature and substance of the training offered at each such specialized school;

       (f)     the degree or certificate, if any, that YOU received from each specialized school.

ANSWER: Defendants object to Interrogatory No. 5 on the following grounds: (i) it is overbroad and unduly burdensome; and (ii) it seeks the discovery of information that is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence (insofar as the individual defendants' training is irrelevant to the question of whether the officers acted appropriately, according to the legal standards set by federal case law, during the incident giving rise to Plaintiff's lawsuit). Moreover, to the extent that the information requested is discoverable, Plaintiffs, as noted in the parties Rule 26(f) report, have specifically and affirmatively refused to enter into any protective order to ensure that personal and/or otherwise confidential but potentially discoverable information is protected from unnecessary or improper dissemination. As a result, and maintaining any and all other general and specific objections, these defendants object to providing any of the requested information unless and until Plaintiffs enter into an appropriate protective order. . . . Defendant Pack further notes that he is no longer the superintendent of the WVSP and therefore is no longer a party to this lawsuit.

REQUEST FOR PRODUCTION NO. 2. Please produce complete personnel files for Defendants T.S. Pack . . ..

RESPONSE: Defendants object to Request for Production of Documents 2 on the following grounds: (i) it is overbroad and unduly burdensome; and (ii) it seeks the discovery of information that is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence (insofar as the individual defendants' personnel files are irrelevant to the question of whether the officers acted appropriately, according to the legal standards set by federal case law, during the incident giving rise to Plaintiffs' lawsuit). Moreover, to the extent that the information requested is discoverable, Plaintiffs, as noted in the parties' Rule 26(f) report, have specifically and affirmatively refused to enter into any protective order to ensure that personal and/or otherwise confidential but potentially discoverable information is protected from unnecessary or improper dissemination. As a result, and maintaining any and all other general and specific objections, these defendants object to providing any of the requested information unless and until Plaintiffs enter into an appropriate order.

(Id., pp. 9 -10, and 17.) Plaintiffs contend that the information is discoverable "because it will be used by Plaintiffs to prove their claims of negligent supervision, training, hiring, discipline, retention, and deficient policies and procedures." (Id., p. 2.) Plaintiffs allege that Defendant Pack's

personnel file "contains critical information regarding Defendant Pack's training, performance evaluations, and will also have information regarding other instances where Pack may have engaged in misconduct." (Id., p. 5.) "Plaintiffs intend to use this information to demonstrate that the Superintendent of the West Virginia State Police had knowledge that its troopers were abusing citizens, detainees, and arrestees such as Plaintiffs, before and while in troopers' custody." (Id., p. 4.) Plaintiffs state that they "met and conferred with Defendants' counsel as required by LR Civ. P. 37.1(b). (Id., p. 1.)    In Response, Defendants argue that "Mr. Pack's training history and personnel file are irrelevant." (Document No. 67, p. 3.) Defendants note that Plaintiffs allege Mr. Pack "is responsible for the constitutional violations allegedly committed by his former subordinates, the defendant troopers." (Id., p. 3.) Citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009), Defendants argue that "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under the theory of *respondeat superior* . . . because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." (Id.) Defendant Pack argues that to the extent that a claim exists after Iqbal, Plaintiffs would have to establish the following factors as set forth in Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994): "(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practice'; and (3) that there was an 'affirmative casual link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." (Id., pp. 4 - 5.)

10

Defendant Pack states it is undisputed that he was not involved in the altercation between Plaintiffs and Defendant Troopers. Defendant Pack further claims there is no allegation that he knew Plaintiffs were going to be arrested. Defendant Pack contends that the dispositive questions are "what did he know; what did he do in response to that knowledge; and were his actions or inactions the cause of Plaintiffs' injuries." (Id., p. 5.) Defendant Pack states that Plaintiffs have been provided with the following: (1) every report of misconduct against the individual Defendant Troopers during the relevant time period; (2) details of the allegations of misconduct, the steps taken by the WVSP to investigate the allegations, and conclusions of the WVSP; (3) the personnel files of these troopers and information as to any other lawsuits previously filed against any of these troopers. (Id., p. 5.) Defendant Pack explains that a personnel file contains information related to an employee's training, his employment history, his application for employment, employment performance reviews, and citations/commendations. (Id., p. 6.) Defendant Pack states that his personnel file and personal history of training fails to establish "whether Mr. Pack knew of prior misconduct by the named troopers, whether he was deliberately indifferent in response to any such knowledge, or whether, as a result, Plaintiffs were harmed." (Id., p. 5.) Thus, Defendant Pack argues that his personal history of training and the information contained in his personnel file have no bearing on establishing any of the elements of the *Shaw* test. (Id., pp. 5 - 6.) Accordingly, Defendant Pack contends that Plaintiffs' Motion to Compel should be denied because Interrogatory No. 5 and Request for Production No. 2 seek the discovery of evidence that is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence.

Based upon the foregoing, the Court finds it necessary to briefly address supervisory liability. "Government officials may not be held liable for the unconstitutional conduct of their

11

subordinates under a theory of *respondeat superior*. * * * Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the officials own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009); see also Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001), cert. denied, 537 U.S. 1045 , 123 S.Ct. 621, 154 L.Ed.2d 517 (2002)("In a Bivens suit there is no *respondeat superior* liability. * * * Instead, liability is personal, based upon each defendant's own constitutional violations." (Citation omitted.)); Monell v. Department of Social Services of the City of NY, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)("the mere right to control without any control or direction having been exercised and without any failure to supervise is not enough to support § 1983 liability"). Liability can be premised, however, "on a recognition that supervisory indifference or 'tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." Slakan v. Porter, 737 F.2d 368, 372 (4th Cir. 1984), cert. denied, 470 U.S. 1035, 105 S.Ct. 1413, 84 L.Ed.2d 796 (1985). To establish liability under Section 1983 for a supervisory defendant, the plaintiff must establish the following:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices;" and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). Thus, a plaintiff must show "a pervasive and unreasonable risk of harm from some specified source and that the supervisor's corrective inaction amounts to deliberate indifference or 'tacit authorization of the offensive [practices].'" Slakan, 737

F.2d at 373. Evidence of a supervisor's continued inaction in the face of documented widespread abuses provides an independent basis for finding he either was deliberately indifferent or acquiesced in the constitutionally offensive conduct of his subordinates. Id. A supervisor's mere knowledge of a subordinate's unconstitutional conduct is not enough. Rather, Section 1983 liability may be imposed upon a supervisor only on the basis of purposeful "violations of his or her supervisory responsibilities." Ashcroft, 556 U.S. at ___, 129 S.Ct. at 1949.

Plaintiff's Interrogatory Number 5 seeks information regarding any special training that Defendant Pack received for the position of Superintendent of the WVSP. The Court finds Defendant Pack's training history to be irrelevant. Defendant Pack's training history cannot establish that Defendant Pack was aware of an unreasonable risk of harm or misconduct by Defendant Troopers and failed to take corrective action. Therefore, it is hereby **ORDERED** that Plaintiffs' Motion to Compel as to Interrogatory Number 5 is **DENIED**.

Regarding Plaintiffs' Request for Production Number 2 seeking the "complete personnel file" for Defendant Pack, the Court deems certain portions of the file to be relevant. Specifically, the Court finds that any performance reviews and citations/commendations relating to the performance of Defendant Pack's supervisory duties are relevant. The Court finds the foregoing information relevant because continued inaction by Defendant Pack to documented widespread abuses can establish deliberate indifference or an acquiescence of the constitutionally offensive conduct of subordinates. To the extent Plaintiffs request Defendant Pack's personnel file containing his training, employment history, and his application for employment, the Court finds the request to be overly broad and irrelevant.  It is therefore hereby **ORDERED** that Plaintiffs' Motion to Compel as to Request for Production Number 2 is **GRANTED in part** and **DENIED in part**.

13

Defendant Pack shall produce any performance reviews and citations/commendations relating to the performance of his supervisory duties. The records should be made available for inspection and copying, attendant to an agreed-upon Protective Order.

Based upon the foregoing, it is therefore hereby **ORDERED** that Plaintiffs' Motion to Compel (Document No. 63.) is **GRANTED in part** and **DENIED in part**. Plaintiff's Motion to Compel as Interrogatory Number 5 is **DENIED** and Plaintiff's Motion to Compel as Request for Production Number 2 is **GRANTED in part** and **DENIED in part**. Accordingly, Defendant Pack shall respond to Request for Production of Documents No. 2 by producing any performance reviews and citations/commendations relating to the performance of his supervisory duties by **Friday, February 10, 2012**.

**2.      Defendants' Motion to Compel (Document No. 69.)**:

**A.      Plaintiffs' Claim that Defendants Violated Rule 37.1(b).**

In Response to Defendants' Motion to Compel, Plaintiffs argue the Motion is premature and Defendants violated Local Rule of Civil Procedure 37.1(b) by failing to confer. Plaintiffs first state that they believed "they had until October 30, 2011 for the parties to be able to resolve discovery disputes before Defendants could seek Court intervention." (Document No. 72, p. 2.) Next, Plaintiffs contend that Defendants' counsel "failed to make a good faith effort to confer in person or by telephone prior to filing the Motion to Compel." (Id., pp. 2 - 3.) Plaintiffs explain that defense counsel "refused to answer/return three voice-mail messages left by Plaintiffs on September 1 and 2, 2011." (Id.)

In Reply, Defendants contend that their Motion to Compel is properly filed. (Document No. 75, pp. 2 - 3.) Defendants state that they "sent a detailed good faith meet and conferral letter to

Plaintiffs explaining the problems with Plaintiffs' responses and requesting, to the extent that Plaintiffs disagreed, an opportunity to discuss." (<u>Id.</u>) Defendants explain that "[r]ather than contesting any of the issues addressed in the letters, Plaintiffs simply requested additional time to supplement their responses [and] [t]his supplementation has never occurred." (<u>Id.</u>, p. 3.) Next, Defendants argue that they "fulfilled their duty to confer in good faith when they sent their letters to Plaintiffs, which clearly indicated a desire to discuss if Plaintiffs disagreed." (<u>Id.</u>) Defendants contend that "rather than disputing any of the contentions contained in the letter, [Plaintiffs] simply requested additional time." (<u>Id.</u>) Defendants assert that they "were not required to continue sending letters, emails, and making phone calls in an effort to obtain responses that were already promised to them." (<u>Id.</u>)

Rule 37 of the Federal Rules of Civil Procedure provides that if a party fails to answer an Interrogatory or fails to permit inspection of documents, the discovering party may move for an Order compelling the answer or compelling inspection. <u>See</u> Fed. R. Civ. P. 37(a)(3)(B). Additionally, the Rule requires a certification "that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." <u>See</u> Fed. R. Civ. P. 37(a)(1). Local Rule 37.1(b) provides that "[b]efore filing any discovery motion, including any motion for sanctions or for a protective order, counsel for each party shall make a good faith effort to confer in person or by telephone to narrow the areas of disagreement to the greatest possible extent." The penalty for failing to meet and confer is the inability to recover fees and costs, including attorney's fees. <u>See</u> Fed. R. Civ. P. 37(a)(5)(i); <u>also see</u> <u>Hershberger v. Ethicon Endo-Surgery, Inc.</u>, 2011 WL 4434929, * 8 (S.D.W.Va. Sep. 23, 2011).

