**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION**

| | |
|---|---|
| **HARRY E. DEAKINS,** *et al.***,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )          **Civil Action No. 1:10-1396** |
| | ) |
| **T.S. PACK,** *et al.***,** | ) |
| | ) |
| **Defendants.** | ) |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is "Clinch Valley Medical Center's Motion to Quash Plaintiffs' Subpoena *Duces Tecum*" (Document No. 95.), filed on February 7, 2012, by counsel, Mary A. Huffman. Clinch Valley Medical Center [CVMC] "moves to quash the subpoena *duces tecum* because it potentially seeks voluminous records, with no adequate time for the Hospital to (1) determine what responsive documents exist, and (2) gather, copy and produce those documents." (<u>Id.</u>, pp. 1 - 2.) In support, CVMC states as follows:

1. The subpoena was dated February 2, 2012, received by the Hospital on February 3, 2012, and it bears a return date of "no later than" February 7, 2012.

2. The subpoena fails to allow a reasonable time to comply, as is required by Federal Rule of Civil Procedure 45.

3. The subpoena commands Clinch Valley to produce: "All medical records of Harry E. and Kay F. Deakins for the previous ten [10] years and mail to the following address . . .."

\* \* \*

5. Prior to involving counsel, the Hospital attempted to seek additional time to respond to and accommodate plaintiffs' requests within this subpoena, but the *pro se* plaintiffs would not agree to provide additional time for the production.

> 6.      Plaintiffs' request for medical records spanning ten years for two adults is
> overly broad, unduly burdensome, vague, unreasonable in the time requested
> for a response, and fails to comply with Federal Rule of Civil Procedure 45.

(<u>Id.</u>, pp. 1 - 2.) Therefore, CVMC requests that Plaintiffs' subpoena *duces tecum* be quashed. (<u>Id.</u>)

On February 13, 2012, Plaintiffs filed their "Response in Opposition to Clinch Valley Medical Center's Motion to Quash Subpoena Duces Tecum." (Document No. 108.) First, Plaintiffs contend that "medical records personnel at CVMC did not complete, or even attempt to conduct, a simple cursory search of their computer database/files to determine if any medical records existed for Plaintiffs and how many actually existed." (<u>Id.</u>, p. 2.) Plaintiffs assert that "their medical records at CVMC are not voluminous." (<u>Id.</u>) Next, Plaintiffs state that "CVMC staff never requested additional time for the production of documents." (<u>Id.</u>) Plaintiffs explain that "CVMC's medical records personnel advised the Plaintiffs that 'we [CVMC] will not provide you with your medical records, with or without a subpoena, unless you pay us [CVMC] first.'" (<u>Id.</u>) Third, Plaintiffs argue that "[c]ounsel does not state, with particularity and specificity, why she would not be able to respond to Plaintiffs' subpoena in two business days." (<u>Id.</u>) Fourth, Plaintiffs claim that the "subpoena for their own medical records for the previous ten (10) years is not overly broad, unduly burdensome and most certainly is not vague." (<u>Id.</u>, p. 3.) Finally, Plaintiffs state that they "are attempting to comply with Defendants' discovery request as stated in 'Defendants' First Set of Interrogatories, Document Requests and Requests for Admission.'" (<u>Id.</u>) Plaintiffs note that "the above Interrogatory was compelled pursuant to an Order entered on January 25, 2012, by United States Magistrate Judge, R. Clarke VanDervort, to be answered by February 10, 2012." (<u>Id.</u>) Plaintiffs explain that "without the requested medical records of both Plaintiffs, they will be unable to fully and completely respond to Defendants' Interrogatory request." (<u>Id.</u>, p. 4.)

Rule 45(c)(3) of the Federal Rules of Civil Procedures addresses the protection of persons subject to subpoenas, and lists the reasons for quashing or modifying subpoenas. Specifically, Rule 45(c)(3)(A) provides that "[o]n timely motion, the issuing court must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; . . . or (iv) subjects a person to undue burden." The movant carries the burden of proving that a subpoena should be quashed. In determining whether a subpoena should be quashed, the Court should consider the facts of the case and the issuing party's need for the information subject to the subpoena *duces tecum*. See Ohio Valley Environmental Coalition, Inc. v. United States Army Corps of Engineers, 2012 WL 112325, * 2 (N.D.W.Va. Jan. 12., 2012).

Based upon the foregoing, the Court finds that Plaintiffs' subpoena *duces tecum* fails to allow "a reasonable time to comply" as required by Rule 45(c)(3)(A)(i). Plaintiffs' subpoena dated February 2, 2012, commands CVMC to produce "All medical records of Harry E. and Kay F. Deakins for the previous ten [10] years and mail to the following address . . .. no later than 02/07/2012." The subpoena was received by CVMC on February 3, 2012. The Court finds that four days is not a reasonable amount of time for CVMC to comply. Considering the facts of the case, the undersigned finds Plaintiffs' requested medical records are reasonable, relevant, and necessary to the case. Accordingly, the Court finds that Plaintiffs' subpoena *duces tecum* should be modified in order to allow CVMC reasonable time to comply.

It is therefore hereby **ORDERED** that CVMC's "Motion to Quash Plaintiffs' Subpoena *Duces Tecum*" (Document No. 95.) is **DENIED in part and GRANTED in part**. The Motion is **DENIED** to the extent that CVMC requests the subpoena *duces tecum* be quashed, and **GRANTED** to the extent that CVMC requests the subpoena *duces tecum* be modified. It is further **ORDERED**

3

that the return date on the subpoena *duces tecum* is **MODIFIED** to **March 9, 2012**.

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the parties are hereby notified that the rulings set forth above may be contested by filing objections to this Order within ten days. If objections are filed, the District Court, United States District Judge Irene C. Berger presiding, will consider the objections and modify or set aside any portion of the Order which it finds to be clearly erroneous or contrary to law.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to Plaintiffs, who are acting *pro se*, counsel for Clinch Valley Medical Center, and counsel of record.

ENTER: February 24, 2012.

R. Clarke VanDervort
United States Magistrate Judge