IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | | |
|---|---|---|
| HARRY E. DEAKINS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:10-1396 |
| | ) | |
| T.S. PACK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' "Motion to Compel Discovery Responses" (Document No. 136.), filed on April 26, 2012. Specifically, Defendants request that the Court compel Plaintiffs to provide the physical addresses for two witnesses that Defendants have sought to depose and who were identified in Plaintiffs' Rule 26(a)(1) disclosures. (Id., p. 1.) Defendants explain that the two witnesses are Plaintiffs' sons, Anthony and Sean Deakins, who are witnesses to the alleged misconduct by Defendants. (Id., p. 2.) Defendants state that Plaintiff Harry Deakins indicated in his deposition "that his sons are witnesses to an alleged conspiracy among the troopers that predates the incident giving rise to this lawsuit and is directed towards the Deakins family." (Id.) Defendants, therefore, argue that they are entitled to depose Anthony and Sean Deakins. (Id., pp. 3 - 4.) Defendants claim "Plaintiffs have refused to provide Defendants with physical addresses for their sons." (Id., p. 3.) Defendants contend that "Plaintiffs either have this information or can easily obtain it." (Id.) Defendants note that "on April 16, 2012, Sean Deakins personally served D.B. Rogers with a summons in this case" and "there can be no doubt that Sean acted at the requests of his parents and, as a result, is in contact with them." (Id., pp. 3 - 4.) Defendants claim that "surely Plaintiffs know where Anthony lives or, at the very least, can find out with a minimal amount of diligence, as required." (Id., p. 4.) Accordingly, Defendants request that "their Motion to Compel be granted and that Plaintiffs be

required to provide Defendants with physical addresses for Plaintiffs' son, Anthony and Sean Deakins."[1] (Id., p. 4.)

As Exhibits, Defendants attach the following: (1) A copy of a letter from defense counsel to Anthony Deakins dated March 28, 2012 (Document No. 136-1, pp. 2 - 6.); (2) A copy of an e-mail from defense counsel to Harry Deakins dated April 3, 2012, regarding the deposition of Anthony Deakins (Id., p. 8.); and (3) A copy of the Summons served upon D.B. Rogers by Sean Deakins (Id., pp. 10 - 11.).

On May 10, 2012, Plaintiffs filed their Response in Opposition to Defendants' Motion to Compel. (Document No. 140.) First, Plaintiffs argue that "Defendants seek to compel Plaintiffs' discovery responses despite Defendants' failure to make a valid discovery request in the first instance." (Id., pp. 1 - 2.) Plaintiffs, therefore, argue that defense counsel has violated Rules 7.1(a)(1) and 37.1(c) of the Local Rules of Civil Procedure "by prematurely filing a Motion to Compel despite not having filed a discovery request for Plaintiffs' sons' physical addresses prior to filing of said Motion." (Id., pp. 2 - 3.) Plaintiffs explain that "Plaintiffs have never received any discovery request related to providing Defendants' counsel with the physical addresses for their sons." (Id.) Plaintiffs state they have never received an "Interrogatory, Request for Production, and/or Request for Admissions" concerning their sons' physical addresses and argue that "an e-mail, written correspondence, and/or a phone call does not constitute a valid discovery request pursuant to FRCP Rules 33, 34, and 36." (Id., pp. 4 and 7 - 8.) Next, Plaintiffs contend that "providing the physical addresses of Plaintiffs' sons is not a disclosure requirement under FRCP." (Id., p. 1.) Plaintiffs contend that Rule 26(a)(1)(A)(i)

---

[1] Defendants certify that they have conferred with Plaintiffs as required by Rule 37(a)(1) of the Federal Rules of Civil Procedure. Defense counsel notes that "[d]uring a phone call on April 18, 2012, the undersigned counsel asked Harry to provide physical addresses for his sons so that Defendants can seek to ensure that subpoenas for their depositions are properly served. This simple request was refused." (Document No. 136, p. 3.)

merely requires the disclosure of "the name and, if known, the address and telephone number of each individual likely to have discoverable information." (Id., p. 3.) Plaintiffs argue that "there is no disclosure requirement according to the above FRCP rule, which requires the disclosure of the physical address." (Id., pp. 3 and 8.) Third, Plaintiff Harry Deakins states that during his deposition, he provided defense counsel the correct mailing and physical address of Sean Deakins. (Id., p. 9.) Plaintiffs contend that "all of Mr. Mullins' questions regarding the address of Plaintiffs' son can be obtained simply by reading the deposition." (Id., p. 10.)

