**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION**

| | |
|---|---|
| **HARRY E. DEAKINS,** *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **Civil Action No. 1:10-1396** |
| ) | |
| **T.S. PACK,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Defendants Robin Mavin and D.W. Miller's "Motion to Dismiss or, in the Alternative, Motion to Quash Service" (Document No. 142.), filed on May 11, 2012. The Court notified Plaintiffs pursuant to Roseboro v. Garrison, 528 F.2d 304 (4th Cir. 1975), that Plaintiffs had the right to file a response to Defendants' Motion and submit Affidavit(s) or statements and/or other legal or factual material supporting their claims as they are challenged by Defendants in moving to dismiss. (Document No. 144.) On June 15, 2012, Plaintiffs filed their Response in Opposition to Defendants' Motion.[1] (Document No. 163.) Having conducted a thorough examination of the record, the undersigned has determined and hereby respectfully recommends that Defendants' Motion to Dismiss should be denied and their Motion to Quash should be granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

On August 18, 2011, Plaintiffs filed a "Motion for Leave to File Third Amended Complaint" (Document No. 60.). In support of their Motion, Plaintiffs stated that an amendment was necessary "(1) to facilitate the identification of three Doe Defendants, previously stated as John and Jane Does

---

[1] Because Plaintiffs are acting *pro se*, the documents which they have filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

1-10 in 'Plaintiffs Second Amended Complaint' under 'Parties,' Paragraph No. 12; as we [Plaintiffs] have ascertained their true identities;[2] and (2) to correct errors." (Id., p. 1.) Plaintiffs attached a copy of their "Third Amended Complaint" as an Exhibit. (Id., pp. 5 - 28.) By Order entered on January 25, 2012, the Court granted Plaintiffs' "Motion for Leave to File Third Amended Complaint" (Document No. 60.), directed the Clerk to issue Summonses upon Defendants, and directed Plaintiffs to serve the Summonses and Complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure. (Document No. 89.) The Clerk issued Summonses for Defendants on January 26, 2012. (Document No. 91.) On April 20, 2012, the Summons and Complaint for Defendants Mavin and Miller were delivered by certified mail to the law office of Steptoe and Johnson. (Document Nos. 134 and 135.)

On May 11, 2012, Defendants Robin Mavin and D.W. Miller filed a "Motion to Dismiss or, in the Alternative, Motion to Quash Service" and Memorandum in Support (Document Nos. 142 and 143.) Defendants argue that service upon them was improper and ineffective because counsel had no authority to accept service on their behalf. (Document No. 143, pp. 2 - 5.) Defendants further note that "[t]here was no personal service," "[t]he summons and Third Amended Complaint were not left at these individuals' dwellings," and "[t]he clerk's office did not send the summons (restricted or otherwise) to these defendants at a proper address." (Id., pp. 4 - 5.) Accordingly, Defendants Miller and Mavin claim that they should be dismissed from the this case, or in the alternative, "this Court should order that the purported service of process as to Mr. Miller and Ms. Mavin be quashed and

---

[2] In their Third Amended Complaint, Plaintiffs name the following as Defendants: (1) T.S. Pack, Superintendent of the West Virginia State Police; (2) J.C. Long, West Virginia State Trooper; (3) R.J. Jackson, West Virginia State Trooper; (4) J.R. Baker, West Virginia State Trooper; (5) C.M. Wade, West Virginia State Trooper; (6) P.H. Shrewsbury, West Virginia State Trooper; (7) D.B. Rogers, West Virginia State Trooper and Assistant Detachment Commander; (8) D.W. Miller, West Virginia State Trooper; (9) Robin Mavin, West Virginia State Police Telecommunicator; (10) John and Jane Does 1-7. (Document No. 60, pp. 7 - 8.)

that Plaintiffs properly comply with Rule 4's service requirements." (Id., p. 6.)

In support of their Motion, Defendants attach the following Exhibits: (1) A copy of a letter addressed to Plaintiffs from defense counsel dated April 13, 2012, regarding Plaintiffs attempts to serve D.W. Miller and Robin Mavin (Document No. 142-1, p. 2.); and (2) A copy of a letter from Plaintiffs to defense counsel dated April 19, 2012, regarding Mr. Mullins refusal to accept service on behalf of D.W. Miller and Robin Mavin (Id., pp. 4 - 5.).

Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on May 14, 2012, advising them of the right to file a response to the Defendants' Motion to Dismiss. (Document No. 144.) On June 15, 2012, Plaintiffs filed their "Response to Defendants' Motion to Dismiss." (Document No. 163.) First, Plaintiffs argue that "Defendant's acceptance of service of Plaintiffs' Second Amended Complaint establishes precedent of proper service of process by certified mail, return receipt and restricted to addressee perfected by the Clerk, which was accepted by agent at Headquarters of the West Virginia State Police, 725 Jefferson Road, South Charleston, West Virginia 25309-1698 through the CM/ECF System and by knowledge subsequent thereof, by Michael D. Mullins, lead attorney to be noticed." (Id., pp. 2 - 3.) Second, Plaintiffs assert that "Defendants Miller and Mavin, along with the West Virginia State Police and their agents improperly refused service of process/summonses of Plaintiffs' Third Amended Complaint and failed to answer within 21 days of service, while at the same time, answering for all other defendants that accepted service of summonses by the same process/procedure." (Id., pp. 4 - 10.) Third, Plaintiffs claim "[t]he United States District Court Clerks of the Southern District of West Virginia at Bluefield, did properly effectuate service of process upon both Defendants Miller and Mavin pursuant to FRCP Rules 4(j)(2)(A) & 4(j)(2)(B) by delivering a copy of the Summonses and Complaints to its (the West Virginia State Police) Chief Executive Officer/Superintendent at the designated address of WVSP

Headquarters, 725 Jefferson Road, South Charleston, WV 25309-1698." (Id., p. 11.) Finally, Plaintiffs contend that notwithstanding their "further attempts to serve Miller and Mavin, despite being properly served in the first instance, Plaintiffs' claim for relief against Defendants Miller and Mavin easily survives Defendants' Motion to Dismiss." (Id., pp. 11 - 14.)

As Exhibits, Plaintiffs attach the following: (1) A copy of "Defendants T.S. Pack, J.C. Long, R.J. Jackson, J.R. Baker, C.M. Wade, and P.H. Shrewsbury's Answer to Plaintiffs' Second Amended Complaint" (Id., pp. 19 - 33.); (2) A copy of "Defendants T.S. Pack, J.C. Long, R.J. Jackson, J.R. Baker, C.M. Wade, and P.H. Shrewsbury's Answer to Plaintiffs' Third Amended Complaint" (Id., pp. 35 - 47.); (3) A copy of the Certified Mail Return Receipt card addressed to D.W. Miller indicating that delivery was refused (Id., p. 49.); (4) A copy of the Certified Mail Return Receipt card addressed to Robin Mavin indicating that delivery was refused (Id., p. 50.); (5) A copy of the 'State Agency Directory" for the West Virginia State Police" (Id., p. 52.); (6) A copy of the Certified Mail Return Receipt card addressed to D.W. Miller indicating that delivery accepted by him on May 22, 2012 (Id., p. 54.); (7) A copy of the Certified Mail Return Receipt card addressed to Robin Mavin indicating that delivery was accepted by Kelly Carson on May 22, 2012 (Id.); (8) A copy of the Docket Sheet (Id., p. 55.); and (8) A copy of a request from Ms. Mavin regarding whether Harry Deakins was a "wanted person" (Id., p. 57.).

Defendants filed their Reply on June 22, 2012. (Document No. 167.) First, Defendants contend that they are not estopped from demanding proper service. (Id., pp. 2 - 3.) Defendants Miller and Mavin argue that co-defendants' failure to demand that Rule 4 be strictly followed does not mean Defendants Miller and Mavin have waived the protections afforded them under Rule 4. (Id.) Second, Defendants assert that they have been sued in an individual capacity and they must be personally served. (Id., p. 3.) Defendants explain that Plaintiffs attempted to serve Defendants Miller and Mavin

4

by mailing a copy of the Summons and Complaint to them at the West Virginia State Police Headquarters in South Charleston, West Virginia. (Id., p. 1.) Defendants note that service was refused because Defendants Miller and Mavin do not work in South Charleston.[3] (Id.) Finally, Defendants contend that Plaintiffs' latest attempt at service was improper.[4] (Id., pp. 4 - 5.)

## THE STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009)(quoting Bell Atlantic Corporation v. Twombly, 550 U.S. 554, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although factual allegations must be accepted as true for purposes of a motion to dismiss, this principle does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 555, 127 S.Ct. at 1959. Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

---

[3] Defendants stated that "Plaintiffs were told where these new defendants could be served." (Document Nos. 167, p. 1 and Document No. 129.)

