### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### BLUEFIELD DIVISION

| | |
|---|---|
| **HARRY E. DEAKINS,** *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **Civil Action No. 1:10-1396** |
| ) | |
| **T.S. PACK,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are the following Motions: (1) "David W. Miller's Motion to Dismiss" (Document No. 153.), filed on June 12, 2012; (2) "Robin Mavin's Renewed Motion to Dismiss, or in the Alternative, Motion to Quash Service" (Document No. 155.), also filed on June 12, 2012; and (3) Plaintiffs' "Motion for Entry of Default Judgment" (Document No. 160.), filed on June 15, 2012. The Court notified Plaintiffs pursuant to Roseboro v. Garrison, 528 F.2d 304 (4th Cir. 1975), that Plaintiffs had the right to file a response to Mr. Miller and Ms. Mavin's Motions and submit Affidavit(s) or statements and/or other legal or factual material supporting their claims as they are challenged by Mr. Miller and Ms. Mavin in moving to dismiss. (Document Nos. 157 and 158.) On June 29, 2012, Plaintiffs filed their Response in Opposition to Ms. Mavin's Motion.[1] (Document No. 172.) On July 13, 2012, Plaintiffs filed their Response in Opposition to Mr. Miller's Motion. (Document No. 174.) Having conducted a thorough examination of the record, the undersigned has determined and hereby respectfully recommends that Mr. Miller's Motion to Dismiss (Document No. 153.) should be granted, Ms. Mavin's "Renewed Motion to Dismiss, or in

---

[1] Because Plaintiffs are acting *pro se*, the documents which they have filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

the Alternative, Motion to Quash Service" (Document No. 155.) should be granted, and Plaintiffs' "Motion for Entry of Default Judgment" (Document No. 160.) should be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 18, 2011, Plaintiffs filed a "Motion for Leave to File Third Amended Complaint" (Document No. 60.). In support of their Motion, Plaintiffs stated that an amendment was necessary "(1) to facilitate the identification of three Doe Defendants, previously stated as John and Jane Does 1-10 in 'Plaintiffs Second Amended Complaint' under 'Parties,' Paragraph No. 12; as we [Plaintiffs] have ascertained their true identities;[2] and (2) to correct errors." (Id., p. 1.) Plaintiffs attached a copy of their "Third Amended Complaint" as an Exhibit. (Id., pp. 5 - 28.) By Order entered on January 25, 2012, the Court granted Plaintiffs' "Motion for Leave to File Third Amended Complaint" (Document No. 60.), directed the Clerk to issue Summonses for the Defendants, and directed Plaintiffs to serve the Summonses and Complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure. (Document No. 89.) The Clerk issued Summonses for Defendants on January 26, 2012. (Document No. 91.) On April 20, 2012, the Summons and Complaint for Defendants Mavin and Miller were delivered by certified mail to the law office of Steptoe and Johnson. (Document Nos. 134 and 135.)

On May 11, 2012, Robin Mavin and D.W. Miller filed a "Motion to Dismiss or, in the Alternative, Motion to Quash Service" and Memorandum in Support. (Document Nos. 142 and 143.) Ms. Mavin and Mr. Miller argued that service upon them was improper and ineffective because

---

[2] In their Third Amended Complaint, Plaintiffs name the following as Defendants: (1) T.S. Pack, Superintendent of the West Virginia State Police; (2) J.C. Long, West Virginia State Trooper; (3) R.J. Jackson, West Virginia State Trooper; (4) J.R. Baker, West Virginia State Trooper; (5) C.M. Wade, West Virginia State Trooper; (6) P.H. Shrewsbury, West Virginia State Trooper; (7) D.B. Rogers, West Virginia State Trooper and Assistant Detachment Commander; (8) D.W. Miller, West Virginia State Trooper; (9) Robin Mavin, West Virginia State Police Telecommunicator; (10) John and Jane Does 1-7. (Document No. 60, pp. 7 - 8.)