The Court will first consider whether Defendants' Motion to Compel is premature. According to the Stipulation, Plaintiffs had until September 30, 2011, to supplement their responses and Defendants had until October 30, 2011, to file any necessary motion to compel. (Document No. 65.) Plaintiffs failed to supplement their discovery responses and Defendants filed their Motion to Compel on October 7, 2011. Clearly, Plaintiffs' deadline for supplementing their responses passed prior to Defendants filing the Motion to Compel. Therefore, Defendants' Motion to Compel is not premature.

Next, the Court will consider whether defense counsel made a good faith effort to resolve the discovery dispute before filing his Motion to Compel. Defense counsel sent Plaintiffs a letter stating that their responses were inadequate and explaining why counsel believed the responses to be inadequate. In response to the letter, Plaintiffs stated they needed additional time to supplement their responses. Specifically, Plaintiffs stated as follows: "As you suggested in your letter of August 26, 2011, the undersigned Plaintiffs respectfully request an extension of time to provide discovery responses to Defendants. We will need until September 30, 2011, to gather the numerous documents that you have requested." (Document No. 69-1, p. 82.) Although the parties agreed to an extension of time, Plaintiffs failed to provide any supplements and Defendants filed a Motion to Compel without any further attempts to resolve the discovery dispute. Based on the foregoing, the Court finds that the parties never met and conferred in person or by telephone concerning the actual issues in dispute in an attempt to obtain the discovery material without court action. Defendants merely sent a letter explaining that Plaintiffs' responses were inadequate and Plaintiffs requested an extension of time. There is no indication that the parties ever met and conferred regarding the heart of the discovery dispute. See Wilson v. Liberty Insurance Underwriters, Inc., 2008 WL 2074040

16

(S.D.W.Va. May 15, 2008)("If a party only requests additional time, and fails to raise the issue at the heart of the dispute, then the meeting and conference is a waste of time, paying only lipservice to the Rule's requirement."); Frontier-Kemper Constructors, Inc., 246 F.R.D. at 526("[I]t is mandatory for parties to meet and confer in person or by telephone prior to filing a motion to compel . . ."). Additionally, the undersigned finds that Plaintiffs acted in bad faith if they had no intention of supplementing their discovery responses when they requested the extension of time. Finally, even though defense counsel failed to meet and confer prior to filing the Motion, the Court finds that such failure does not result in the denial of the Motion to Compel. See Frontier-Kemper Constructors, Inc., 246 F.R.D. at 526("While it is mandatory for parties to meet and confer in person or by telephone prior to filing a motion to compel, the Federal Rules of Civil Procedure and the Local Rules do not provide that failure to meet and confer automatically results in denial of the motion. Rather, the sanction for failing to meet and confer is the denial of a request for expenses incurred in making a motion, including attorney's fees.") Accordingly, the undersigned will consider the merits of Defendants' Motion to Compel.

     **B.**    ***Pro Se* Standard**.

     In Response to Defendants' Motion to Compel, Plaintiffs cite Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) arguing that "the Court must take notice and consider that pro se litigants are held to a less stringent standards than formal pleadings drafted by lawyers." (Document No. 72, p. 3.) Plaintiffs, therefore, state that defense counsel's "bogus allegations concerning Plaintiffs' answers and objections are baseless and exceedingly meritless." (Id., p. 4.) In Reply, Defendants argue that "Plaintiffs' belief that Haines applies to discovery responses is wrong." (Document No. 75, p. 3.) Defendants explain that "while *pro se* litigants are

entitled to some deference from courts, this deference relates to construing a *pro se* plaintiff's complaint." (Id.)

The Court finds that Plaintiffs' argument that "the Court must take notice and consider that *pro se* litigants are held to a less stringent standards" in regards to discovery matters is without merit. In Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the Supreme Court recognized that *pro se* pleadings are held to less stringent standards than pleadings prepared by a lawyer. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). *Pro se* litigants, however, are expected to comply with Court orders and applicable procedural rules. See Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). Furthermore, the Court cannot act as counsel for *pro se* litigants or excuse a failure to comply with the rules of the Court. Accordingly, the Court finds Plaintiffs' above argument to be without merit because Defendants are challenging Plaintiffs' responses to discovery requests, not their *pro se* pleadings.

### C.    Other Objections.

#### *(i)    Interrogatory No. 1:*

INTERROGATORY NO. 1. Please set forth each and every doctor, hospital, or other medical practitioner that has treated you for any injuries that you allege occurred as a result of your interaction with Defendants.

ANSWER: Plaintiff objects to Interrogatory No. 1 on the following grounds: (i) it is vague, ambiguous, counterfactual, overbroad and unduly burdensome; (ii) it seeks the discovery of information that is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence; (iii) Defendants failed to provide Plaintiff with a clear, concise and specific definition of the phrase "as a result of your interactions;" (iv) Defendants' use of the words/phrase "as a result of your interactions" in an effort to have Plaintiff incriminate himself [or herself] by answering them; and (v) Defendants failed to provide Plaintiff with clear, concise and specific definition of the words "set forth." Subject to the foregoing general and specific objections and without waiving them, see Document No. 40 entitled "Plaintiffs' Rule 26(a)(1) Initial Disclosures" previously filed. Contained within Document No. 40 are several doctors/medical practitioners and hospitals which have

treated Plaintiff. More specifically, as stated within Plaintiffs' Rule 26(a)(1) Initial Disclosures, Plaintiffs expressly reserves their right to supplement initial disclosures once any new information has been obtained from third parties or has become available as discovery is ongoing and has not been completed.

(Document No. 69-1, pp. 6 - 7, 39 - 40.)

In their Motion to Compel, Defendants first argue that there is "nothing vague or confusing" about the meaning of the phrase "as a result of your interactions" and "set forth." (Document No. 70, p. 3.) Next, Defendants assert it is not "overbroad and unduly burdensome to ask that Plaintiffs, who allege that they suffered significant injury at the hands of Defendants, provide the names of those medical care providers who offered them care as a direct result of their alleged interactions with those same Defendants." (Id., p. 4.) Third, Defendants contend that "[r]equesting the identities of medical care providers does not, under any circumstances, create a risk of self-incrimination." (Id.) Finally, Defendants state that Plaintiffs' reference to their Rule 26(a)(1) disclosures containing "several doctors/medical practitioners and hospitals" is inadequate because Defendants "sought the identities of each and every medical care provider who treated Plaintiffs for those injuries they claim were a direct result of interactions with the defendant troopers on April 22, 2010." (Id.)

In Response, Plaintiffs contend that Interrogatory Number 1 requests irrelevant information. (Document No. 72, p. 4.) Next, Plaintiffs state that defense counsel "falsely claims that Plaintiffs only identified several" medical care providers because Plaintiffs identified 32 doctors or medical care practitioners in their Rule 26(a)(1) disclosures. (Id., p. 6.) Plaintiffs further explain that they "will supplement said discovery as stated and as required." (Id.) Finally, Plaintiffs contend that "each word and phrase has a specific meaning in context to the author" and "[w]ithout a specific definition of the aforementioned, Plaintiffs should not be compelled in this MTC to respond to undefined terms and phrases." (Id., p. 7.) Plaintiffs claim that the phrase "as a result of your

19

interactions" and "set forth," "have no commonly understood meaning to the Plaintiffs. (Id., p. 8.)

In Reply, Defendants argue that "L.R. Civ. P. 26.2(a)(1) does not demand that words be defined" and "these are absolutely commonly/easily understood words and phrases." (Document No. 75, p. 4.) Next, Defendants contend that the information requested in Interrogatory Number 1 "goes directly to Plaintiffs' claims as well as Defendants' defenses" because Plaintiffs allege they were injured as a result of excessive force by the Defendants. (Id., p. 6.) Finally, Defendants state that "[w]hile the Plaintiffs' initial disclosures may have contained the identities of 'each and every' provider, Plaintiffs' answer indicated something else and, thus, there was nothing 'false' in Defendants' motion." (Id.)

First, the Court will consider whether the phrases "set forth" and "as a result of your interactions" are vague or ambiguous. The party objecting to discovery as vague or ambiguous has the burden of showing such vagueness or ambiguity. McCoo v. Denny's Inc., 192 F.R.D. 675, 694 (D.Kan. 2000); also see Johnson v. Kraft Foods North America, Inc., 238 F.R.D. 648 (D.Kan. 2006). A party responding to discovery requests "should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories." Id. "If necessary to clarify its answers, the responding party may include any reasonable definition of the term or phrase at issue." McCoo, 192 F.R.D. at 694; High Point Sarl v. Sprint Nextel Corp., 2011 WL 4036424, * 13 (D.Kan. 2011). In the instant case, "set forth" is used in requesting the identities of doctors, hospitals, or medical practitioners that have treated Plaintiffs. The phrase "as a result of your interaction" is used to narrow the requested information to only those doctors, hospitals, or medical practitioners that treated Plaintiffs for injuries allegedly suffered due to interaction or contact with Defendants. The undersigned finds that Plaintiffs' above objection is without merit because the phrases "set forth"

and "as a result of your interaction" as used in Interrogatory Number 1, are not overly vague or ambiguous. In responding to Interrogatory Number 1, Plaintiffs should apply ordinary definitions to the phrases.

Next, the Court finds that Defendants' request as contained Interrogatory Number 1 is relevant and not unduly burdensome. Plaintiffs contend that they suffered injuries as a result of Defendants allegedly improper conduct. Thus, the identities of any doctors, hospitals, or medical care providers that provided treatment to Plaintiffs for injuries suffered as a result of interaction with Defendants is relevant to Plaintiffs' claims or Defendants' defenses. The requested information is not overly broad as Defendants limit the information to those doctors, medical care providers, or hospitals that provided treatment for injuries suffered as a result of interaction with Defendants. Accordingly, Plaintiffs' above objection is without merit.

Third, the Court finds that Plaintiffs' objection to responding to Interrogatory Number 1 based upon "self incrimination" is wholly without merit. Again, Defendants are requesting the identity of doctors, hospitals, or medical care providers that provided treatment to Plaintiffs. Defendants have in no way requested Plaintiffs to incriminate themselves.

Finally, Plaintiffs appear to contend they are not required to respond to Interrogatory Number 1 because their initial disclosures contained "several doctors/medical practitioners and hospitals which have treated Plaintiffs." Interrogatory Number 1 requested "each and every doctor, hospital, or other medical practitioner." Accordingly, Plaintiffs' act of only providing "several doctors/medical practitioners" is insufficient.[2] Plaintiffs must respond to Interrogatory Number 1

---

[2] The Court further notes that defense counsel did not falsely state that Plaintiffs only identified "several" medical providers. Defense counsel merely quotes Plaintiffs' response to Interrogatory Number 1. Plaintiffs are the ones who state that their initial disclosures only contain

in such a way that all doctors, hospitals, and medical care providers are clearly identified.

Based on the foregoing, the undersigned **ORDERS** that Defendants' Motion to Compel as to Interrogatory Number 1 is **GRANTED**. Plaintiffs are **DIRECTED** to respond to Interrogatory Number 1.

### (ii)    *Interrogatory Number 2:*

INTERROGATORY NO. 2: Please list each and every time you have been arrested by any law enforcement agency. For each instance listed, please provide the following information: (i) the date of the arrest; (ii) the arresting agency; (iii) the criminal charges (whether misdemeanor or felony) that were filed against you; and (iv) the disposition of said charge.