As Exhibits, Plaintiffs attach the following: (1) A copy of "Plaintiffs' Rule 26(a)(1) Initial Disclosures" (Document No. 140-1, pp. 2 - 22.); (2) A copy of a letter from Plaintiffs to defense counsel dated April 7, 2012 (Id., pp. 24 - 25.); and (3) A copy of a letter from Plaintiffs to defense counsel dated March 2, 2012, regarding the scheduling of depositions (Id., pp. 27 - 28.)

On May 17, 2012, Defendants filed their Reply. (Document No. 146.) First, Defendants state that "Rule 37(a)(3)(B)(i) plainly allows a party to move to compel when a deponent fails to answer a question for discoverable information asked pursuant to Rule 30, regardless of whether an interrogatory was served." (Id., p. 2.) Next, Defendants contend that "the purpose behind Rule 26(a)(1)(i)'s initial disclosure requirement is to allow the opposing party the opportunity and means to track witnesses down for the purpose of interviews or depositions in a way that minimizes the expenditure of time and money." (Id.) Finally, Defendants claim that "Mr. Deakins only provided a street and town when asked for Sean's address." (Id.) Defendants assert that "Plaintiffs can certainly provide a street number for their son and Defendants should not have to incur the expense of going door to door in Falls Mill, Virginia." (Id., p. 3.)

As Exhibits, Defendants attach the following: (1) A copy of the "Amended Notice of Videographic Depositions" (Document No. 146-1, pp. 2 - 3.); and (2) A copy of pertinent pages of the

transcript of the "Video Deposition of Harry E. Deakins, Sr.," conducted on March 19, 2012 (Id., pp. 5 - 17.)

## STANDARD

The Federal Rules of Civil Procedure contemplate that in conjunction with disclosure, civil discovery is a process of elucidation and clarification of facts and circumstances relevant to claims and defenses as presented in pleadings through which the claims and defenses are validated, defined and shaped and issues are sharpened and refined for consideration at the dispositive motion stage and trial of a civil case. The civil discovery process is to be engaged in cooperatively. Violation of the Rules undermines the process.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides as follows:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Rule 26(1)(A) provides that "a party must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information . . . ".

Federal Rule of Civil Procedure 37(a)(1) provides that if a party fails to cooperate in discovery, "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Rule 37(a)(3)(B) provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may

be made if: (i) a deponent fails to answer a question asked under Rule 30 or 31." Rule 37(a)(4)

provides that an incomplete answer or response "must be treated as a failure to . . . answer, or

respond." Rule 37 (a)(5)(A) – (C) provide as follows:

> **(A)** *If the Motion is Granted (or Disclosure or Discovery is Provided After Filing).* If
> the motion is granted – or if the disclosure or requested discovery is provided after the
> motion was filed – the court must, after giving an opportunity to be heard, require the
> party or deponent whose conduct necessitated the motion, the party or attorney
> advising that conduct, or both to pay the movant's reasonable expenses incurred in
> making the motion, including attorney's fees. But the court must not order this
> payment if:
>
> > (i)    the movant filed the motion before attempting in good faith to obtain
> >        the disclosure or discovery without court action;
> > (ii)   the opposing party's nondisclosure, response, or objection was
> >        substantially justified; or
> > (iii)  other circumstances make an award of expenses unjust.
>
> **(B)** *If the Motion is Denied.* If the motion is denied, the court may issue any protective
> order authorized under Rule 26(c) and must, after giving an opportunity to be heard,
> require the movant, the attorney filing the motion, or both to pay the party or deponent
> who opposed the motion its reasonable expenses incurred in opposing the motion,
> including attorney's fees. But the court must not order this payment if the motion was
> substantially justified or other circumstances make an award of expenses unjust.
>
> **(C)** *If the Motion is Granted in Part and Denied in Part.* If the motion is granted in
> part and denied in part, the court may issue any protective order authorized under Rule
> 26(c) and may, after giving an opportunity to be heard, apportion the reasonable
> expenses of the motion.