[4] The Court notes that Defendants Miller and Mavin have filed additional Motions to Dismiss regarding Plaintiffs' latest attempt to serve process. (Document Nos. 153 - 156.) Plaintiffs deadline for filing a response to Defendants' Motion has not yet expired. (Document Nos. 157 and 158.) Accordingly, the Court will address the merits of Defendants' Motions at a later date.

## **DISCUSSION**

When sufficiency of service is raised as a defense under Rule of Civil Procedure 12(b)(5), the plaintiff has the burden of establishing that service of process has been effectuated in conformity with Rule 4. See Wolfe v. Green, 660 F.Supp.2d 738, 750 (S.D.W.Va. 2009). When it is evident that a party has failed to accomplish service of process pursuant to Rule 4, dismissal is in order. Federal Rule of Civil Procedure 4(e) states how a party must serve a Summons and Complaint upon an individual within a judicial district of the United States as follows:

> **(e)** **Servicing an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual - - other than a minor, an incompetent person, or a person whose waiver has been filed - - may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> >
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> >
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court - - on motion or on its own after notice to the plaintiff - - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Defendants argue that service upon Defendants Miller and Mavin was improper and

6

ineffective because counsel had no authority to accept service on their behalf. (Document No. 143, pp. 2 - 5.) Defendants further note that "[t]here was no personal service," "[t]he summons and Third Amended Complaint were not left at these individuals' dwellings," and "[t]he clerk's office did not send the summons (restricted or otherwise) to these defendants at a proper address." (Id., pp. 4 - 5.)

Based upon a review of the record, it appears that Plaintiffs attempted to serve Defendants Miller and Mavin pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure. Rule 4(e)(1) provides that an individual may be served "by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Rule 4(d)(1) of the West Virginia Rules of Civil Procedure provide, in pertinent part, as follows:

> **(d)** **Manner of service.** Personal or substituted service shall be made in the following manner:
>
> (1) *Individuals*. Service upon an individual other than an infant, incompetent person, or convict may be made by:
>
> (A) Delivering a copy of the summons and complaint to the individual personally; or
> (B) Delivering a copy of the summons and complaint at the individual's dwelling place or usual place of abode to a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purport of the summons and complaint; or
> (C) Delivering a copy of the summons and complaint to an agent or attorney-in-fact authorized by appointment or statute to receive or accept service of the summons and complaint in the individual's behalf; or
> (D) The clerk sending a copy of the summons and complaint to the individual to be served by certified mail, return receipt requested, and delivery restricted to the addressee; or
> (E) The clerk sending a copy of the summons and complaint by first class mail, postage prepaid, to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 14 and a return envelope, postage prepaid, addressed to the clerk.

On February 9, 2012, Plaintiffs filed Certified Mail Return Receipt cards indicating that acceptance of the certified mail was refused as to Defendants Miller and Mavin. (Document Nos. 100 and 101.) The Return Receipt cards reveal that Plaintiffs attempted service upon Defendants Miller and Mavin by addressing the certified mail to their attention at the West Virginia State Police Headquarters in South Charleston, West Virginia. (Id.) The Return Receipt cards exhibit that the certified mail was refused. (Id.) Defendants state that the certified mail was refused because Defendants Miller and Mavin do not work at the West Virginia State Police Headquarters located in South Charleston. Defendant further provided Plaintiffs with the proper address for service. Plaintiffs, however, appear to allege that Defendants Miller and Mavin are improperly refusing to accept service by certified mail. To effectuate personal service by certified mail, the clerk must send "a copy of the summons and complaint to the individual to be served by certified mail, return receipt requested, and delivery restricted to the addressee." W. Va. R. Civ. Pro. Rule 4(d)(1)(D). Although Plaintiffs attempted service by certified mail, service was refused because Defendants Miller and Mavin were not located at the South Charleston address. The Court notes that it is Plaintiffs' responsibility to provide the Clerk with the proper address. Furthermore, Plaintiffs' argument that service was proper upon Defendants Miller and Mavin because co-defendants accepted service by certified mailed addressed to the West Virginia State Police Headquarters in South Charleston is without merit. Defendants Miller and Mavin may demand proper service and are not estopped from demanding proper service based upon conduct of co-defendants. Based on the foregoing, it is evident in the record that Plaintiffs did not comply with Rule 4(d)(1)(D) of the West Virginia Rules of Civil Procedure in attempting to serve Defendants Miller and Mavin by certified mail because they did not restrict delivery and delivery was not accepted by Defendants. (Document Nos. 100 and 101.)