counsel had no authority to accept service on their behalf. (Document No. 143, pp. 2 - 5.) Ms. Mavin and Mr. Miller further noted that "[t]here was no personal service," "[t]he summons and Third Amended Complaint were not left at these individuals' dwellings," and "[t]he clerk's office did not send the summons (restricted or otherwise) to these defendants at a proper address." (Id., pp. 4 - 5.) Accordingly, Ms. Mavin and Mr. Miller claimed that they should be dismissed from the this case, or in the alternative, "this Court should order that the purported service of process as to Mr. Miller and Ms. Mavin be quashed and that Plaintiffs properly comply with Rule 4's service requirements." (Id., p. 6.)

Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiffs on May 14, 2012, advising them of the right to file a response to the Ms. Mavin and Mr. Miller's Motion to Dismiss. (Document No. 144.)

On June 12, 2012, David W. Miller filed a Motion to Dismiss and Memorandum in Support. (Document Nos. 153 and 154.) David Miller first argues that he should be dismissed because "Plaintiffs have served the wrong person" and "the allegations as to Mr. Miller are demonstrably false." (Document No. 154, pp. 5 - 6.) David Miller explains that he "is not the D.W. Miller described in the Third Amended Complaint." (Id., p. 5.) David Miller states that "he is a civil forensic analyst who has never worked at the Princeton Detachment" and "he does not know who Plaintiffs are." (Id.) Thus, David Miller contends that the "Third Amended Complaint fails to state claim against Mr. Miller." (Id., pp. 6 - 7.)

As Exhibits, David Miller attaches the following: (1) A copy of the Certified Mail Return Receipt card addressed to D.W. Miller indicating that delivery accepted by David W. Miller on May 22, 2012 (Document No. 153-1, p. 2.); and (2) A copy of David W. Miller's Affidavit (Id., p. 4.)

Also on June 12, 2012, Ms. Mavin filed a "Renewed Motion to Dismiss, or in the Alternative,

3

Motion to Quash Service" and Memorandum in Support. (Document Nos. 155 and 156.) First, Ms. Mavin argues that she "was improperly served and should be dismissed." (Document No. 156, p. 4.) Ms. Mavin states that Plaintiffs "again mailed the summons and Third Amended Complaint to Ms. Mavin at the address of the WVSP Headquarters in South Charleston." (Id., p. 3.) Ms. Mavin explains that there was no personal service because the summons and Third Amended Complaint were not left at her dwelling, "the clerk's office did not send the summons (restricted or otherwise) to Ms. Mavin at a proper address, and "there is no evidence that anyone was authorized to accept service of process on behalf of Ms. Mavin." (Id.) Ms. Mavin requests that "even if this Court declines to dismiss Ms. Mavin from this case, it should still quash any alleged service of process as to her." (Id., pp. 5 - 6.)

As Exhibits, Ms. Mavin attaches the following: (1) A copy of the Certified Mail Return Receipt card addressed to D.W. Miller indicating that delivery was accepted by David W. Miller on May 22, 2012 (Document No. 155-1.); and (2) A copy of the Certified Mail Return Receipt card addressed to Robin Mavin indicating that delivery was accepted by Kelly Carson on May 22, 2012 (Id.).

Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiffs on June 13, 2012, advising them of the right to file a response to Mr. Miller and Ms. Mavin's Motions to Dismiss. (Document Nos. 157 and 158.)

On June 15, 2012, Plaintiff's filed their "Motion for Entry of Default Judgment." (Document No. 160.) Plaintiffs request that "default be entered against Defendants D.W. Miller and Robin Mavin, pursuant to the Federal Rules of Civil Procedure 55(b)." (Id.) As Exhibits, Plaintiffs attach the following: (1) A copy of the Certified Mail Return Receipt card addressed to D.W. Miller indicating that delivery was accepted by David W. Miller on May 22, 2012 (Id., 4.); and (2) A copy of the Certified Mail Return Receipt card addressed to Robin Mavin indicating that delivery was

accepted by Kelly Carson on May 22, 2012 (Id.)