ANSWER: Plaintiff objects to Interrogatory No. 2 on the following grounds: (i) it is overbroad, unduly burdensome and counterfactual; (ii) it seeks the discovery of information that is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence (Defendants seek information, documents, and/or response relating to matters that are not raised in the pleadings); and (iii) Defendants seek information that would violate Plaintiff [Harry E. Deakins, Sr.] [and Kay F. Deakins] Fifth Amendment right under the Constitution of the United States. Subject to the foregoing general and specific objections and without waiving them, please see "Defendants' Responses to Plaintiffs' First Set of Interrogatories and First Request for Production of Documents" Document No. 46; See answer to Interrogatory No. 13 provided by Defendants; included within Defendants Exhibit A are seven pages of NCIC, Triple III, Criminal History Report of Harry Deakins [and Kay Deakins], previously provided to Plaintiffs. These seven pages are enclosed within "Plaintiff Harry E. Deakins, Sr., Responses to Defendants' First Set of Interrogatories, Document Requests, and Requests for Admissions" [and "Plaintiff Kay F. Deakins Responses to Dependants' First Set of Interrogatories, Document Request, and Request for Admissions] as Exhibit A. Plaintiff Harry E. Deakins, Sr., [and Kay F. Deakins] expressly reserve the right to file a *Motion in Limine* in regard to his [and her] previous arrest record in order to preclude inadmissible evidence so that it will not be referred to or offered at trial by Defendants.

(Document No. 69-1, pp. 7 - 8, 40.)

In their Motion to Compel, Defendants state that "Plaintiffs, and in particular Harry Deakins, have well-documented criminal histories, much of which is known to Defendants." (Document No.

---

"several doctors/medical practitioners and hospitals which have treated Plaintiff."

70, p. 4.) Defendants note that "Mr. Deakins' history includes allegations of violence and threats of violence against a number of different individuals." (<u>Id.</u>) Defendants, therefore, argue that "the information sought is discoverable for purposes of inquiring into Plaintiffs' credibility and the necessity of any force used by defendant troopers." (<u>Id.</u>) Next, Defendants argue that the above request does not violate Plaintiffs' Fifth Amendment right because the "interrogatory does not ask them to admit their guilt or that their prior arrests were justified." (<u>Id.</u>, p. 5.) Finally, Defendants contend that their "possession of some information that is responsive to the interrogatory does not relieve Plaintiffs from fully answering the request" because "Defendants are entitled to know if there are additional arrest, convictions, etc." (<u>Id.</u>)

In Response, Plaintiffs first argue that Interrogatory Number 2 requests information that is "not relevant to the Plaintiffs' claims or the Defendants' defenses." (Document No. 72, p. 4.) Plaintiffs explain that the "Interrogatory should not be compelled because it seeks discovery of non-admissible, irrelevant character evidence in the guise of Plaintiffs' Criminal History." (<u>Id.</u>, p. 9.) Next, Plaintiffs state that their criminal history is "already in possession of the Defendants' counsel and available through public records; just as available to the Defendants as it is to the Plaintiffs." (<u>Id.</u>)

In Reply, Defendants argue that "[t]he fact that Defendants have certain information related to Plaintiffs' criminal histories does not excuse Plaintiffs from fully responding." (Document No. 75, p. 7.) Next, Defendants contend that "admissibility at trial is not the standard for relevancy during discovery." (<u>Id.</u>) Finally, Defendants state that "case law is clear that a party is entitled to this information and that it may be admissible at trial." (<u>Id.</u>)

The undersigned finds Plaintiffs' objections to Interrogatory Number 2 to be without merit.

In their Complaint, Plaintiffs allege that Defendants used unnecessary and excessive force. The Court first finds that Plaintiffs' criminal histories are relevant to Plaintiffs' claims or Defendants' defenses. Specifically, Plaintiffs' criminal histories are relevant to Plaintiffs' credibility and the necessity of any force used by Defendants. Plaintiffs' conclusion that their criminal histories are not discoverable because the information is inadmissible under the Federal Rules of Evidence is incorrect. See Equal Employment Opportunity Com'n v. Luihn Food Systems, Inc., 2011 WL 649749, * 5 (E.D.N.C. Feb. 10, 2011)("The request for information on criminal histories is reasonably calculated to lead to discovery of admissible evidence. Plaintiff's reliance on Rule 609 to limit its answers is unfounded. The information sought extends beyond evidence of convictions potentially admissible under Rule 609 and includes information potentially admissible under Fed. R. Evid. 404(b), relating to evidence of crimes, wrongs, or acts offered as proof of motive, intent, and other facts excluding the character of a person to show action in conformity therewith."). Thus, Plaintiffs' criminal histories are potentially admissible or may lead to the discovery of admissible evidence. The Court, therefore, finds that Plaintiffs' above objection is without merit.

Next, the undersigned finds Plaintiffs have not adequately responded to Interrogatory Number 2 by directing Defendants "to information which Defendants had previously provided to Plaintiffs." Plaintiffs' objection that they are not required to provided their criminal histories because Defendants have conducted a NCIC report and "have the capability to obtain any additional or updated information" is incorrect. Defendants' ability to obtain Plaintiffs' criminal histories or their knowledge of Plaintiffs' criminal histories does not relieve Plaintiffs of their responsibility to fully respond to the interrogatory. See Clean Earth of Maryland, Inc. v. Total Safety, Inc., 2011 WL 4832381, * 7 (N.D.W.Va. Oct. 12, 2011)("The fact that the information sought is already known to

the interrogator is not a valid ground for objection to the interrogatories . . . [and the] fact that the information sought is equally available to the interrogator . . . does not render the interrogatories objectionable.")(*citing* Rogers v. Tri-State Materials Corp., 51 F.R.D. 234, 245 (N.D.W.Va. 1970). Therefore, Plaintiffs' above objection is without merit.

Finally, Plaintiffs object to answering Interrogatory Number 2 based upon the Fifth Amendment. The Fifth Amendment of the United States Constitution provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself . . .." The Supreme Court has recognized that the Fifth Amendment may be asserted in response to a deposition question in a civil case when the answer to the question might incriminate the deponent in a future criminal proceeding. Kastigar v. United States, 406 U.S. 441, 444 - 445, 92 S.Ct. 1653, 1656, 32 L.Ed.2d 212 (1972)(The Fifth Amendment privilege "can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory; and it protects against any disclosures which the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used."); Lefkowitz v. Turley, 414 U.S. 70, 77, 94 S.Ct. 316, 322, 38 L.Ed.2d 274 (1973)(The Fifth Amendment "not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answer might incriminate him in future proceedings.") The privilege "does not merely encompass evidence which may lead to criminal conviction, but includes information which would furnish a link in the chain of evidence that could lead to prosecution, as well as evidence which an individual reasonably believes could be used against him in a criminal prosecution." Maness v. Myers, 419 U.S. 449, 461, 95 S.Ct. 584, 592, 42 L.Ed.2d 574 (1975).The mere assertion

of the privilege against self-incrimination in response to questioning does not *ipso facto* prohibit the questioning. Hoffman v. United States, 341 U.S. 476, 486, 71 S.Ct. 814, 818, 95 L.Ed. 1118 (1951)("The witness is not exonerated from answering merely because he declares that in so doing he would incriminate himself – his say-so does not of itself establish the hazard of incrimination."); United States v. Sharp, 920 F.2d 1167, 1170 (4th Cir. 1990). "The central standard for the privilege's application has been whether the claimant is confronted by substantial and 'real,' and not merely trifling or imaginary, hazards of incrimination." Marchetti v. United States, 390 U.S. 39, 53, 88 S.Ct. 697, 705, 19 L.Ed.2d 889 (1968). "To sustain the privilege, it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." Hoffman v. United States, 341 U.S. at 486 - 487, 71 S.Ct. at 818. The incriminating potential may be facially or contextually evident. United States v. Sharp, 920 F.2d at 1170. "[T]he reasonableness of the claimed apprehension should simply be assumed once incriminating potential is found, unless there are genuine questions about the government's legal ability to prosecute. That is to say, once incriminating potential is found to exist, courts should not engage in raw speculation as to whether the government will actually prosecute." Id., at p. 1171.

The undersigned finds Plaintiffs' objection based upon the Fifth Amendment to be unfounded. Defendants request that Plaintiffs "list each and every time you have been arrested by any law enforcement agency. For each instance listed, please provide the following information: (i) the date of the arrest; (ii) the arresting agency; (iii) the criminal charges (whether misdemeanor or felony) that were filed against you; and (iv) the disposition of said charge." Clearly, Defendants are not requesting that Plaintiffs provide incriminating information concerning their arrests or criminal

26

charges. Defendants' request for Plaintiffs to provide information concerning the disposition or resolution of the charges does not require Plaintiffs to provide incriminating information. Based on the foregoing, the Court **ORDERS** that Defendants' Motion to Compel as to Interrogatory Number 2 is **GRANTED**. Plaintiffs are **DIRECTED** to respond to Interrogatory Number 2.

### (iii)   *Interrogatory Number 3.*

Interrogatory No. 3. Please list each and every time you have been a party to a lawsuit. For each instance listed, please provide the following information: (i) the court (state and county/city) in which the lawsuit was filed; (ii) the case number and the date on which the case was filed; (iii) the case caption (i.e. John Doe v. Harry Deakins [or Joe Doe v. Kay Deakins]); (iv) whether you were the plaintiff or the defendant; (v) a detailed description of the allegations made in the lawsuit; and (vi) a description of the resolution of the lawsuit.

ANSWER: Plaintiff objects to Interrogatory No. 3 on the following grounds: (i) it fails to state a time period for the information sought and accordingly is overly broad and unduly burdensome; (ii) it seeks the discovery of information that is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence (Defendants seek information, documents, and/or responses relating to matters that are not raised in the pleadings); and (iii) Plaintiff objects to this Interrogatory on the General Objections contained herein. More specifically, Plaintiff further objects to this Interrogatory on General Objection No. 7. Subject to the foregoing general and specific objections and without waiving them, Plaintiff submits Exhibit B. Contained within Exhibit B is six pages of documents signed by Terry Broughton, Paralegal for Steptoe & Johnson requesting public documents in the public domain to be mailed/faxed to Defendants' Counsel. Plaintiff Harry Deakins, Sr., [and Plaintiff Kay F. Deakins] expressly reserves the right to file a *Motion in Limine* in regard to Defendants' implication that he [or she] is litigious in order to preclude inadmissible evidence, so that it will not be referred to or offered at trial by Defendants.

(Document No. 69-1, pp. 8, 41.)

In their Motion to Compel, Defendants argue that Plaintiffs' litigation history is relevant and Plaintiffs' answers are non-responsive. (Document No. 70, pp. 5 - 6.) Defendants explain that Plaintiffs simply provided information related to requests made from the undersigned counsel's office seeking information from third-party sources." (Id.)

In Response, Plaintiffs state that "Defendants' counsel has already been previously provided with six pages of documents that sought public information/records from several courthouses. These documents were obtained by Plaintiffs at great cost and robust effort." (Document No. 72, p. 9.) Plaintiffs, therefore, conclude that "any other answers provided by the Plaintiffs would be unnecessary, duplicative, and overlapping." (Id.)