## ANALYSIS

The Court first finds that Defendants' Motion to Compel is not premature. Rule 37(a)(1)

provides that if a party fails to cooperate in discovery, "[o]n notice to other parties and all affected

persons, a party may move for an order compelling disclosure or discovery." Plaintiffs do not dispute

that they named Anthony and Sean Deakins as witnesses in their initial disclosures. Rule 26(a)(1)(A)

provides that "a party must, without awaiting a discovery request, provide to the other parties: (i) the

name and, if known, the address and telephone number of each individual likely to have discoverable

5

information . . .." The Court notes that Plaintiffs merely disclosed the post office address for Anthony and Sean Deakins. The Court finds that Plaintiffs either know the physical addresses or can easily obtain the physical addresses of their sons, who Plaintiffs intend to call as witnesses. Thus, Plaintiffs' disclosure of only the post office address for Anthony and Sean Deakins is inadequate and incomplete. Rule 26(e)(1) provides that a party has a duty to supplement his or her initial disclosures when previous disclosures are incorrect or incomplete.[2] See McCroskey v. Allstate Insurance, Co., 2011 WL 940835 (D.Colo. March 16, 2011)(finding that Rule 26(a)(1) required the disclosure of a witness's home address and imposing a sanction for defendant's failure to provide the address until after the close of discovery); Eli Lilly and Co. v. Actavis Elizabeth, LLC., 2010 WL 1849913 (D.N.J. May 7, 2010)("Rule 26 disclosures are meant to provide the opposing party with information as to the identification and location of persons with knowledge so that they can be contacted in connection with the litigation . . . for being interviewed, for being deposed, or for providing background information.")(internal citations omitted); Biltrite Corp. v. World Road Markings, Inc., 202 F.R.D. 359, 362 (D.Mass. 2001)(The  purpose of initial disclosure "is to give the opposing party information as to the identification and location of persons with knowledge, so that they can be contacted in connection with the litigation."). Accordingly, the Court finds that Plaintiffs should supplement their initial disclosures by providing Defendants with the physical address for Anthony Deakins and Sean Deakins.

Moreover, Rule 37(a)(3)(B) provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: (i) a

---

[2] Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

6

deponent fails to answer a question asked under Rule 30 or 31." Plaintiffs do not dispute that during depositions, defense counsel asked Plaintiff Harry Deakins for the physical address of Sean Deakins. Although Plaintiff Harry Deakins contends that "he told [defense counsel] the correct mailing and physical address of his son Sean E. Deakins," the deposition transcripts reveal that Harry Deakins did not provide a physical address for Sean. When defense counsel asked for Sean Deakins' physical address, Plaintiff Harry Deakins responded as follows: "It's wherever he's at. It could be at his girlfriend, could be somewhere else." (Document No. 146-1, p. 10.) The undersigned finds Plaintiff Harry Deakins' answer to be inadequate and evasive.

Based on the foregoing, it is hereby **ORDERED** that Defendants' "Motion to Compel Discovery Responses" (Document No. 136.) is **GRANTED**. Plaintiffs shall provide Defendants with the current residential addresses of Anthony Deakins and Sean Deakins by Thursday, June 7, 2012, and shall notify Defendants promptly of any change in their residential addresses while this matter is pending.

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the parties are hereby notified that the rulings set forth above may be contested by filing objections to this Order within 14 days. If objections are filed, the District Court, United States District Judge Irene C. Berger presiding, will consider the objections and modify or set aside any portion of the Order which it finds to be clearly erroneous or contrary to law.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to Plaintiffs, who are acting *pro se*, and transmit a copy to counsel of record.

ENTER: May 31, 2012.

R. Clarke VanDervort
United States Magistrate Judge