On April 26, 2012, Plaintiffs filed Certified Mail Return Receipt cards as evidence that they accomplished service upon Defendants Miller and Mavin. (Document Nos. 134 and 135.) The Return Receipt cards reveal that Plaintiffs attempted service upon Defendants Miller and Mavin by addressing the certified mail to the law office of Steptoe and Johnson with attention to Michael D. Mullins. (Document Nos. 134 and 135.) Mr. Mullins represents to the Court that Defendants Miller and Mavin never conferred authority for him to accept service on their behalf. (Document No. 143, p. 4.) Plaintiffs conclusory claim that Mr. Mullins is obviously a person authorized to receive service of process because he is "D.W. Miller's and Robin Mavin's attorney-of-record" is incorrect.[5] (Document No. 142-1, p. 5.) The mere fact that a party is represented by counsel does not necessarily mean that the attorney has been authorized to accept service of process. See McClay & Mountain Top Realty, Inc. v. Mid-Atl. Country Magazine, 190 W.Va. 42, 435 S.E.2d 180, 182-83 (1993)(stating that a party's attorney is not necessarily empowered to accept service); also see Leach v. BB&T Corp., 232 F.R.D. 545, 551 (N.D.W.Va. 2005)("[A] party does not waive his right to service of process whenever an attorney appears on his behalf."); Roden v. Diah, 2008 WL 5334309, * 6 (W.D.Va. Dec. 19, 2008)("[T]he attorney-client relationship, standing alone, does not establish that an attorney is an agent authorized to accept service on behalf of his client."); Davies v. Jobs & Adverts Online, 94 F.Supp.2d 719, 722 (E.D.Va. 2000)("[T]he mere relationship between a defendant and his attorney does not, in itself, convey authority to accept service."). Based on the foregoing, it

---

[5] Even assuming that defense counsel had authority to accept service, the Court finds that Plaintiffs failed to comply with Rule 4(d)(1)(C). Specifically, Rule 4(d)(1)(C) requires the summons and complaint be "delivered" upon the attorney-in-fact. *See Wolfe v. Green*, 660 F.Supp.2d 738, 747 (S.D.W.Va. 2009)("Because Rule 4(d)(1)(C), governing service upon a defendant's authorized agent or attorney-in-fact, explicitly requires 'delivery,' it cannot be said that the rule contemplates such service by mail.") In the instant case, Plaintiffs attempted service of process upon defense counsel by certified mail, not delivery.

is evident in the record that Plaintiffs did not comply with the foregoing rules in attempting to serve Defendants Miller and Mavin because Mr. Mullins was not an attorney-in-fact authorized to accept service of process. The undersigned, therefore, finds that Plaintiffs' attempted service on April 20, 2012 (Document Nos. 134 and 135.) did not effectuate service of process upon Defendants Miller and Mavin. The undersign notes that Plaintiffs are proceeding *pro se* and, therefore finds good cause[6] to extend the time for service of Defendants Miller and Mavin until September 1, 2012.[7] Accordingly, Defendants Miller and Mavin's Motion to Dismiss should be denied as premature and their Motion to Quash Service concerning the attempted service occurring on April 20, 2012 (Document Nos. 134 and 135.) should be granted.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **GRANT in part and DENY in part** Defendants' "Motion to Dismiss or, in the Alternative, Motion to Quash Service" (Document No. 142.). Specifically, it is recommended that the District Court **DENY as premature** Defendants' Motion to Dismiss and **GRANT** Defendants'

---

[6] Federal Rule of Civil Procedure 4(m) provides as follows:

If a defendant is not served within 120 days after the complaint is filed, the court - - on motion or on its own after notice to the plaintiff - - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

[7] By Order entered on June 27, 2012, United States District Judge Irene C. Berger granted Plaintiffs' "Motion for Stay of Proceedings, or in the Alternative, Motion to Modify Scheduling Order." (Document No. 169.)

Motion to Quash Service.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiffs, who are acting *pro se*, and transmit a copy to counsel of record.

Date: June 28, 2012.

R. Clarke VanDervort
United States Magistrate Judge