Also on June 15, 2012, Plaintiffs filed their "Response to Defendants' Motion to Dismiss." (Document No. 163.) First, Plaintiffs argued that "Defendant's acceptance of service of Plaintiffs' Second Amended Complaint establishes precedent of proper service of process by certified mail, return receipt and restricted to addressee perfected by the Clerk, which was accepted by agent at Headquarters of the West Virginia State Police, 725 Jefferson Road, South Charleston, West Virginia 25309-1698 through the CM/ECF System and by knowledge subsequent thereof, by Michael D. Mullins, lead attorney to be noticed." (Id., pp. 2 - 3.) Second, Plaintiffs asserted that "Defendants Miller and Mavin, along with the West Virginia State Police and their agents improperly refused service of process/summonses of Plaintiffs' Third Amended Complaint and failed to answer within 21 days of service, while at the same time, answering for all other defendants that accepted service of summonses by the same process/procedure." (Id., pp. 4 - 10.) Third, Plaintiffs claimed "[t]he United States District Court Clerks of the Southern District of West Virginia at Bluefield, did properly effectuate service of process upon both Defendants Miller and Mavin pursuant to FRCP Rules 4(j)(2)(A) & 4(j)(2)(B) by delivering a copy of the Summonses and Complaints to its (the West Virginia State Police) Chief Executive Officer/Superintendent at the designated address of WVSP Headquarters, 725 Jefferson Road, South Charleston, WV 25309-1698." (Id., p. 11.) Finally, Plaintiffs contended that notwithstanding their "further attempts to serve Miller and Mavin, despite being properly served in the first instance, Plaintiffs' claim for relief against Defendants Miller and Mavin easily survives Defendants' Motion to Dismiss." (Id., pp. 11 - 14.)

Ms. Mavin and Mr. Miller filed their Reply on June 22, 2012. (Document No. 167.) First, Ms. Mavin and Mr. Miller contended that they are not estopped from demanding proper service. (Id., pp. 2 - 3.) Mr. Miller and Mavin argued that co-defendants' failure to demand that Rule 4 be strictly

followed does not mean they have waived the protections afforded them under Rule 4. (Id.) Second, Ms. Mavin and Mr. Miller asserted that they have been sued in an individual capacity and they must be personally served. (Id., p. 3.) Ms. Mavin and Mr. Miller explained that Plaintiffs attempted to serve them by mailing a copy of the Summons and Complaint to them at the West Virginia State Police Headquarters in South Charleston, West Virginia. (Id., p. 1.) Ms. Mavin and Mr. Miller noted that service was refused because they do not work in South Charleston.[3] (Id.) Finally, Ms. Mavin and Mr. Miller contended that Plaintiffs' latest attempt at service was improper. (Id., pp. 4 - 5.)

Also on June 22, 2012, Plaintiffs filed a "Motion for Stay of Proceedings, or in the Alternative, Motion to Modify Scheduling Order." (Document No. 166.) Plaintiffs requested that the case be stayed for a period of four months, or the Scheduling Order deadlines be extended for a period of four months, "so that Plaintiff Harry E. Deakins Sr. can recuperate and rehabilitate from open heart surgery." (Id.) By "First Amended Scheduling Order" entered on June 27, 2012, United States District Judge Irene C. Berger granted Plaintiffs' "Motion for Stay of Proceedings, or in the Alternative, Motion to Modify Scheduling Order" (Document No. 166.) and amended the Scheduling Order. (Document No. 169.)

By Proposed Findings and Recommendation entered on June 28, 2012, the undersigned recommended that "the District Court **GRANT in part and DENY in part** Defendants' "Motion to Dismiss or, in the Alternative, Motion to Quash Service" (Document No. 142.). Specifically, it is recommended that the District Court **DENY as premature** Defendants' Motion to Dismiss and **GRANT** Defendants' Motion to Quash Service." (Document No. 170.)

On June 29, 2012, Ms. Mavin and Mr. Miller filed their Response in Opposition to Plaintiff's

---

[3] Defendants stated that "Plaintiffs were told where these new defendants could be served." (Document Nos. 167, p. 1 and Document No. 129.)