In Reply, Defendants assert that the six pages of documents provided by Plaintiffs in response to Interrogatory Number 2 "are simply copies of requests from Defendants to several courthouses for information." (Document No. 75, p. 8.) Defendants state that since they originally provided these documents to Plaintiffs, "they do not reflect a 'robust effort' on Plaintiffs' part." (Id.) Next, Defendants argue that "[t]he fact that Defendants are in possession of certain information does not relieve Plaintiffs from fully responding to relevant requests for information in their possession or obtainable by them." (Id.) Defendants explain that "just because Defendants have knowledge of certain lawsuits from a select few counties in West Virginia does not mean that they are in possession of all relevant information." (Id.)

The Court first finds that Plaintiffs' general objections to Interrogatory Number 3 are inappropriate. Plaintiffs object to the above interrogatory claiming the request to be overlybroad and irrelevant. Plaintiffs' objection, however, is non-specific and fails to demonstrate precisely why Plaintiffs are entitled withhold their response. See Mills v. East Gulf Coal Preparation Co., LLC, 259 F.R.D. 118, 132 (S.D.W.Va. 2009). The Court further finds that Interrogatory Number 3 requests relevant information. Defendants explain the information is relevant to their defense that Plaintiffs have a litigious history. Information concerning prior lawsuits filed by or against Plaintiffs is potentially admissible or could lead to admissible evidence. See Cornelius v. Consol. Rail Corp.,

169 F.R.D. 250, 251-52 (N.D.N.Y. 1996)(evidence of prior claims and lawsuits is relevant and discoverable, regardless that it later may be inadmissible at trial). Next, the undersigned finds Plaintiffs' answer to Interrogatory Number 3 to be inadequate and evasive. Plaintiffs allege they have appropriately responded to the interrogatory by attaching Exhibit B. Exhibit B, however, contains copies of Defendants' requests to several courts for information. Merely providing Defendants with copies of their own requests for information sent to third-parties is non-responsive. Finally, Plaintiffs' argument that they are not required to provide information that is already known or equally available to Defendants is incorrect. See Clean Earth of Maryland, Inc., 2011 WL 4832381 at 7. Based on the foregoing, it is hereby **ORDERED** that Defendants' Motion to Compel as to Interrogatory Number 3 is **GRANTED**. Plaintiffs are **DIRECTED** to respond to Interrogatory Number 3.

> ### (iv)    Interrogatory Number 4.

INTERROGATORY NO. 4. Please list each and every time you have filed an insurance claim. For each instance listed, please provide the following information: (i) the claim number and date on which the claim was made; (ii) the name of the insurance company with whom the claim was filed; (iii) a detailed description of the allegations made in the claim; (iv) the name of the claim's adjuster; and (v) a description of the resolution of the claim.

ANSWER: Plaintiff objects to Interrogatory No. 4 on the following grounds: (i) it fails to state a time period for the information sought and accordingly is vague, overly broad and unduly burdensome; (ii) it seeks the discovery of information that is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence (Defendants seek information, document, and/or responses relating to matters that are not raised in the pleadings); (iii) Defendants failed to provide Plaintiff with a clear, concise and specific definition of the words "insurance claim" and/or what specifically constitutes an "insurance claim;" (iv) Plaintiff objects to this Interrogatory on the General Objections contained herein; and (v) Plaintiff further objects to this Interrogatory because Defendants' Counsel has a duty to investigate Plaintiffs (and their claims) by using various computerized databases that are readily accessible to Defendants and not equally available to Plaintiffs. Steptoe and Johnson have enormous resources, including access to various computerized databases in

order to obtain voluminous documents similar to Interrogatory No. 4.

(Document No. 69-1, pp. 9, 41 - 42.)

In their Motion to Compel, Defendants contend that the above request is clearly discoverable as Defendants seek "to determine if Plaintiffs have developed a habit of filing less than truthful lawsuits/insurance claims." (Document No. 70, p. 6.) Next, Defendants contend there is no need to define "insurance claim" as it has a commonly understood meaning. (Id.) Finally, Defendants state that "neither Defendants nor their counsel have [various computerized] databases" that can be used to retrieve information concerning any insurance claims filed by Plaintiffs. (Id.)

In Response, Plaintiffs contend that they should not be compelled to respond to Interrogatory Number 4 because Defendants failed to define the meaning of "insurance claim." (Document No. 72, pp. 7 and 10.) Plaintiffs state "there are many different lines of insurance sold and many different types of claims asserted" and "Plaintiffs should not be placed in the absurd position of guessing what the imputed definition of 'insurance claim' is." (Id., p. 10.) Next, Plaintiffs argue that Steptoe & Johnson have more than 500 lawyers and "[f]or defense counsel to state that they do not have access to 'various computerized databases' is blatantly untrue." (Id.) Finally, Plaintiffs allege the requested information is "not relevant, nor admissible, and should be barred by the Federal Rules of Evidence 404" because Plaintiffs have not "developed a habit of filing less than truthful lawsuits/insurance claims." (Id.)

In Reply, Defendants first argue that Plaintiffs "improperly object to [Defendants'] failure to define 'insurance claim.'" (Document No. 75, p. 8.) Next, Defendants note that Plaintiffs "simply asserts that the undersigned counsel's law firm is large and unambiguously states that undersigned counsel lied to this Court." (Id., pp. 8 - 9.) Defendants contend that "[t]he size of a law firm is of no

30

moment, since, as far as this counsel knows, there is no mysterious or magical databases from which Defendants can obtain this information and, even if there were, it would not relieve Plaintiffs of their obligations to fully respond." (Id., p. 9.)

Next, the Court finds that Plaintiffs' general objections to Interrogatory Number 4 are inappropriate. Plaintiffs' objection that the request is overlybroad and irrelevant is non-specific and fails to show why Plaintiffs are entitled withhold their response. See Mills, 259 F.R.D. at 132. Next, Plaintiffs' prior insurance claims are potentially admissible or may lead to the discovery of admissible evidence. See Cornelius, 169 F.R.D. at 251-52. Plaintiffs further object to the interrogatory based upon Defendants' failure to define the meaning of "insurance claim." The undersigned finds Plaintiffs' above objection to be without merit because the term "insurance claim" is not overly vague or ambiguous. In responding to Interrogatory Number 4, Plaintiffs should exercise reason and common sense to attribute an ordinary definition to the term. See McCoo, 192 F.R.D. at 694. Finally, Plaintiffs' objection that they are not required to answer the interrogatory because Defendants can obtain the information from "various computer databases" is unjustified. See Clean Earth of Maryland, Inc., 2011 WL 4832381 at 7. Based on the foregoing, it is hereby **ORDERED** that Defendants' Motion to Compel as to Interrogatory Number 4 is **GRANTED**. Plaintiffs are **DIRECTED** to respond to Interrogatory Number 4.

       *(v)*    ***Interrogatory No. 5:***

INTERROGATORY NO. 5. Please list each and every medical care provider, including mental health providers, you saw for a ten year period prior to the incident giving rise to this lawsuit. For each provider, please provide the following information: (i) their name and address; (ii) the dates on which you saw said provider; (iii) the reasons for see said provider; (iv) any medications prescribed by said provider; and (v) with respect to each visit to each provider, please list the diagnosis of said provider.

ANSWER:  Plaintiff objects to the first Interrogatory No. 5 on the following grounds: (i) unintelligible, since there are two Interrogatory No. 5's; (ii) it is overbroad and unduly burdensome; (iii) it seeks the discovery of information that is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence; (iv) Defendants failed to provide Plaintiff with a clear, concise and specific definition of the word "saw" and/or what specifically constitutes the context "saw" within this Interrogatory; and (v) Plaintiff objects to this Interrogatory on the General Objections contained herein and more specifically; General Objection No. 11. Subject to the foregoing general and specific objects and without waiving them, see Document No. 40 entitled "Plaintiffs' Rule 26(a)(1) Initial Disclosures" previously filed. Contained within Document No. 40 are several medical care providers listed. More specifically, as stated within Plaintiffs' Rule 26(a)(1) Initial Disclosures, Plaintiffs express reserves their right to supplement initial disclosures once any new information has been obtained from third parties or has become available as discovery is ongoing and has no been completed.

(Document No. 69-1, pp. 9 - 10, 42 - 43.)

In their Motion to Compel, Defendants contend that Interrogatory Number 5 requests discoverable information because Plaintiffs allege they were injured by Defendants. (Document No. 70, p. 6.) Defendants explain that they "are entitled to know both the extent of the care received after the injuries (and whether such injuries constitute ongoing medical problems), as well as the care received before April 22, 2010 (insofar as it is relevant to determine whether these alleged injuries existed prior to the alleged altercation)." (Id.) Next, Defendants contend that the word "saw" is a "commonly understood word and need not be defined for purposes of discovery." (Id., p. 7.) Finally, Defendants state Plaintiff's Rule 26(a)(1) disclosures are non-responsive to the interrogatory. (Id.) Defendants explain that Plaintiffs' initial disclosures contain "only a partial list" of medical care providers and fail to provide information related to Plaintiffs' visits to the medical provider. (Id.)

In Response, Plaintiffs state they "have provided a complete answer to Defendants [because] [t]his Interrogatory is simply the same old rehash of Interrogatory No. 1." (Document No. 72, p. 10.) Next, Plaintiffs assert "[t]his is not the run of the mill personal injury case; therefore, there is no

32

need for Defendants to know what, if any 'of these alleged injuries existed prior to the alleged altercation.'" (Id.) Plaintiffs further contend that the "temporal time frame of ten year period prior to the date of the incident (4/22/2010) is excessive, burdensome, oppressive and unreasonable" and "the Court should limit the temporal time frame to only the date of the incident of 4/22/2010 and after." (Id.) Finally, Plaintiffs claim they "should not be placed in a position to interpret medical records and information concerning the injuries inflicted upon the Plaintiffs by Defendant Troopers." (Id.)

In Reply, Defendants continue to argue that the requested information is relevant. (Document No. 75, p. 9.) Defendants note that "Plaintiffs claim that they suffered and continue to suffer mental and physical injuries that limit their future functions." (Id.) Defendants, therefore, contend that they "are entitled to know if certain alleged injuries existed prior to the incident and, if so, what those physical and mental conditions were." (Id.) Defendants explain that "[w]hile the existence of injuries predating the incident may not validate an unreasonable use of force, it may assist in defending claims that such force caused Plaintiffs' injuries." (Id.)