Motion for Entry of Default Judgment. (Document No. 171.) Ms. Mavin and Mr. Miller argue that there are no grounds for an entry of default against them because "they timely filed responsive pleadings." (Id., pp. 3 - 4.) Ms. Mavin states that she "filed a second motion to dismiss (again) claiming that Plaintiffs failed to comply with Rule 4." (Id., p. 3.) David Miller filed a motion to dismiss claiming that he is not the correct D.W. Miller. (Id.) Accordingly, Ms. Mavin and Mr. Miller argue that Plaintiffs' Motion for Entry of Default should be denied. (Id., p. 4.)

Also on June 29, 2012, Plaintiffs filed their "Renewed Response in Opposition to Defendant Robin Mavin's Renewed Motion to Dismiss, or in the Alternative, Plaintiffs' Renewed Response in Opposition to Defendant Robin Mavin's Motion to Quash Service." (Document No. 172.) First, Plaintiffs argue that "Defendant's acceptance of service of Plaintiffs' Second Amended Complaint establishes precedent of proper service of process by certified mail, return receipt and restricted to addressee perfected by the Clerk, which was accepted by agent at Headquarters of the West Virginia State Police, 725 Jefferson Road, South Charleston, West Virginia 25309-1698 through the CM/ECF System and by knowledge subsequent thereof, by Michael D. Mullins, lead attorney to be noticed." (Id., pp. 3 - 5.) Second, Plaintiffs assert that "Defendants Miller and Mavin, along with the West Virginia State Police and their agents improperly refused service of process/summonses of Plaintiffs' Third Amended Complaint and failed to answer within 21 days of service, while at the same time, answering for all other defendants that accepted service of summonses by the same process/procedure." (Id., pp. 5 - 13.) Third, Plaintiffs claim "[t]he United States District Court Clerks of the Southern District of West Virginia at Bluefield, did properly effectuate service of process upon both Defendants Miller and Mavin pursuant to FRCP Rules 4(j)(2)(A) & 4(j)(2)(B) by delivering a copy of the Summonses and Complaints to its (the West Virginia State Police) Chief Executive Officer/Superintendent at the designated address of WVSP Headquarters, 725 Jefferson Road, South

7

Charleston, WV 25309-1698." (Id., p. 13.) Finally, Plaintiffs contend that notwithstanding their "further attempts to serve Miller and Mavin, despite being properly served in the first instance, Plaintiffs' claim for relief against Defendants Miller and Mavin easily survives Defendants' Motion to Dismiss." (Id., pp. 13 - 18.)

As Exhibits, Plaintiffs attach the following: (1) A copy of "Defendants T.S. Pack, J.C. Long, R.J. Jackson, J.R. Baker, C.M. Wade, and P.H. Shrewsbury's Answer to Plaintiffs' Second Amended Complaint" (Document No. 172-1.); (2) A copy of "Defendants T.S. Pack, J.C. Long, R.J. Jackson, J.R. Baker, C.M. Wade, and P.H. Shrewsbury's Answer to Plaintiffs' Third Amended Complaint" (Document No. 172-2.); (3) A copy of the Certified Mail Return Receipt card addressed to D.W. Miller indicating that delivery was refused (Document No. 172-3, p. 2.); (4) A copy of the Certified Mail Return Receipt card addressed to Robin Mavin indicating that delivery was refused (Id., p. 3.); (5) A copy of the 'State Agency Directory" for the West Virginia State Police" (Id., p. 5 and 12.); (6) A copy of the Certified Mail Return Receipt card addressed to D.W. Miller indicating that delivery accepted by David W. Miller on May 22, 2012 (Id., p. 7.); (7) A copy of the Certified Mail Return Receipt card addressed to Robin Mavin indicating that delivery was accepted by Kelly Carson on May 22, 2012 (Id.); (8) A copy of the Docket Sheet (Id., p. 8.); and (8) A copy of a request from Ms. Mavin regarding whether Harry Deakins was a "wanted person" (Id., p. 10.).