The Court first finds that Interrogatory Number 5 requests relevant information. In their Complaint, Plaintiffs allege that they each suffered injuries as a result of excessive force used by Defendants. Clearly, information concerning Plaintiffs' preexisting injuries or medical conditions is relevant to Defendants' defense that their actions did not result in an injury or aggravate a medical condition. Thus, Plaintiffs' objection that the request is overlybroad and should be limited to the date of the incident forward is without merit. Next, Plaintiffs' objection that Interrogatory Number 5 is a rehash of Interrogatory Number 1, is unfounded. Interrogatory Number 1 requests information concerning medical care providers that provided treatment to Plaintiffs for injuries suffered as a

result of Defendants' actions on April 22, 2010. Interrogatory Number 5 requests information

concerning medical providers that provided treatment to Plaintiffs for medical conditions prior to

April 22, 2010. The foregoing interrogatories are clearly requesting different information. The Court

finds that Plaintiffs' reference to their Rule 26(a)(1) disclosures as a response to Interrogatory

Number 5 is inadequate. Plaintiffs acknowledge that their initial disclosures only provide the

identities of "several" of their medical care providers. Interrogatory Number 5 requests the name

of "each and every medical care provider" and seeks specific information, such as the dates

Plaintiffs saw the provider, the reasons for seeing the provider, names of any medications prescribed

by the provider, and the diagnosis of the provider. The undersigned further finds that Interrogatory

Number 5 does not request Plaintiffs to interpret their medical records. The interrogatory requests

that Plaintiffs merely state the diagnosis of the medical care provider. Finally, Plaintiffs' objection

that Defendants failed to define the meaning of "saw" is without merit. The term "saw" is not overly

vague or ambiguous. In responding to Interrogatory Number 5, Plaintiffs should exercise reason and

common sense to attribute an ordinary definition to the term. See McCoo, 192 F.R.D. at 694. Based

on the foregoing, it is hereby **ORDERED** that Defendants' Motion to Compel as to Interrogatory

Number 5 is **GRANTED**. Plaintiffs are **DIRECTED** to respond to Interrogatory Number 5.

### (vi)    *Interrogatory Number 5 (mis-numbered) Through 9:*

INTERROGATORY NO. 5 - 9. Please describe, with specificity and detail, each and every action that you allege was performed by [J.C. Long, R.J. Jackson, J.R. Baker, C.M. Wade, P.H. Shrewsbury] that you believe forms the basis of your lawsuit against him.

ANSWER: Plaintiff objects to the second Interrogatory No. 5 [6, 7, 8, and 9] on the following grounds: (i) unintelligible, since there are two Interrogatory No. 5s; (ii) it is vague, ambiguous, overbroad, unduly burdensome, and compound/complex question; (iii) it seeks the discovery of information that is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence; (iv)

34

Defendants failed to provide Plaintiff with a clear, concise and specific definition of the phrases "that you believe," "each and every action," and the word "performed" in relation to Defendants context of the second Interrogatory No. 5 [6, 7, 8, and 9]; (v) Plaintiff objects to the phrase "that you believe" as meaning, to think or suppose and as such, is absolutely protected and may not be discovered regardless of the requesting party's need because such information is protected under the opinion work product doctrine contained in General Objection No. 1. Further, Plaintiff's (pro se) mental impression, conclusions, opinions, or legal theories must be protected against disclosure pursuant to FRCP 26(b)(3); and (vi) Plaintiff objects to this Interrogatory on the General Objections contained herein. Subject to the foregoing general and specific objections and without waiving them Plaintiff refers Defendants to "Plaintiffs' Second Amended Complaint;" Document No. 11.

(Document No. 69-1, pp. 10 - 12, 43 - 45.)

In their Motion to Compel, Defendants first argue that the requested information is relevant. (Document No. 70, p. 7.) Defendants explain that Plaintiffs' "Complaint alleges that individual trooper defendants violated Plaintiffs' rights and injured them." (Id.) Defendants, therefore, contend that "these troopers have an absolute right to know what exactly Plaintiffs claim they did wrong." (Id.) Next, Defendants contend that the phrases "that you believe," "each and every action," and "performed" are not confusing or vague. (Id.) Third, Defendants state that they are not seeking information protected by the work product doctrine. (Id.) Defendants explain that "while Plaintiffs are *pro se*, they are key witnesses to this case and cannot be permitted to hide the underlying basis of their claims." (Id.) Finally, Defendants assert that it is improper for Plaintiffs to "simply refer Defendants to the Complaint. (Id., pp. 7 - 8.)

In Response, Plaintiffs first contend that they should not be compelled to respond to undefined phrases. (Document No. 72, pp. 7 and 11.) Next, Plaintiffs state that "[i]f Defendants would only carefully read Plaintiffs' Complaint, then they would know that Plaintiffs did not 'hide the underlying basis of their claims.'" (Id., p. 11.) Plaintiffs assert that their Complaint states "with particularity and specifically exactly what each Defendant Trooper did wrong [and] [a]ny further

explanation would be redundant." (Id.) Finally, Plaintiffs argue because they are acting *pro se*, "their legal beliefs are protected by the work product doctrine" and they "cannot be compelled to divulge their legal beliefs and theories, strategies, and tactics." (Id.)

In Reply, Defendants state that "[w]hile Plaintiffs' Complaint may be detailed, that is not a reason to object" and it is improper "to simply say 'see my complaint.'" (Document No. 75, p. 9.) Defendants further state that the above phrases are "commonly/easily understood words and phrases." (Id., p. 4.)

The Court first finds that the above interrogatories request relevant information. In their Complaint, Plaintiffs allege each Defendant Trooper acted in violation of Plaintiffs' constitutional rights and injured Plaintiffs. The allegedly improper actions taken by each Defendant Trooper is clearly relevant to Plaintiffs' claims and Defendants' defenses. Further, Plaintiffs' objection to the interrogatory based upon Defendants' failure to define the meaning of the phrases "that you believe," "each and every action," and "performed" is without merit. The foregoing phrases and terms are not overly vague or ambiguous. In responding to the interrogatory, Plaintiffs should exercise reason and common sense to attribute an ordinary definition to the terms. McCoo, 192 F.R.D. at 694.

Next, the Court will consider Plaintiffs' objection based upon the work product doctrine. The work product doctrine as set forth in Rule 26(b)(3) and recognized in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), protects from discovery information that was prepared in anticipation of litigation.[3] Documents which reveal the mental impressions, thoughts, and

---

[3] Federal Rule of Civil Procedure 26(b)(3)(A) provides in part as follows:

Ordinarily, a party may not discover documents and tangible things that are prepared

36

conclusions of attorneys or specified representatives in evaluating legal claims are excluded from the doctrine. Fed. R. Civ. P. 26(b)(3). The burden of proving the applicability of the work product doctrine rests with the party asserting it who must show "(1) that the material consists of documents or tangible things, (2) which were prepared in anticipation of litigation or for trial, and (3) by or for another party or its representatives which may include an attorney, consultant, surety, indemnitor, insurer or agent." Kidwiler v. Progressive Paloverde Ins. Co., 192 F.R.D. 536, 542 (N.D.W.Va. 2000) (*quoting* Suggs v. Whitaker, 152 F.R.D. 501, 505 (M.D. N.C. 1993). Once proven, the burden shifts to the contesting party to prove substantial need for and inability to obtain the substantial equivalent of the materials by any other means. The Court finds that Plaintiffs have not met their burden under this standard. Defendants are not requesting that Plaintiffs produce a document prepared in the anticipation of litigation or trial. Defendants are merely requesting that Plaintiffs state the actions taken by each Defendant Trooper that forms the basis for Plaintiffs' claim against that Defendant Trooper. Defendants are not seeking Plaintiffs' mental impressions and conclusions regarding the evaluation of their legal claims. Rather, Defendants are seeking for Plaintiffs to clarify their factual allegations. Therefore, Plaintiffs' objection based upon the work product doctrine is without merit.

Finally, the undersigned will consider Plaintiffs' claim that reference to the allegations

---

in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But subject to Rule 26(b)(4), those materials may be discover if:
    **(i)** they are otherwise discoverable under Rule 26(b)(1); and
    **(ii)** the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

contained in their Complaint appropriately answers the interrogatories. In responding to an interrogatory, a party must answer "separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Generally, an answer to an interrogatory should not refer to other documents such as pleadings, depositions, or other interrogatories. The answer should be complete in itself. See Williams v. Sprint/United Management Co., 235 F.R.D. 494, 501 (D.Kan. 2006)("Plaintiff may not answer the interrogatory by generally referring Defendant to the pleadings filed in this case, documents produced, opt-in questionnaire, depositions, or declarations."); Saria v. Massachusetts Mutual Life Insurance, Co., 228 F.R.D. 536 (S.D.W.Va. 2005)(finding that plaintiff "must specifically identify any responsive materials, rather than referring to other pleadings.") Based on the foregoing, the undersigned concludes that Plaintiffs' reference to their Complaint as an answer to the interrogatory is inappropriate. Plaintiffs are **DIRECTED** to respond to the above interrogatories by answering fully without reference to other documents, pleadings, or answers. Based on the foregoing, it is hereby **ORDERED** that Defendants' Motion to Compel as to the second Interrogatory Number 5 through Interrogatory 9 is **GRANTED**.

### (vii)    *Interrogatory Number 10.*

INTERROGATORY NO. 10. Please describe, with specificity and detail, each and every injury, physical or emotional, that you claim to have suffered as a result of the defendants' alleged actions. Please specify which individual defendant you believe to be directly responsible for inflicting said injury.

ANSWER: Plaintiff objects to Interrogatory No. 10 on the following grounds: (i) it is vague, ambiguous, overbroad, unduly burdensome, and compound/complex question; (ii) it seeks the discovery of information that is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence; (iii) Defendants failed to provide Plaintiff with a clear, concise and specific definition of the phrase "you believe;" (iv) Plaintiff objects to the phrase "you believe" as meaning, to think or suppose and as such, is absolutely protected and may not be discovered regardless of the requesting party's need because such information is protected under the opinion work product doctrine contained in General Objection

No. 1. Furthermore, Plaintiffs' mental impressions, conclusions, opinions, or legal theories must be protected against disclosure pursuant to FRCP 26(b)(3); (v) an interrogatory that seeks identification of each fact supporting a contention which is contained within "Plaintiffs' Second Amendment Complaint," Document No. 11, is improper abusive and goes beyond the scope permitted by the Federal Rules of Civil Procedure, Rules 26 and 33; and (vi) is premature and inconsistent with the Scheduling Order governing this case to the extent that it seeks information that will be identified at a later stage of the litigation and that is properly subject to disclosure only when expert reports are exchanged or when a pretrial order is entered. Subject to the foregoing general and specific objections and without waiving them, Plaintiff refers Defendants to "Plaintiffs' Second Amended Complaint;" Document No. 11. As stated in Plaintiff's Rule 26(a)(1) Initial Disclosures (Document No. 40), under Paragraph B entitled Relevant Documents/Data Compilations/Tangible Things, on page 15, see No. 1 and 2. Plaintiff is in the process of acquiring said documents from third parties and will produce them, pursuant to the Scheduling Order. Since Plaintiff is not a medical expert, I will rely upon my experts to analyze medical documents.

(Document No. 69-1, pp. 12 - 13, 45 - 46.)

In their Motion to Compel, Defendants first argue that the requested information is discoverable. (Document No. 70, p. 8.) Defendants explain that Plaintiffs allege they were injured by Defendants' actions. (Id.) Thus, Defendants contend they are entitled to know what injuries Plaintiffs' suffered and which Defendant is responsible for each injury. (Id.) Next, Defendants argue that the words "you believe" are commonly understood words. (Id.) Third, Defendants state that "[a]sking a party to a case to explain the injuries they believe resulted from an alleged use of excessive force does not implicate any privileges." (Id.) Fourth, Defendants assert that the Federal Rules of Civil Procedure permit contention interrogatories. (Id.) Finally, Defendants claim "[t]here is no requirement that a defendant wait until expert reports are due in order to be able to discern what a plaintiff claims or believes to be his or her injuries." (Id., p. 9.)