On July 6, 2012, Ms. Mavin filed her Reply. (Document No. 173.) First, Ms. Mavin contends she is not estopped from demanding proper service. (Id., pp. 2 - 3.) Ms. Mavin argues that co-defendants' failure to demand that Rule 4 be strictly followed does not mean she has waived the protections afforded her under Rule 4. (Id.) Second, Ms. Mavin asserts she has been sued in an individual capacity and she must be personally served. (Id., p. 3.) Ms. Mavin explains that Plaintiffs attempted to serve her on February 9, 2012, by mailing a copy of the Summons and Complaint to the

8

West Virginia State Police Headquarters in South Charleston, West Virginia. (Id., p. 1.) Ms. Mavin notes that service was refused because she does not work in South Charleston.[4] (Id.) Finally, Ms. Mavin contends that Plaintiffs' latest attempt at service was improper. (Id., p. 5.) Ms. Mavin explains that Plaintiffs attempted to serve her on May 22, 2012, by mailing a copy of the Summons and Complaint to the West Virginia State Police Headquarters in South Charleston, West Virginia. (Id.) The Certified Mail Return Receipt card addressed to Ms. Mavin indicates that delivery was accepted by Kelly Carson. (Id.) Ms. Mavin, however, argues that "she does not work in South Charleston, she did not sign for the service of process, and neither the undersigned counsel nor the WVSP were given authority to accept service on her behalf as an individual defendant." (Id.)

On July 13, 2012, Plaintiffs filed their "Response in Opposition to Defendant David Miller's Motion to Dismiss." (Document No. 174.) First, Plaintiffs argue that they have "until September 1, 2012, in which to properly serve Defendant David W. Miller, by previous Order of the Court." (Id., pp. 1 - 2.) Next, Plaintiffs acknowledge that they "have yet to properly serve Defendant Miller." (Id., pp. 2 -3.) Plaintiffs claim that "[s]ince Defendant Miller has not been properly served with Plaintiffs' Third Amended Complaint and Summons, all of the Defendant Counsels' legal arguments attaching the sufficiency of said Complaint are without merit." (Id., p. 3.) As an Exhibit, Plaintiffs attach a copy of the undersigned Proposed Findings and Recommendation dated June 28, 2012. (Id., pp. 7 - 17.)

On July 18, 2012, David Miller filed his "Reply to Plaintiffs' Response." (Document No.

---

[4] By Proposed Findings and Recommendation entered on June 28, 2012, the undersigned determined that Plaintiffs attempted service on February 9, 2012, was inadequate as Plaintiffs did not comply with Rule 4(d)(1)(D) of the West Virginia Rules of Civil Procedure in attempting to serve Ms. Mavin by certified mail because Plaintiffs did not restrict delivery and delivery was not accepted by Ms. Mavin. (Document No. 170, p. 8.)

175.) David Miller argues that his Motion to Dismiss is not premature based upon the undersigned Proposed Findings and Recommendation. (Id., pp. 2 -3.) David Miller explains that the extension of "time for proper service of process of D.W. Miller and Robin Mavin" has "nothing to do with Mr. Miller's Motion." (Id., p. 3.) Specifically, David Miller argues that his "Motion only deals with whether the Third Amended Complaint states a claim against" him. (Id.) David Miller states that "[w]hile the Third Amended Complaint claims that D.W. Miller is a WVSP trooper who works in Princeton, West Virginia, it is abundantly clear that Mr. Miller is a civilian employee, does not work in Princeton, is not the D.W. Miller complained of in the Third Amended Complaint, and he has never had any involvement with Plaintiffs." (Id., pp. 3 - 4.) David Miller argues that "[w]hile proclaiming that they should get additional time to serve D.W. Miller, Plaintiffs' Response does not contest – in any way whatsoever – a single factual or legal assertion contained in Mr. Miller's Motion." (Id., p. 4.)