In Response, Plaintiffs first argue they "are not qualified by education, formal training, experience or employment to evaluate their own injuries, relational to injuries inflicted by Defendant Troopers' illegal actions." (Document No. 72, p. 11.) Plaintiffs explain that they "cannot properly

discern what our injuries are or the long term ramifications of our injuries, other than those described in Plaintiffs' Complaint." (Id.) Third, Plaintiffs state that they are acting "pro se and as such their legal beliefs are protected by the work product doctrine." (Id.) Plaintiffs contend that "Defendants' term 'you believe' is a thinly veiled attempt to acquire Plaintiffs' legal beliefs/theories, mental impressions, conclusions, strategy, tactics and opinions." (Id.) Finally, Plaintiffs complain that "you believe" has never been defined by Defendants. (Id., pp. 11 - 12.)

In Reply, Defendants contend that the information requested in Interrogatory Number 10 does not require an expert to answer. (Document No. 75, pp. 9 - 10.) Defendants explain that they are requesting Plaintiffs to state "what injuries Plaintiffs believe (i.e. think) resulted from the alleged use of force." (Id.) Defendants further argue that the above interrogatory does not request information in violation of the work product doctrine. (Id., p. 9.)

The Court first finds that Plaintiffs' general objections to Interrogatory Number 10 are inappropriate. Plaintiffs object to the above interrogatory claiming the request to be "vague, ambiguous, overbroad, unduly burdensome, and compound/complex question." Plaintiffs' general objections, however, are non-specific and fail to demonstrate precisely why Plaintiffs are entitled to withhold their response. See Mills, 259 F.R.D. at 132. The Court further finds that the requested information is relevant. Plaintiffs allege they were injured by Defendants' actions. Thus, Plaintiffs' injuries and which Defendant is responsible for each injury is relevant to each Defendant's defense. Next, Plaintiffs' objection to the interrogatory based upon Defendants' failure to define the meaning of the terms "you believe" is without merit. The foregoing terms are not overly vague or ambiguous. The Court further finds that Defendants are not requesting that Plaintiffs provide information protected by the work product doctrine. Defendants are merely requesting that Plaintiffs state the

injuries they suffered and which Defendant caused each injury. Defendants are not seeking

Plaintiffs' mental impressions and conclusions regarding the evaluation of their legal claims, but are

seeking clarification of Plaintiffs' factual allegations. Additionally, Defendants' request is not

premature based upon the Scheduling Order because Defendants are not requesting expert reports.

Finally, the undersigned concludes that Plaintiffs' reference to their Complaint as an answer to the

interrogatory is inappropriate. See Williams, 235 F.R.D. at 501; Saria, 228 F.R.D. at 539. Plaintiffs

are **DIRECTED** to respond to Interrogatory Number 10 by answering fully without reference to

other documents, pleadings, or answers. It is hereby **ORDERED** that Defendants' Motion to

Compel as to the Interrogatory Number 10 is **GRANTED**.

### (viii)   Interrogatory Number 11.

> INTERROGATORY NO. 11. Please list each and every medical care provider,
> including mental health providers, you have seen since the incident giving rise to this
> lawsuit. For each provider, please provide the following information (i) their name
> and address; (ii) the dates on which you saw said provider; (iii) the reasons for seeing
> said provider; (iv) any medications prescribed by said provider; and (v) with respect
> to each visit to each provider, please list the diagnosis of said provider.
>
> ANSWER: See answer to first Interrogatory No. 5, excluding sections (i), (iv), and
> (v). All other sections contained within the Answer to the first Interrogatory No. 5
> shall apply. See answer to Interrogatory No. 10, excluding sections (i), (ii), (iii), (iv)
> and (v). All other sections contained within the Answer to the Interrogatory No. 10
> shall apply.

(Document No. 69-1, pp. 14, 46 - 47.)

In their Motion to Compel, Defendants note that "Plaintiffs simply direct Defendants to their

answers to Interrogatory Nos. 5 and 10." (Document No. 70, p. 9.) Defendants state that "[f]or the

reasons already discussed in detail, such objections and responses are inappropriate." (Id.) In

Response, Plaintiffs state that "Defendants' motion to compel this particular interrogatory is just

another trite rehash of previously rehashed interrogatories." (Document No. 72, p. 12.) Plaintiffs

41

claim "[i]t is once again redundant." (Id.) In Reply, Defendants state that they "are surely entitled to know who Plaintiffs saw, when those visits occurred, and why." (Document No. 75, p. 10.)

The Court finds that Plaintiffs improperly answered Interrogatory Number 11 by referring to answers or objections provided to other interrogatories. In responding to an interrogatory, a party must answer "separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3); also see Williams, 235 F.R.D. at 501; Saria, 228 F.R.D. at 536. Based on the foregoing, the undersigned concludes that Plaintiffs' reference to other answers is inappropriate. Plaintiffs are **DIRECTED** to respond to the above interrogatories by answering fully without reference to other documents, pleadings, or answers. It is hereby **ORDERED** that Defendants' Motion to Compel as to Interrogatory Number 11 is **GRANTED**.[4]

   (ix)   *Interrogatory Number 13.*

INTERROGATORY NO. 13. Please list each and every workers compensation or disability claim that you have ever filed. For each claim listed, please provide the following information: (i) the type of claim; (ii) the claim number; (iii) with whom the claim was filed; (iv) the date of the claim; (v) a detailed description for the reason of the claim; and (vi) the resolution of the claim.

ANSWER: Plaintiff objects to Interrogatory No. 13 on the following grounds: (i) it fails to state a time period for the information sought and accordingly is vague, overly broad, unduly burdensome, compound/complex question, oppressive, harassing, unreasonably cumulative, and abusive; (ii) it seeks the discovery of information that is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence (Defendants seek information, documents, and/or responses relating to matters that are not raised in the pleadings); (iii) is in violation of Rule 1 of the FRCP, inasmuch as the scope and purpose of this Interrogatory fails

---

[4] Interrogatory Number 5 requests information concerning medical care providers Plaintiffs saw for a ten year period *prior* to the incident. Interrogatory Number 10 requests information concerning each and every injury Plaintiffs suffered as a result of Defendants' actions. Interrogatory Number 11 requests information concerning medical care providers Plaintiffs have seen since the incident. Clearly, the above interrogatories seek different information. The Court further finds that the requested information is relevant to Plaintiffs' claims or Defendants' defense.

to satisfy the requirements that "just, speedy, and inexpensive determination of every action and proceeding." This interrogatory is vexatious with the express purpose of protracting and raising the costs of litigation; (iv) Plaintiff objects to this Interrogatory on the General Objections contained herein. More specifically, Plaintiff further objects to this Interrogatory on General Objection No. 9; and (v) Plaintiff further objections to this Interrogatory because Defendants' Counsel has a duty to investigate Plaintiffs (and their claims) by using various computerized databases that are readily accessible to Defendants and not equally available to Plaintiffs. Steptoe and Johnson have enormous resources, including access to various computerized databases in order to obtain voluminous documents similar to Interrogatory No. 13.

(Document No. 69-1, pp. 15, 47 - 48.)

In their Motion to Compel, Defendants first contend that Interrogatory Number 13 "is obviously relevant to discovery of whether any of the injuries that Plaintiffs allegedly suffered on April 22, 2010, were, in fact, preexisting." (Document No. 70, p. 9.) Defendants claim the requested information is not outside the scope of discovery because "Plaintiffs assert that Defendants' action injured them [and] Defendants are entitled to discover whether those injuries were part of a prior claim." (Id.) Finally, Defendants and defense counsel state they do not have access to "various computer databases," which will provide the requested information. (Id., pp. 9 - 10.)

In Response, Plaintiffs argue that the requested information is irrelevant and outside the scope of discovery because "[t]he subject matter of Plaintiffs' instant lawsuit is not claiming any injuries related to a workers compensation or social security claim." (Document No. 72, p. 12.)

In Reply, Defendants contend the requested information is relevant because prior workers compensation or social security claims could show that "(i) Plaintiffs are litigious (which could be used to attack credibility); and (ii) Plaintiffs alleged injuries were pre-existing conditions that were not caused (or exacerbated) by Defendants." (Document No. 75, p. 10.)

The Court first finds that Plaintiffs' general objections to Interrogatory Number 10 are inappropriate. Plaintiffs object to be above interrogatory claiming the request to be "vague, overly

43

broad, unduly burdensome, compound/complex question, oppressive, harassing, unreasonably cumulative, and abusive." Plaintiffs' general objections, however, are non-specific and fail to demonstrate precisely why Plaintiffs are entitled to withhold their response. See Mills, 259 F.R.D. at 132. The Court further finds that the requested information is relevant. Plaintiffs allege that they were injured by Defendants' actions. Thus, Plaintiffs' workers compensation or disability claims are potentially admissible or may lead to the discovery of admissible evidence. See Cornelius, 169 F.R.D. at 251-52. Specifically, the requested information is relevant to Defendants' defense that Plaintiffs' injuries were pre-existing. Finally, Plaintiffs' objection that they are not required to answer the interrogatory because Defendants can obtain the information from "various computer databases" is without merit. See Clean Earth of Maryland, Inc., 2011 WL 4832381 at 7. Based on the foregoing, the Court **ORDERS** that Defendants' Motion to Compel as to Interrogatory Number 13 is **GRANTED**. Plaintiffs are **DIRECTED** to respond to Interrogatory Number 13.

> ### *(x)*     *Interrogatory Number 14.*

> INTERROGATORY NO. 14. Please list each and every address you have resided at for the past ten (10) years. For each address listed, please provide the following information: (i) whether you owned or rented the property; (ii) if you rented, the name of the landlord; (iii) the names of any of your neighbors; (iv) the dates at which you resided at said address; and (v) the reason you moved.

> ANSWER: Plaintiff objects to Interrogatory No. 14 on the following grounds: (i) it is vague, ambiguous, counterfactual, overbroad and unduly burdensome; (ii) it seeks the discovery of information that is neither admissible nor reasonably calculated to lead to the discovery of admissible evidence (Defendants seek information, documents, and/or responses relating to matters that are not raised in the pleadings); and (iii) Plaintiff objects to this Interrogatory on the General Objections contained herein. More specifically, Plaintiff further objects to this Interrogatory on General Objections No. 7 and 11. Subject to the foregoing general and specific objections and without waiving them, Plaintiff refers Defendants to Exhibit B. Contained within Exhibit B is six pages of documents signed by Terry Broughton, Paralegal for Steptoe and Johnson, requesting public documents in the public domain (Criminal and Civil documents) to be mailed/faxed to Defendants' Counsel. Defendants are in

possession of cases that involve landlord/tenant disputes.

(Document No. 69-1, pp. 16, 48 - 49.)

In their Motion to Compel, Defendants argue that the requested information is "information commonly sought in litigation and is a way for parties to properly investigate the history and veracity of opposing parties." (Document No. 70, p. 10.) Defendants further assert that Plaintiffs' reference "to a document from the undersigned counsel's office as some sort of assertion that Defendants have all of the requested information" is incorrect and an inappropriate response. (Id.)