By Memorandum Opinion and Order entered on July 19, 2012, District Judge Berger adopted the undersigned's recommendation and ordered "that the Motion to Dismiss, or in the Alternative, Motion to Quash Service, By Robin Mavin and D.W. Miller (Document 142) be **GRANTED in part and DENIED in part**. Specifically, the Defendants' Motion is denied to the extent they move to dismiss and granted to the extent they seek to quash service." (Id., p. 2.) The District Court further ordered "that the time for service of Defendants Mavin and Miller be **EXTENDED** until **September 1, 2012**." (Id.)

## THE STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129

S. Ct. 1937, 173 L.Ed.2d 868 (2009)(quoting Bell Atlantic Corporation v. Twombly, 550 U.S. 554, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although factual allegations must be accepted as true for purposes of a motion to dismiss, this principle does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 555, 127 S.Ct. at 1959. Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

## **DISCUSSION**

**1.     Plaintiffs' Motion for Entry of Default Judgment.**

In their Motion, Plaintiffs request that "default be entered against Defendants D.W. Miller and Robin Mavin, pursuant to the Federal Rules of Civil Procedure 55(b)." (Document No. 160.) In Response, Ms. Mavin and Mr. Miller argue there are no grounds for an entry of default against them because "they timely filed responsive pleadings." (Document No. 171, pp. 3 - 4.) Rule 55(a) of the Federal Rules of Civil Procedure permits the entry of default judgment "[w]hen a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules . . .." Based upon a review of the record, the undersigned finds that Ms. Mavin and Mr. Miller did not default by failing to file responsive pleadings. On June 12, 2012, David Miller filed a Motion to Dismiss (Document No. 153.) and Ms. Mavin filed a "Renewed Motion to Dismiss, or in the Alternative, Motion to Quash Service" (Document No. 155.). Accordingly, Plaintiffs' "Motion for

Entry of Default Judgment" (Document No. 160.) should be denied.

**2.      David Miller's Motion to Dismiss:**

In his Motion, David Miller argues that he should be dismissed because "Plaintiffs have served the wrong person" and "the allegations as to Mr. Miller are demonstrably false." (Document No. 154, pp. 5 - 6.) David Miller explains that he "is not the D.W. Miller described in the Third Amended Complaint." (Id., p. 5.) David Miller states that "he is a civil forensic analyst who has never worked at the Princeton Detachment" and "he does not know who Plaintiffs are." (Id.) Thus, David Miller contends that the "Third Amended Complaint fails to state claim against [him]." (Id., pp. 6 - 7.)

In Response, Plaintiffs argue that David Miller's Motion is premature because Plaintiffs have "until September 1, 2012, in which to properly serve Defendant David W. Miller, by previous Order of the Court." (Document No. 174, pp. 1 - 2.) Plaintiffs, however, acknowledge that they "have yet to properly serve Defendant Miller." (Id., pp. 2 -3.) Plaintiffs claim that "[s]ince Defendant Miller has not been properly served with Plaintiffs' Third Amended Complaint and Summons, all of the Defendant Counsels' legal arguments attaching the sufficiency of said Complaint are without merit." (Id., p. 3.)

In Reply, David Miller argues that his Motion to Dismiss is not premature based upon the undersigned's Proposed Findings and Recommendation. (Document No. 175, pp. 2 - 3.) David Miller explains that the extension of time for proper service of process of D.W. Miller has nothing to do with David Miller's Motion. (Id., p. 3.) Specifically, David Miller argues that his "Motion only deals with whether the Third Amended Complaint states a claim against" him. (Id.) David Miller further contends that "Plaintiffs' Response does not contest – in any way whatsoever – a single factual or legal assertion contained in Mr. Miller's Motion." (Id., p. 4.)