In Response, Plaintiffs first state that "Defendants' counsel is already in the possession of several civil suits in relation to landlord and tenant disputes." (Document No. 72, p. 12.) Next, Plaintiffs contend that their "previous addresses that they have resided at for the past 10 years is irrelevant and immaterial to this case." (Id., pp. 12 - 13.) Plaintiffs explain that "[t]he address stated in Plaintiffs' Complaint is the one and only address were Plaintiffs' resided at on 04/22/2010, the day of the incident that gave rise to Plaintiffs' Complaint." (Id., p. 13.) Third, Plaintiffs claim that "[t]his information is easily obtainable by Defendants' counsel by utilizing in house or third party information brokers." (Id.) Finally, Plaintiffs state that "Steptoe and Johnson's paralegal obtained public information from various courthouses, which said files/documents contained a number of different addresses for Plaintiffs." (Id.)

In Reply, Defendants state that "Interrogatory No. 14 simply seeks Plaintiffs' addresses for the past ten years for the purpose of conducting a thorough investigation." (Document No. 75, p. 10.) Defendants contend that "such a request is contemplated under the rules."

The Court first finds that Plaintiffs' general objection that their prior addresses are irrelevant is without merit. Parties may obtain discovery regarding the identity and location of persons who

45

know of any discoverable matter. Defendants explain that the requested information is relevant to their investigation of Plaintiffs' claims. Next, Plaintiffs' reference to documents allegedly in possession of defense counsel as an answer to the interrogatory is inappropriate. Rule 33(b)(3) provides that in responding to an interrogatory, a party must answer "separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3); also see Williams, 235 F.R.D. at 501; Saria, 228 F.R.D. at 539. Finally, the Court finds that Plaintiffs' argument that they are not required to provide information that is already known or equally available to Defendants is incorrect. See Clean Earth of Maryland, Inc., 2011 WL 4832381 at 7. It is hereby **ORDERED** that Defendants' Motion to Compel as to Interrogatory Number 14 is **GRANTED**. Plaintiffs are **DIRECTED** to respond to the above interrogatory by answering fully without reference to other documents, pleadings, or answers.

### (xi)   *Request for Admission No. 12.*

REQUEST FOR ADMISSION NO. 12. Admit that you [Mr. Deakins] have not seen a doctor for any injuries allegedly sustained as a result of your interactions with the police on April 22, 2010.

ANSWER: Plaintiff objections to Request for Admission No. 12 on the following grounds: (i) it is vague, ambiguous, and unintelligible since Defendants utilizes double negatives in an obvious attempt to confuse Plaintiff; (ii) Defendants failed to provide Plaintiff with a clear, concise and specific definition of the phrase "as a result of your interactions;" (iii) Plaintiff objects to Defendants' use of the phrase "as a result of your interactions" in an effort to have Plaintiff incriminate himself by answering said Request for Admission; (iv) seeks information protected by the attorney-client privilege; and (v) is premature and inconsistent with the Scheduling Order governing this case to the extent that it seeks information that will be identified at a later stage of the litigation and that is properly subject to disclosure only when expert reports are exchanged or when a pretrial order is entered. Subject to the foregoing general and specific objections and without waiving them, after reasonably inquiry has been made, the information known or readily attainable by Plaintiff is insufficient to enable him to admit or deny this request. Plaintiff refers to Defendants to "Plaintiffs' 26(a)(1) Initial Disclosures," Document No. 40. See answer to Interrogatory No. 11.

(Document No. 69-1, p. 25.)

REQUEST FOR ADMISSION NO. 12. Admit that your husband has not seen a doctor for any injuries allegedly sustained as a result of your interactions with the police on April 22, 2010.

ANSWER: Plaintiff objections to Request for Admission No. 12 on the following grounds: (i) it is vague, ambiguous, and unintelligible since Defendants utilizes double negatives in an obvious attempt to confuse Plaintiff; (ii) Defendants failed to provide Plaintiff with a clear, concise and specific definition of the phrase "as a result of your interactions;" (iii) Plaintiff objects to Defendants' use of the phrase "as a result of your interactions" in an effort to have Plaintiff incriminate her husband by answering said Request for Admission; (iv) seeks information protected by the attorney-client privilege; (v) is premature and inconsistent with the Scheduling Order governing this case to the extent that it seeks information that will be identified at a later stage of the litigation and that is properly subject to disclosure only when expert reports are exchanged or when a pretrial order is entered; and (vi) seeks information protected by spousal/marital privilege. Subject to the foregoing general and specific objections and without waiving them, after reasonably inquiry has been made, the information known or readily attainable by Plaintiff is insufficient to enable her to admit or deny this request. Plaintiff refers to Defendants to "Plaintiffs' 26(a)(1) Initial Disclosures," Document No. 40. See answer to Interrogatory No. 11.

(Document No. 69-1, p. 57.)

In their Motion to Compel, Defendants first argue that it is unnecessary to define "as a result of your interactions" as it is clear what these words mean. (Document No. 70, p. 10.) Defendants note the request is relevant because Mr. Deakins alleges that "defendant troopers harmed him when they entered his home and later, at the WVSP detachment." (Id., p. 10.) Next, Defendants contend that requesting Plaintiffs to admit that Mr. Deakins did not see a doctor for his alleged injuries does not request Mr. Deakins incriminate himself of any crime. (Id.) Third, Defendants contend that Mrs. Deakins' spousal privilege is "nothing more than a boilerplate objection [because] she has not, as required, offered any reason why such a privilege would be applicable in response to the question asked." (Id., p. 11.) Fourth, Defendants state that the requested information is not protected by the attorney-client privilege because "Plaintiffs do not have an attorney." (Id.) Fifth, Defendants assert that the request is not premature because "[i]f Mr. Deakins has been to see a doctor, then the

47

information is available." (Id.) Finally, Defendants argue that Plaintiffs claim that they are unable to admit or deny is evasive because "[e]ither Mr. Deakins has or has not sought medical care as of the time of answering of this request." (Id.)

In Response, Plaintiffs first contend that "this request as propounded is vague, confusing, unclear, and ambiguous; and as such, is incapable of being admitted or denied." (Document No. 72, p. 13.) Next, Plaintiffs complain that the "request contains the undefined term "as a result of your interactions." (Id.) Plaintiffs explain that they cannot admit or deny the request because "the Plaintiffs cannot determine precisely what the undefined term means." (Id.) Third, Plaintiffs argue that "[b]ringing allegations in Plaintiffs' Complaint does not waive any such privileges of said Plaintiffs especially since they are pro se litigants and currently married (spousal privilege). (Id., p. 14.)

In Reply, Defendants continue to argue "there is nothing vague about the phrase 'as a result of your interactions' with the defendant troopers." (Document No. 75, pp. 4 - 5.)

The Court notes that Plaintiffs again object based upon Defendants' failure to define the phrase "as a result of your interaction." The undersigned finds that Plaintiffs' above objection to be without merit because the phrase "as a result of your interaction" as used in Request Number 12, is not overly vague or ambiguous. In responding to Request Number 12, Plaintiffs should exercise reason and common sense to attribute an ordinary definition to the phrase. McCoo, 192 F.R.D. at 694. Next, the Court finds that Plaintiffs' objection based upon "self incrimination" is wholly without merit. Defendants are requesting that Plaintiffs admit or deny that Mr. Deakins had not seen any doctors for injuries allegedly sustained as a result of his interaction with Defendants. Defendants have in no way requested Plaintiffs to incriminate Mr. Deakins. Third, Mrs. Deakins' boilerplate

objection based on spousal privilege is inappropriate. Rule 36(a)(4) provides that "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. Rule 36(a)(4). Mrs. Deakins' objection is non-specific as she fails to explain how or why the above information is protected by spousal privilege. Fourth, Plaintiffs' objection based upon attorney-client privilege is unfounded as the Plaintiffs are acting *pro se*. Fifth, Plaintiffs' objection that the request is premature is unjustified because Plaintiffs must have known at the time of answering the request whether Mr. Deakins had sought medical treatment. Finally, Plaintiffs' statement that they are without sufficient information to either admit or deny is inaccurate and evasive. Rule 36(a)(4) provides that "[t]he answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. Rule 36(a)(4). Clearly, Defendants seek Plaintiffs' admission of a specific fact within Plaintiffs' knowledge. It is hereby **ORDERED** that Defendants' Motion to Compel as to Request for Admission 12 is **GRANTED**. Plaintiffs are **DIRECTED** to serve upon Defendants an Amended Answer.

### *(xii)* *Request for Admission No. 15.*

REQUEST FOR ADMISSION NO. 15. Admit that you [Mr. Deakins] were charged with assaulting a police officer as a result of your interactions with defendant police officers on April 22, 2010.

ANSWER: Plaintiff objects to Request for Admission No. 15 on the following grounds: (i) it is vague and ambiguous; (ii) Defendants' failed to provide Plaintiffs with a clear, concise and specific definition of the phrase "as a result of your interactions;" (iii) Plaintiff objects to Defendants' use of the phrase "as a result of your interactions" in an effort to have Plaintiff incriminate himself by answering said Request for Admission; (iv) it is outside the scope of discovery pursuant to FRCP Rule 26(b)(1) as it does not seek "an admission of truth on any matters relevant to the pending proceeding;" (v) on the grounds that this Request for Admission seeks

information that is in Defendants' control and custody; and (vi) seeks information protected by attorney-client privilege. Subject to the foregoing general and specific objections and without waiving them, after reasonably inquiry has been made, the information known or readily attainable by Plaintiff is insufficient to enable him to admit or deny this request. Furthermore, the information sought by Request for Admission No. 15 is in the public domain.

(Document No. 69-1, p. 27.)

REQUEST FOR ADMISSION NO. 15. Admit that your husband was charged with assaulting a police officer as a result of his interactions with defendant police officers on April 22, 2010.

ANSWER: Plaintiff objects to Request for Admission No. 15 on the following grounds: (i) it is vague and ambiguous; (ii) Defendants' failed to provide Plaintiffs with a clear, concise and specific definition of the phrase "as a result of your interactions;" (iii) Plaintiff objects to Defendants' use of the phrase "as a result of your interactions" in an effort to have Plaintiff incriminate her husband by answering said Request for Admission; (iv) it is outside the scope of discovery pursuant to FRCP Rule 26(b)(1) as it does not seek "an admission of truth on any matters relevant to the pending proceeding;" (v) on the grounds that this Request for Admission seeks information that is in Defendants' control and custody; (vi) seeks information protected by attorney-client privilege; and (vii) seeks information protected by spousal/marital privilege. Subject to the foregoing general and specific objections and without waiving them, after reasonably inquiry has been made, the information known or readily attainable by Plaintiff is insufficient to enable her to admit or deny this request. Furthermore, the information sought by Request for Admission No. 15 is in the public domain.

(Document No. 69-1, pp. 59 - 60.)

In their Motion to Compel, Defendants first argue "there is nothing vague about the words 'as a result of your interactions' in a case involving allegations of false arrest and excessive force." (Document No. 70, p. 12.) Next, Defendants state that "Mr. Deakins' claim that this question is an attempt to have him incriminate himself lacks merit, insofar as asking someone to admit that you were charged with a crime - something that is demonstrably true - is not the same as asking someone to admit that they committed a crime." (Id.) Third, Defendants assert that the request is within the scope of discovery because Plaintiffs allege they were subjected to excessive force and Mr. Deakins'

50

assault of an officer is relevant to the determination of what constituted a reasonable amount of force by Defendant Troopers. (Id.) Fourth, Defendants contend that "Plaintiffs' claim that this information is in 'Defendants' control and custody' is not proper grounds for objection." (Id.) Fifth, Defendants argue that attorney-client and spousal privileges do not apply to this request. (Id.) Finally, Defendants state that "Plaintiffs' claims that they simply do not know is an unacceptable attempt to misuse and abuse the discovery process" because Plaintiffs must know "if Mr. Deakins was charged with the crime of assaulting a police officer." (Id., pp. 12 - 13.)