12

Based upon a review of the record, the undersigned finds that David Miller's Motion to Dismiss should be granted. David Miller argues that he is not the D.W. Miller described in the Third Amended Complaint. Although David Miller has the same initials as the D.W. Miller described in the Third Amended Complaint, he states that Plaintiffs served the wrong individual. In his Affidavit, David Miller states follows:

> My name is David W. Miller and I am a Forensic Analyst for the West Virginia State Police. I signed this card on this date because the certified mail was address to D.W. Miller, WVSP c/o The Superintendent of the WVSP.
> I am not a Sergeant in the West Virginia State Police, or a West Virginia State Police Trooper. I have never been stationed in Princeton, West Virginia. Further, I do not know nor do I have any knowledge of Harry or Kay Deakins.

(Document No. 153-1, p. 4.) In their Response, Plaintiffs do not dispute that they served the wrong individual or contend that their Third Amended Complaint asserts allegations against David Miller. (Document No. 173.) Plaintiffs appear to acknowledge that they have not served the correct D.W. Miller, but contend that they have until September 1, 2012, to do so. (Id., pp. 2 - 3.) Based on the foregoing, the undersigned finds that David Miller's Motion to Dismiss (Document No. 153.) should be granted because Plaintiffs served the wrong individual and the Third Amended Complaint fails to state a claim against him.

**3.    Ms. Mavin's "Renewed Motion to Dismiss, or in the Alternative, Motion to Quash Service."**

When sufficiency of service is raised as a defense under Rule of Civil Procedure 12(b)(5), the plaintiff has the burden of establishing that service of process has been effectuated in conformity with Rule 4. See Wolfe v. Green, 660 F.Supp.2d 738, 750 (S.D.W.Va. 2009). When it is evident that a party has failed to accomplish service of process pursuant to Rule 4, dismissal is in order. Federal Rule of Civil Procedure 4(e) states how a party must serve a Summons and Complaint upon an individual within a judicial district of the United States as follows:

13

> **(e)** **Servicing an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual - - other than a minor, an incompetent person, or a person whose waiver has been filed - - may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court - - on motion or on its own after notice to the plaintiff - - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Ms. Mavin argues that the service attempted on May 22, 2012, was improper and ineffective because Kelly Carson had no authority to accept service on her behalf. (Document No. 156, pp. 4 - 5.) Ms. Mavin further notes that "[t]here was no personal service," "[t]he summons and Third Amended Complaint were not left at the individual's dwelling," and "[t]he clerk's office did not send the summons (restricted or otherwise) to Ms. Mavin at a proper address." (Id., pp. 4 - 5.)

Based upon a review of the record, it appears that Plaintiffs attempted to serve Ms. Mavin pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure. Rule 4(e)(1) provides that an individual may be served "by following state law for serving a summons in an action brought in

14

courts of general jurisdiction in the state where the district court is located or where service is made."

Rule 4(d)(1) of the West Virginia Rules of Civil Procedure provide, in pertinent part, as follows:

> **(d)** **Manner of service.** Personal or substituted service shall be made in the following manner:
>
> (1) *Individuals*. Service upon an individual other than an infant, incompetent person, or convict may be made by:
>
> > (A) Delivering a copy of the summons and complaint to the individual personally; or
> > (B) Delivering a copy of the summons and complaint at the individual's dwelling place or usual place of abode to a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purport of the summons and complaint; or
> > (C) Delivering a copy of the summons and complaint to an agent or attorney-in-fact authorized by appointment or statute to receive or accept service of the summons and complaint in the individual's behalf; or
> > (D) The clerk sending a copy of the summons and complaint to the individual to be served by certified mail, return receipt requested, and delivery restricted to the addressee; or
> > (E) The clerk sending a copy of the summons and complaint by first class mail, postage prepaid, to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 14 and a return envelope, postage prepaid, addressed to the clerk.