In Response, Plaintiffs first state that "[t]his request as propounded is vague, confusing, unclear, and ambiguous, and as such is incapable of being admitted or denied." (Document No. 72, p. 14.) Next, Plaintiffs complain that the "request contains the undefined term 'as a result of your interactions.'" (Id.) Finally, Plaintiffs claim that "[t]his information is already in the possession, custody and control of the Defendants' counsel, which was obtained by their own paralegal as a result of a search of public domain records." (Id.)

In Reply, Defendants state that "there is no confusion as to what these terms refer." (Document No. 75, p. 10.) Defendants explain that "[i]f Mr. Deakins was charged with assaulting a police officer based on his confrontation (i.e. interactions) with the defendant troopers, then he should be required to admit the request." (Id., p. 11.) Finally, Defendants state that Plaintiffs' objection that "Defendants already have this information . . . is not a valid reason for failing to properly respond and, considering the fact that the actual records clearly show that Mr. Deakins was charged with (and convicted of) this crime, makes his alleged inability to properly admit or deny all the more disconcerting." (Id.)

For the reasons stated above, the undersigned first finds the following objections to be

without merit: (a) objection based upon Defendants' failure to define the phrase "as a result of your interactions;" (b) objection based upon attorney-client privilege; and (c) objection based upon spousal privilege. Next, the Court finds Plaintiffs' objections that the request is vague, ambiguous, and seeks the admission of irrelevant information are unjustified. The request clearly seeks the admission of a specific fact within the Plaintiffs' knowledge. The request is not vague because the request specifically describes what admission is sought (that Mr. Deakins was charged with assault of a police officer as a result of his contact with Defendant Troopers on April 22, 2010). Furthermore, the undersigned finds the request is relevant to Plaintiffs' claims and Defendants' defenses. Whether Mr. Deakins was charged with assault on a police officer is relevant to whether Defendant Troopers used excessive force on April 22, 2010. Fourth, the Court finds that Plaintiffs' objection that the information is in the control of Defendants or equally available to Defendants is inappropriate. The primary purpose of requests for admission is to eliminate the necessity of proving facts that are not in substantial dispute and to narrow the scope of disputed issues. See Frontier-Kemper Constructors, Inc., 246 F.R.D. at 531 ("Rule 36(a)'s primary purposes are 'to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be.'"). Fifth, the Court finds that Plaintiffs' objections based upon "self incrimination" are wholly without merit. Defendants are requesting that Plaintiffs admit or deny that Mr. Deakins was charged with assaulting a police officer. Defendants have in no way requested Plaintiffs to incriminate Mr. Deakins. Finally, Plaintiffs' statement that they are without sufficient information to either admit or deny is inaccurate and evasive. Clearly, Defendants seek Plaintiffs' admission of a specific fact within Plaintiffs' knowledge. It is inconceivable that Mr. Deakins would not know whether he was charged with assaulting a police officer based upon his conduct on April

22, 2010. It is hereby **ORDERED** that Defendants' Motion to Compel as to Request for Admission

15 is **GRANTED**. Plaintiffs are **DIRECTED** to serve upon Defendants an Amended Answer.

             ***(xiii)***    ***Request for Admission No. 16.***

REQUEST FOR ADMISSION NO. 16. With respect to the previous request for admission, admit that you [Mr. Deakins] pled guilty.

ANSWER: See answer to Request for Admission No. 15 above. Subject to the foregoing general and specific objections and without waiving them, after reasonably inquiry has been made, the information known or readily attainable by Plaintiff is insufficient to enable him to admit or deny this request. Furthermore, the information sought by the Request for Admission is in the public domain.

(Document No. 69-1, p. 28.)

REQUEST FOR ADMISSION NO. 16. With respect to the previous request for admission, admit that your husband pled guilty to assaulting a police officer.

ANSWER: See answer to Request for Admission No. 15 above. Subject to the foregoing general and specific objections and without waiving them, after reasonably inquiry has been made, the information known or readily attainable by Plaintiff is insufficient to enable her to admit or deny this request. Furthermore, the information sought by the Request for Admission is in the public domain.

(Document No. 69-1, p. 60.)

      In their Motion to Compel, Defendants contend that "Plaintiffs surely know whether or not

Mr. Deakins pled guilty to such a charge, and Defendants respectfully request that this Court compel

them to provide a simple admission or denial." (Document No. 70, p. 13.) In Response, Plaintiffs

first state that "this information is already in the possession, custody, and control of Defendants'

counsel." (Document No. 72, p. 14.) Next, Plaintiffs complain the request contains the undefined

phrase "as a result of your interactions." (Id.) Finally, Plaintiffs claim that the request is "vague,

confusing, unclear, and ambiguous." (Id.) In Reply, Defendants assert "Mr. Deakins and his wife

know the answer to these questions, and their continued 'we don't know' responses, evidence a lack

of good faith." (Document No. 75, p. 11.)

For the reasons stated above, the undersigned finds Plaintiffs' following objections to be inappropriate: (a) objection to Defendants' failure to define the phrase "as a result of your interactions;" (b) objection based upon attorney-client privilege and spousal privilege; and (c) objection claiming information to be in the control of Defendants or equally available to Defendants. Next, the Court finds Plaintiffs' objections that the request is vague, confusing, unclear, ambiguous, and seeks the admission of irrelevant information are unjustified. The request clearly seeks the admission of a specific fact within the Plaintiffs' knowledge (that Mr. Deakins pled guilty to assault of a police officer). The undersigned further finds the request is relevant to Plaintiffs' claims and Defendants' defenses. Whether Mr. Deakins pled guilty to assault on a police officer is relevant to whether Defendant Troopers used excessive force on April 22, 2010. Again, the Court finds that Plaintiffs' objection based upon "self incrimination" is wholly without merit. Defendants are merely requesting that Plaintiffs admit or deny that Mr. Deakins pled guilty to assaulting a police officer. See Marfork Coal Company, Inc. v. Smith, 274 F.R.D. 193 (S.D.W.Va. 2011)(finding that defendants who pled guilty to trespass charges in State Court, waived their Fifth Amendment right against self-incrimination respecting the relevant facts and circumstances underlying those charges)(*citing*, Boykin v. Alabama, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969). Finally, Plaintiffs' statement that they are without sufficient information to either admit or deny is inaccurate and evasive. Defendants seek Plaintiffs' admission of a specific fact within Plaintiffs' knowledge. It is inconceivable that Mr. Deakins would not know whether he pled guilty to assaulting a police officer. It is hereby **ORDERED** that Defendants' Motion to Compel as to Request for Admission 16 is **GRANTED**. Plaintiffs are **DIRECTED** to serve upon Defendants an Amended Answer.

### (xiv)   *Request for Admission No. 17.*

REQUEST FOR ADMISSION NO. 17. With respect to the previous request for admission, admit that you [Mr. Deakins] were sentenced to 15 days in jail.

ANSWER: See answer to Request for Admission No. 15 above. Subject to the foregoing general and specific objections and without waiving them, after reasonable inquiry has been made, the information known or readily attainable by Plaintiff is insufficient to enable him to admit or deny this request. Furthermore, the information sought by Request for Admission No. 17 is in the public domain.

(Document No. 69-1, p. 28.)

REQUEST FOR ADMISSION NO. 17. With respect to the previous request for admission, admit that your husband was sentenced to 15 days in jail for assaulting a police officer.

ANSWER: See answer to Request for Admission No. 15 above. Subject to the foregoing general and specific objections and without waiving them, after reasonable inquiry has been made, the information known or readily attainable by Plaintiff is insufficient to enable her to admit or deny this request. Furthermore, the information sought by Request for Admission No. 17 is in the public domain.

(Document No. 69-1, pp. 60 - 61.)

In their Motion to Compel, Defendants state "[i]t is hard to conceive of an explanation as to why Plaintiffs would be unaware as to whether Mr. Deakins was sentenced to, and spent, more than two weeks in jail after being convicted of assault of a police officer." (Document No. 70, p. 13.) Defendants claim that "this is the type of information that an individual remembers and, even if not, can obtain with even a modest amount of due diligence." (Id., pp. 13 - 14.)

In Response, Plaintiffs state "this information is already in the possession, custody and control of the Defendants' counsel." (Document No. 72, p. 15.) Next, Plaintiffs explain that "[t]his request refers back to the previous request for admission No. 16, and 16 refers back to Request for Admission 15, which contains the undefined phrase 'as a result of your interactions.'" (Id.) Finally, Plaintiffs argue that the request is "vague, confusing, unclear, and ambiguous." (Id.)

In Reply, Defendants assert "Mr. Deakins and his wife know the answer to these questions, and their continued 'we don't know' responses, evidence a lack of good faith." (Document No. 75, p. 11.)

For the reasons stated above, the undersigned finds Plaintiffs' following objections to be inappropriate: (a) objection to Defendants' failure to define the phrase "as a result of your interactions;" (b) objection based upon attorney-client privilege and spousal privilege; and (c) objection claiming information to be in the control of Defendants or equally available to Defendants. Next, Plaintiffs' objections to Defendants' request as being vague, confusing, unclear, ambiguous, and seeks the admission of irrelevant information are unjustified. The request clearly seeks the admission of a specific fact within the Plaintiffs' knowledge (that Mr. Deakins was sentenced to 15 days in jail for assault of a police officer). The Court further finds that Plaintiffs' objection based upon "self incrimination" is wholly without merit. Defendants are requesting that Plaintiffs admit or deny that Mr. Deakins was sentenced to 15 days in jail for assaulting a police officer. Defendants have in no way requested Plaintiffs to incriminate Mr. Deakins. Finally, Plaintiffs' statement that they are without sufficient information to either admit or deny is inaccurate and evasive. Defendants seek Plaintiffs' admission of a specific fact within Plaintiffs' knowledge. It is inconceivable that Plaintiffs would not know whether Mr. Deakins was sentenced to 15 days in jail. It is hereby **ORDERED** that Defendants' Motion to Compel as to Request for Admission 17 is **GRANTED**. Plaintiffs are **DIRECTED** to serve upon Defendants an Amended Answer.

Based upon the foregoing, it is therefore hereby **ORDERED** that Defendants' Motion to Compel (Document No. 69.) is **GRANTED**. Each Plaintiff shall respond fully and completely and in conformity with the Federal Rules of Civil Procedure to each Interrogatory and Request for

56

Admission in issue by virtue of Defendants' Motions to Compel by **Friday, February 10, 2012**.

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the parties are hereby notified that the rulings set forth above may be contested by filing objections to this Order within ten days. If objections are filed, the District Court, United States District Judge Irene C. Berger presiding, will consider the objections and modify or set aside any portion of the Order which it finds to be clearly erroneous or contrary to law.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to Plaintiffs, who are acting *pro se*, and counsel of record.

ENTER: January 25, 2012.

R. Clarke VanDervort
United States Magistrate Judge