On May 24, 2012, Plaintiffs filed a Certified Mail Return Receipt card addressed to Robin Mavin indicating that delivery was accepted by Kelly Carson on May 22, 2012 (Document No. 149.) The Return Receipt card reveals that Plaintiffs attempted service upon Ms. Mavin by addressing the certified mail to her attention at the West Virginia State Police Headquarters in South Charleston, West Virginia. (Id.) To effectuate personal service by certified mail, the clerk must send "a copy of the summons and complaint to the individual to be served by certified mail, return receipt requested, and delivery restricted to the addressee."W. Va. R. Civ. Pro. Rule 4(d)(1)(D). The Return Receipt card, however, clearly shows that Plaintiffs did not request restricted delivery and the individual who

15

signed for the certified mail was not Ms. Mavin. The Return Receipt card reveals that delivery was accepted by Kelly Carson. Based on the foregoing, it is evident in the record that Plaintiffs did not comply with Rule 4(d)(1)(D) of the West Virginia Rules of Civil Procedure in attempting to serve Ms. Mavin by certified mail because they did restrict delivery and delivery was not accepted by Ms. Mavin.

Plaintiffs appear to contend that service was proper because Ms. Carson was acting as Ms. Mavin's agent. Ms. Mavin, however, states that she never conferred authority for Ms. Carson to accept service on her behalf. The undersigned first finds that Plaintiffs offer no evidence to support their conclusory claim that Ms. Carson was acting as Ms. Mavin's agent. Even assuming that Ms. Carson had authority to accept service, the Court finds that Plaintiffs failed to comply with Rule 4(d)(1)(C). Specifically, Rule 4(d)(1)(C) requires the summons and complaint be "delivered" upon the agent or attorney-in-fact. See Wolfe v. Green, 660 F.Supp.2d 738, 747 (S.D.W.Va. 2009)("Because Rule 4(d)(1)(C), governing service upon a defendant's authorized agent or attorney-in-fact, explicitly requires 'delivery,' it cannot be said that the rule contemplates such service by mail.") In the instant case, Plaintiffs attempted service of process upon defense counsel by certified mail, not delivery. Thus, Plaintiffs didn't comply with the requirements of Rule 4(d)(1)(C) of the West Virginia Rules of Civil Procedure .

Finally, Plaintiffs' argument that service was proper upon Ms. Mavin because co-defendants accepted service by certified mailed addressed to the West Virginia State Police Headquarters in South Charleston is without merit. Ms. Mavin may demand proper service and is not estopped from demanding proper service based upon conduct of co-defendants. Based on the foregoing, it is evident in the record that Plaintiffs did not comply with Rule 4(d)(1)(C) or Rule 4(d)(1)(D) of the West

16

Virginia Rules of Civil Procedure in attempting to serve Ms. Mavin. (Document No. 149.) The undersigned, therefore, finds that Plaintiffs' attempted service on May 22, 2012 (Document No. 149.) did not effectuate service of process upon Ms. Mavin. Accordingly, Ms. Mavin's "Renewed Motion to Dismiss, or in the Alternative, Motion to Quash Service" (Document No. 155.) should be granted.[5]

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **GRANT** "David W. Miller's Motion to Dismiss" (Document No. 153.), **GRANT** "Robin Mavin's Renewed Motion to Dismiss, or in the Alternative, Motion to Quash Service" (Document No. 155.), and **DENY** Plaintiffs' "Motion for Entry of Default Judgment" (Document No. 160.).

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections

---

[5] Although Plaintiffs are proceeding *pro se*, the undersigned does not find good cause to extend the time for Plaintiffs to accomplish service upon Ms. Mavin or Mr. Miller pursuant to Rule 4(m) of the Federal Rule of Civil Procedure. By Proposed Findings and Recommendation entered on June 28, 2012, the undersigned adequately advised Plaintiffs of the law concerning proper service of process and recommended that the District Court grant Plaintiffs an extension of time until September 1, 2012, to accomplish service upon Ms. Mavin and Mr. Miller. By Memorandum Opinion and Order entered on July 19, 2012, District Judge Berger ordered that the time for service of Ms. Mavin and Mr. Miller be extended until September 1, 2012. (Document No. 176.) Accordingly, the undersigned finds no good cause for a further extension of time.

identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiffs, who are acting *pro se*, and transmit a copy to counsel of record.

Date: September 6, 2012.

R. Clarke VanDervort
United States Magistrate Judge