## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## BLUEFIELD DIVISION

| | | |
|---|---|---|
| **HARRY E. DEAKINS,** *et al.***,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 1:10-1396** |
| | ) | |
| **T.S. PACK,** *et al.***,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>PROPOSED FINDINGS AND RECOMMENDATION</u>

Pending before the Court are the following Motions: (1) "Defendants' Motion for Partial Summary Judgment Against Harry Deakins" (Document No. 179.), filed on November 5, 2012; and (2) "Defendants' Motion for Summary Judgment Against Kay Deakins" (Document No. 181.), also filed on November 5, 2012. The Court notified Plaintiffs pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 304 (4th Cir. 1975), that Plaintiffs had the right to file a response to Defendants' Motions and submit Affidavit(s) or statements and/or other legal or factual material supporting their claims as they are challenged by Defendants in moving to dismiss. (Document Nos. 183 and 184.) On November 19, 2012, Plaintiff Harry Deakins filed his Response in Opposition. (Document No. 186.) On December 19, 2012, Plaintiff Kay Deakins filed her Response in Opposition. (Document No. 189.) On November 27, 2012, and December 28, 2012, Defendants filed their Replies. (Document Nos. 188 and 190.) Having conducted a thorough examination of the record, the undersigned has determined and hereby respectfully recommends that "Defendants' Motion for Partial Summary Judgment Against Harry Deakins" (Document No. 179.) should be granted in part and denied in part and "Defendants' Motion for Summary Judgment Against Kay Deakins" (Document No. 181.) should be granted in part and denied in part.

## <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

On December 21, 2010, Plaintiffs filed their Complaint. (Document No. 1.) Plaintiffs filed their First Amended Complaint on December 28, 2010. (Document No. 7.) On January 3, 2011, Plaintiffs filed their Second Amended Complaint. (Document No. 11.) On August 18, 2011, Plaintiffs filed a "Motion for Leave to File Third Amended Complaint" (Document No. 60.). In support of their Motion, Plaintiffs stated that an amendment was necessary "(1) to facilitate the identification of three Doe Defendants, previously stated as John and Jane Does 1-10 in 'Plaintiffs Second Amended Complaint' under 'Parties,' Paragraph No. 12; as we [Plaintiffs] have ascertained their true identities;[1] and (2) to correct errors." (<u>Id.</u>, p. 1.) Plaintiffs attached a copy of their "Third Amended Complaint" as an Exhibit. (<u>Id.</u>, pp. 5 - 28.)

In their Third Amended Complaint ["TAC"], Plaintiffs allege that Defendants violated "their rights guaranteed by the United States Constitution, specifically the Fourth, Fifth, and Fourteenth Amendments, which rights are further secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1983, 1985, and 1988, by the laws/codes, and under West Virginia common law and the Constitution of the State of West Virginia, specifically Article III, Section 1, 6, and 10." (<u>Id.</u>) Specifically, Plaintiffs state that "[t]his civil rights action arises out of the Defendants' unreasonable/unlawful search and seizure, excessive force/violence [brutalization], unreasonable force, assault and battery of the plaintiff's on or about April 22, 2010, in addition to the false arrest of Plaintiff Kay F. Deakins, in

---

[1]  In their Third Amended Complaint, Plaintiffs name the following as Defendants: (1) T.S. Pack, Superintendent of the West Virginia State Police; (2) J.C. Long, West Virginia State Trooper; (3) R.J. Jackson, West Virginia State Trooper; (4) J.R. Baker, West Virginia State Trooper; (5) C.M. Wade, West Virginia State Trooper; (6) P.H. Shrewsbury, West Virginia State Trooper; (7) D.B. Rogers, West Virginia State Trooper and Assistant Detachment Commander; (8) D.W. Miller, West Virginia State Trooper; (9) Robin Mavin, West Virginia State Police Telecommunicator; (10) John and Jane Does 1-7. (Document No. 60, pp. 7 - 8.)

Mercer County, West Virginia, within the Southern District of West Virginia." (Id., p. 6.) Specifically, Plaintiffs allege that Defendants used excessive force on April 22, 2010. (Id., pp. 8 - 10.) Plaintiffs state Defendants forcefully entered their home without announcing their identity or presenting a search warrant. (Id.) Plaintiffs contend that Defendant Long, Jackson, and Baker "had their service pistols drawn and pointed approximately within one or two feet of the heads of Plaintiffs." (Id., p. 10.) Plaintiff Harry Deakins contends that Defendant Jackson used unnecessary and excessive force when arresting him. (Id.) Plaintiff Kay Deakins alleges that Defendant Baker used unnecessary and excessive force when arresting her. (Id., pp. 11 - 13.) Plaintiffs further alleged that Defendants "illegally seized a digital camera and two personal computers located in two different rooms toward the rear of the Plaintiff's residence." (Id., pp. 13, 21 - 22.) Plaintiff Harry Deakins alleges that Defendant Jackson sprayed him twice with pepper spray while he was handcuffed in the backseat of the police car. (Id., p. 14.) After arriving at the Princeton State Police Detachment, Plaintiff Harry Deakins alleges that Defendant Long and Jackson hit and choked him without justification or provocation. (Id., pp. 14 - 16.) Plaintiff Harry Deakins also contends that Defendant Long and Jackson made derogatory and threatening comments. (Id.) Plaintiff Harry Deakins claims that Defendant Rogers "was present at the Princeton Detachment barracks and had explicit knowledge of the illegal beating" by Defendant Long and Jackson, but Defendant Rogers failed to intervene or assist Plaintiff. (Id., p. 16.) Plaintiffs allege that they both were later transported to the Princeton Community Hospital to be treated for the injuries they received as a result of Defendants' use of excessive force. (Id.) Plaintiff Harry Deakins further claims Defendant Jackson improperly sprayed him with pepper spray during his transportation to the hospital. (Id., p. 17.) Plaintiffs allege that "Defendant Pack, as the Superintendent of the West Virginia State Police,

breached his duty in his official capacity by failing to adequately train and supervise his employees, agents, officers, and trooper, not to commit violations of Plaintiff's constitutionally protect rights." (Id., p. 20.) Additionally, Plaintiffs contend that Defendant Pack was "negligent in his official duty of hiring, discipline, and retention" and "negligent for his failure to have a written policy in effect, or to have a policy in place that is customarily ignored, routinely violated and not followed by the Princeton Detachment of the West Virginia State Police and by all named Defendants." (Id.) As a result of Defendants' conduct, Plaintiff Harry Deakins alleges that he suffered "multiple physical injuries . . . humiliation, shame, degradation, embarrassment, religious persecution, and monetary loss." (Id., p. 18.) As a result of Defendants' conduct, Plaintiff Kay Deakins alleges that she suffered "emotional, psychological, and mental distress, permanent physical injures . . . humiliation, shame, degradation, embarrassment, and monetary loss." (Id.)

By Order entered on January 25, 2012, the Court granted Plaintiffs' "Motion for Leave to File Third Amended Complaint" (Document No. 88.), directed the Clerk to issue Summonses upon Defendants, and directed Plaintiffs to serve the Summonses and Complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure. (Document No. 89.) The Clerk issued Summonses for Defendants on January 26, 2012. (Document No. 91.) Defendants Baker, Jackson, Long, Pack, Shrewsbury, and Wade filed their Answer on February 8, 2012. (Document No. 96.) Defendant Rogers filed his Answer on April 18, 2012. (Document No. 132.)

On May 11, 2012, Defendants Robin Mavin and D.W. Miller filed a "Motion to Dismiss or, in the Alternative, Motion to Quash Service" and Memorandum in Support (Document Nos. 142 and 143.) Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on May 14, 2012, advising them of the right to file a response to the Defendants' Motion to Dismiss. (Document No. 144.)

4

On June 12, 2012, Defendant Miller filed a Motion to Dismiss and Memorandum in Support. (Document Nos. 153 and 154.) Also on June 12, 2012, Ms. Mavin filed a "Renewed Motion to Dismiss, or in the Alternative, Motion to Quash Service" and Memorandum in Support. (Document Nos. 155 and 156.) Notice pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiffs on June 13, 2012, advising them of the right to file a response to Mr. Miller and Ms. Mavin's Motions to Dismiss. (Document Nos. 157 and 158.)

On June 15, 2012, Plaintiff's filed their "Motion for Entry of Default Judgment." (Document No. 160.) Plaintiffs request that "default be entered against Defendants D.W. Miller and Robin Mavin, pursuant to the Federal Rules of Civil Procedure 55(b)." (<u>Id.</u>) Also on June 15, 2012, Plaintiffs filed their "Response in Opposition to Defendant's Motion to Dismiss, or in the Alternative, Plaintiffs' Opposition to Defendants' Motion to Quash Service Upon Defendants' Robin Mavin and D.W. Miller." (Document No. 163.) On June 22, 2012, Defendants Mavin and Miller filed their Reply. (Document No. 167.)

By Proposed Findings and Recommendation entered on June 28, 2012, the undersigned recommended that "the District Court **GRANT in part and DENY in part** Defendants' "Motion to Dismiss or, in the Alternative, Motion to Quash Service" (Document No. 142.). Specifically, it is recommended that the District Court **DENY as premature** Defendants' Motion to Dismiss and **GRANT** Defendants' Motion to Quash Service." (Document No. 170.)

On June 29, 2012, Defendants Mavin and Miller filed their Response in Opposition to Plaintiff's Motion for Entry of Default Judgment. (Document No. 171.) Also on June 29, 2012, Plaintiffs filed their "Renewed Response in Opposition to Defendant Robin Mavin's Renewed Motion to Dismiss, or in the Alternative, Plaintiffs' Renewed Response in Opposition to Defendant

Robin Mavin's Motion to Quash Service." (Document No. 172.) On July 6, 2012, Defendant Mavin filed her Reply. (Document No. 173.)

On July 13, 2012, Plaintiffs filed their "Response in Opposition to Defendant David Miller's Motion to Dismiss." (Document No. 174.) On July 18, 2012, Defendant Miller filed his "Reply to Plaintiffs' Response." (Document No. 175.)

By Memorandum Opinion and Order entered on July 19, 2012, District Judge Berger adopted the undersigned's recommendation and ordered "that the Motion to Dismiss, or in the Alternative, Motion to Quash Service, By Robin Mavin and D.W. Miller (Document 142) be **GRANTED in part and DENIED in part**. Specifically, the Defendants' Motion is denied to the extent they move to dismiss and granted to the extent they seek to quash service." (Id., p. 2.) The District Court further ordered "that the time for service of Defendants Mavin and Miller be **EXTENDED** until **September 1, 2012**." (Id.)

By Proposed Findings and Recommendation entered on June 28, 2012, the undersigned recommended that "the District Court **GRANT** 'David W. Miller's Motion to Dismiss' (Document No. 153.), **GRANT** 'Robin Mavin's Renewed Motion to Dismiss, or in the Alternative, Motion to Quash Service' (Document No. 155.), and **DENY** Plaintiffs' 'Motion for Entry of Default Judgment' (Document No. 160.)." (Document No. 177.) By Memorandum Opinion and Order entered on September 28, 2012, District Judge Berger adopted the undersigned's recommendation and ordered "that David W. Miller's Motion to Dismiss (Document 153) is **GRANTED**, Robin Mavin's Renewed Motion to Dismiss, or in the Alternative, Motion to Quash Service (Document 155) is **GRANTED**, and Plaintiff's Motion for Entry of Default Judgment (Document 160) is **DENIED**." (Document No. 178.)

On November 5, 2012, Defendants Pack, Long, Jackson, Baker, Wade, Shrewsbury, and Rogers filed their "Motion for Partial Summary Judgment Against Harry Deakins" and Memorandum in Support. (Document Nos. 179 and 180.) Specifically, Defendants argue that they are entitled to partial summary judgment based on the following: (1) Mr. Deakins' claim of unreasonable search and seizure is precluded by Heck v. Humphrey, 512 U.S. 477 (1994) (Document No. 180, pp. 5 - 7.); (2) There is no evidence in support of Mr. Deakins' claims against T.S. Pack (Id., pp. 7 - 9.); (3) "The computers and camera were lawfully seized or, at the least, the decision to seize them did not violate a clearly established constitutional right" (Id., pp. 9 - 12.); and (4) "Any bystander liability claims against Troopers Shrewsbury and Rogers fails" as there is no evidence to support such a claim (Id., pp. 12 - 13.).

As Exhibits, Defendants filed the following: (1) A copy of the Grand Jury Indictment, Plea Agreement, and Sentencing Order as filed in Commonwealth of Virginia v. Harry Edwards Deakins, Case No. CR 10-156-00; 156-01; 156-02 (Cir. Ct. Tazewell Co. April 28, 2011) (Document No. 179-1.); (2) A copy of Arrest Warrants for Harry Deakins  issued by the Tazewell County General District Court dated February 3, 2010 (Document No. 179-2, pp. 2 - 3.); (3) A copy of a "Warrant for Arrest - For Fugitive From Justice" as issued by the Mercer County Magistrate Court on April 22, 2010 (Id., pp. 4 - 5.); (4) A copy of "Defendants' Responses to Plaintiffs' Second Set of Interrogatories, Second Request for Production of Documents and Requests for Admissions" (Document No. 179-3.); (5) A copy of "Plaintiff Harry E. Deakins, Sr. Second Supplemental Responses to Defendants' Second Set of Interrogatories, Document Requests and Requests for Admissions" (Document No. 179-4.); (6) A copy of "Plaintiff Harry E. Deakins, Sr. Amended Supplemental Responses to Defendants' First Set of Interrogatories, Requests for Admissions and

Requests for Production" (Document No. 179-5.); (7) A copy of the "Criminal Case History" concerning State v. Harry Edward Deakins, Case No. 10-M-1236 as filed in the Magistrate County of Mercer County, West Virginia (Document No. 179-6.); (8) A copy of the "Indictment for: Attempt to Disarm a Police Officer, Battery on a Police Officer, and Brandishing a Deadly Weapon" and an Order Accepting Plea of Guilty as filed in State v. Anthony Todd Deakins, Case No. 10-F-216 (Cir. Ct. Mercer County) (Document No. 179-7.); (9) A copy of the "Criminal Case History" concerning State v. Kay F. Deakins, Case Nos. 10-M-1238,  1239, 1240, 1241,  as filed in the Magistrate County of Mercer County, West Virginia (Document No. 179-8.); and (10) A copy of the transcripts from the "Video Deposition of Harry E. Deakins, Sr." (Document No. 179-9.).

Also on November 5, 2012, Defendants Pack, Long, Jackson, Baker, Wade, Shrewsbury, and Rogers filed their "Motion for Summary Judgment Against Kay Deakins" and Memorandum in Support. (Document Nos. 181 and 182.) Specifically, Defendants argue that they are entitled to summary judgment based on the following: (1) "Mrs. Deakins is now precluded from offering evidence in opposition to the [Motion for Summary Judgment] and her claims should be dismissed" because she withheld any and all testimony on Fifth Amendment ground (Document No. 182, pp. 5 - 9.); (2) "[T]he Troopers decision to seize Plaintiff's computers and camera was lawful or, at the very least, did not violate any clearly established constitutional rights of which the Troopers should have known;" (Id., pp. 10 - 13.); (3) "Mrs. Deakins cannot satisfy even the first element necessary in order to establish a prima facie case of supervisor liability" (Id., pp. 13 - 14.); and (4) "Assuming arguendo that Ms. Deakins is not precluded from offering any evidence in opposition to claims against Defendants, she still lacks evidence in support of ceratin causes of action" (Id., pp. 14 - 17.). Defendants concluded that "[e]ven if this Court were to ignore the reality that Ms. Deakins should

be precluded from providing any evidence in response, Defendants are still entitled to summary judgment as to all of Ms. Deakins' claims except those against Trooper Baker for excessive force and intentional infliction of emotional distress." (Id., p. 18.)

As Exhibits, Defendants filed the following: (1) A copy of the Grand Jury Indictment, Plea Agreement, and Sentencing Order as filed in Commonwealth of Virginia v. Harry Edwards Deakins, Case No. CR 10-156-00; 156-01; 156-02 (Cir. Ct. Tazewell Co. April 28, 2011) (Document No. 181-1.); (2) A copy of Arrest Warrants for Harry Deakins  issued by the Tazewell County General District Court dated February 3, 2010 (Document No. 181-2, pp. 2 - 3.); (3) A copy of a "Warrant for Arrest - For Fugitive From Justice" as issued by the Mercer County Magistrate Court on April 22, 2010 (Id., pp. 4 - 5.); (4) A copy of "Defendants' Responses to Plaintiffs' Second Set of Interrogatories, Second Request for Production of Documents and Requests for Admissions" (Document No. 181-3.); (5) A copy of "Plaintiff Harry E. Deakins, Sr. Second Supplemental Responses to Defendants' Second Set of Interrogatories, Document Requests and Requests for Admissions" (Document No. 181-4.); (6) A copy of "Plaintiff Harry E. Deakins, Sr. Amended Supplemental Responses to Defendants' First Set of Interrogatories, Requests for Admissions and Requests for Production" (Document No. 181-5.); (7) A copy of the "Criminal Case History," and "Guilty of No Contest Plea" concerning State v. Harry Edward Deakins, Case No. 10-M-1236 as filed in the Magistrate County of Mercer County, West Virginia (Document No. 181-6.); (8) A copy of the "Indictment for: Attempt to Disarm a Police Officer, Battery on a Police Officer, and Brandishing a Deadly Weapon" and an Order Accepting Plea of Guilty as filed in State v. Anthony Todd Deakins, Case No. 10-F-216 (Cir. Ct. Mercer County) (Document No. 181-7.); (9) A copy of the "Criminal Case History" concerning State v. Kay F. Deakins, Case No. 10-M-1238, 1239, 1240,

1241, as filed in the Magistrate County of Mercer County, West Virginia (Document No. 181-8.);
(10) A copy of the transcripts from the "Video Deposition of Harry E. Deakins, Sr." (Document No.
181-9.); (11) A copy of the transcripts from the "Video Deposition of Kay F. Deakins" (Document
No. 181-10.); and (12) A copy of "Responses to Plaintiffs' Third Set of Written Discovery Requests
by Defendants T.S. Pack, J.C. Long, R.J. Jackson, J.R. Baker, C.M. Wade, P.H. Shrewsbury, and
D.B. Rogers" (Document No. 181-11.).

Notice pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), was issued to
Plaintiffs on November 6, 2012, advising them of the right to file a response to Defendants Pack,
Long, Jackson, Baker, Wade, Shrewsbury, and Rogers' Motions for Summary Judgment. (Document
Nos. 183 and 184.)

On November 19, 2012, Plaintiff Harry Deakins filed his "Response/Memorandum in
Opposition to Defendants' Motion for Partial Summary Judgment Against Harry Deakins."
(Document No. 186.) First, Mr. Deakins contends that he did not sue for "unlawful, wrongful, and/or
false arrest," or "intentional infliction of emotional distress." (<u>Id.</u>, p. 2.) Mr. Deakins asserts that he
"sued for being purposely deprived by Defendants of his right to be free from excessive
force/violence, unreasonable force, and assault and battery [common law and pendent State Claim]."
(<u>Id.</u>) Next, Mr. Deakins claims that there are "numerous disputed material facts." (<u>Id.</u>, pp. 2 - 3, 8 -
9.) Third, Mr. Deakins states that he "objects to and moves to strike all eight of defendants Exhibits
on the grounds that the items have not been properly authenticated, constitute blatant hearsay, and
is irrelevant and inadmissible and does not constitute proper summary judgment evidence." (<u>Id.</u>, pp.
3 - 6.) Fourth, Mr. Deakins argues that his "claims for relief [cause of action] are supported by
sufficient evidence to create a genuine issue of material fact." (<u>Id.</u>, pp. 10 - 11.) Fifth, Mr. Deakins

states that his "claims against Defendants P.H. Shrewsbury and D.B. Rogers are not for 'bystander liability' as Defense Counsel wrongly alleges in their Partial MSJ against Harry Deakins, but are for conspiracy pursuant to 42 U.S.C. § 1983." (Id., pp. 11 - 13.) Sixth, Mr. Deakins argues that "Plaintiffs' two personal computers and one digital camera were unlawfully and illegally seized." (Id., pp. 13 - 17.) Seventh, Mr. Deakins claims that "Defendants are not entitled to qualified immunity because their conduct, acts, and/or omissions did violate the Plaintiffs' clearly established statutory, constitutional, and civil rights." (Id., pp. 17 - 18.) Finally, Mr. Deakins asserts that Defendants do "not challenge Plaintiffs' State Law pendent claims, pursuant to W.Va. Code 61-6-21(b)." (Id., pp. 18 - 19.)

As Exhibits, Mr. Deakins filed the following: (1) A copy of "Plaintiffs' Third Amended Complaint" (Document No. 186-1, pp. 2 - 27.); (2) A copy of the "Affidavit of Harry E. Deakins, Sr." (Id., pp. 29 - 34.); (3) A copy of the "Affidavit of Kay F. Deakins" (Id., pp. 36 - 38.); (4) A copy of the "Affidavit of Anthony T. Deakins" (Document No. 186-1, pp. 40 - 53 and Document No. 186-2, pp. 32 - 33.); (5) A copy of Harry Deakins' medical records from Princeton Community Hospital (Document No. 186-2, pp. 2 - 20.); (6) Photographs of Harry Deakins (Id., pp. 21 - 22.); (7) A copy of a letter from Sargent D.B. Rogers addressed to Colonel T.S. Pack dated June 18, 2010, regarding the "Response to Resistance or Aggression (Mrs. Kay Deakins, Mr. Harry Deakins, and Mr. Anthony Deakins)" (Id., pp. 24 - 26.); (8) A copy of the "Affidavit of Sean E. Deakins" (Id., pp. 28 - 30.); (9) A copy of "Plaintiffs' Seventh Supplemental Rule 26(a)(1) Disclosures" (Id., pp. 35 - 37.); (10) A copy of Defendants' discovery responses (Id., pp. 39 - 42.); (11) A copy of partial transcripts involving State v. Anthony Todd Deakins, 10-F-682 (Id., pp. 44 - 45.); (12) A copy of "Plaintiffs' Sixth Supplemental Rule 26(a)(1) Disclosures" (Id., pp. 47 - 51.); and (13) A copy of a Deed from

Robert E. Davis to Anthony T. Deakins dated December 19, 2008 (<u>Id.</u>, pp. 53 - 57.).

On November 27, 2012, Defendants filed their Reply. (Document No. 188.) First, Defendants argue that "Plaintiff's request to strike the [Motion for Summary Judgment's] exhibits should be denied." (<u>Id.</u>, pp. 3 - 9.) Second, Defendants state that "Plaintiff lacks evidence of a conspiracy on the part of Trooper Rogers and Shrewsbury." (<u>Id.</u>, pp. 9 - 12.) Finally, Defendants assert that "[t]he electronics were lawfully seized or, at the very least, Defendants are entitled to qualified immunity" (<u>Id.</u>, pp. 12 - 14.). As Exhibits, Defendants filed a copy of an e-mail correspondence from Harris Reporting, LLC, explaining that Mr. Deakins was not provided transcripts because he failed to pay the invoice. (Document No. 188-1.)

On December 19, 2012, Plaintiff Kay Deakins filed her "Response/Memorandum in Opposition to Defendants' Motion for Summary Judgment Against Kay Deakins." (Document No. 189.) Mrs. Deakins first states that "[s]ince Defendants' Counsel contains nearly the same identical arguments in both of Plaintiffs' separate summary judgment motions, Plaintiff Kay Deakins hereby fully incorporates, as set forth herein, her husband's and co-Plaintiff, Harry D. Deakins, Sr., 'Plaintiff Harry E. Deakins, Sr. Response/Memorandum in Opposition to Defendants' Motion for Partial Summary Judgment against Harry Deakins' and all of his attached exhibits thereto." (<u>Id.</u>, pp. 1 - 2.) Next, Mrs. Deakins states that she "did not aver, nor sue for 'wrongful arrest'" or "for certain electronic equipment wrongfully taken from her home." (<u>Id.</u>, pp. 2 - 3.) Mrs. Deakins asserts that she did sue for "unlawful/false arrest" and "for Defendant Troopers' unlawful and illegal search and seizure of Plaintiffs' personal property; to wit, two personal computers and one digital camera." (<u>Id.</u>) Mrs. Deakins further explains that she "sued for being purposely deprived by Defendants of her right to be free from excessive force/violence, unreasonable force, and assault and battery [common law

and pendent State Claim]." (Id.) Mrs. Deakins argues that she sued Defendants Baker, Long, Jackson, Baker, Shrewsbury, Wade and Rogers for "intentional infliction of emotion, psychological, mental and physical distress/injury." (Id., pp. 3 - 4.) Mrs. Deakins further claims she has made allegations against Defendants Shrewsbury and Rogers. (Id., p. 4.) Specifically, Mrs. Deakins asserts that "[u]pon a careful reading of Plaintiffs' TAC, both Plaintiffs are suing Defendants Shrewsbury and Rogers [and other named Defendants] for conspiratorial liability pursuant to 42 U.S.C. § 1983 and § 1985." (Id., p. 4.) Next, Mrs. Deakins claims that there are "numerous genuine issues of material fact. (Id., pp. 6 - 7, 13 - 15.)  Mrs. Deakins states that she "objects to and moves to strike seven of defendants Exhibits [A, B, F, G, H, I & J] on the grounds that the items have not been properly authenticated, constitute blatant hearsay, and is irrelevant and inadmissible and does not constitute proper summary judgment evidence." (Id., pp. 7 - 12.) Mrs. Deakins argues that his "claims for relief [cause of action] are supported by sufficient evidence to create a genuine issue of material fact." (Id., pp. 5.) Mrs. Deakins states that "Plaintiffs' two personal computers and one digital camera were unlawfully and illegally seized." (Id., p. 15.) Seventh, Mrs. Deakins claims that "Defendants are not entitled to qualified immunity because their conduct, acts, and/or omissions did violate the Plaintiffs' clearly established statutory, constitutional, and civil rights." (Id., pp. 15 - 16.) Mrs. Deakins contends that "Defendants failed to object at Deposition and failed to file a Motion to Compel Deposition Answers of Kay Deakins, therefore, Defendants have waived their right to subsequently challenge her alleged assertion of her 5th Amendment privilege." (Id., pp. 16 - 17, 19 - 20.) Mrs. Deakins complains that "the State of West Virginia is currently prosecuting me in parallel criminal charges/proceedings arising from the incident on 4/22/2010." (Id., pp. 17 - 18.)

As Exhibits, Mrs. Deakins filed the following: (1) A copy of "Plaintiffs' Third Amended

13

Complaint" (Document No. 189-1, pp. 2 - 27.); (2) A copy of the "Affidavit of Kay F. Deakins" (Id., pp. 29 - 40.); (3) A copy of the "Affidavit of Harry E. Deakins" (Id., pp. 42 - 44.); (4) A copy of the "Affidavit of Anthony T. Deakins" (Document No. 189-2, pp. 2 - 5.); (5) A copy of the Scheduling Order as filed in the instant case on June 7, 2011 (Id., pp. 7 - 10.); (6) A copy of the "Defendants' Notice of Appeal" and Order scheduling a trial date as filed in State v. Kay Deakins, Case Nos. 10-M-1238, 10-M-1239, 10-M-1240, and 10-M-1241 (Id., pp. 12 - 17.); (7) A copy of Kay Deakins and Harry Deakins' "Certificate of Marriage" (Id., p. 19.); (8) Photographs of Kay Deakins (Id., pp. 21 - 24.); (9) A copy of Kay Deakins' medical records from Princeton Community Hospital (Id., pp. 25 - 57.); (10) A copy of documents from MEDResponse and Friendship Home Medical Equipment, Inc. (Id., pp. 59 - 68.); (11) A copy of the "West Virginia State Police Report of Criminal Investigation" (Id., pp. 70 - 77.); (12) A copy of Defendants' discovery responses (Document No. 189-3, pp. 2 - 11.); (13) A copy of Kay Deakins' discovery responses (Id., pp. 13 - 37.); (14) A copy of a letter from Harry Deakins addressed to Mercer County Circuit Court Judge William J. Sadler dated June 1, 2010 (Id., p. 39.); (15) A copy a Kay Deakins' "HED Objection to KFD Questions/References" (Id., p. 41.); and (16) A copy of Rule 20.1 of Rules of Criminal Procedure for Magistrate Courts of West Virginia (Id., p. 43.)

On December 28, 2012, Defendants filed their Reply. (Document No. 190.) Specifically, Defendants argue as follows: (1) "Plaintiff's request to strike the [Motion for Summary Judgment's] exhibits should be denied" (Id., pp. 2 - 8.); (2) "Plaintiff refused to answer questions at her deposition and Defendants were not required to move to compel her to provide answers" (Id., pp. 9 - 10.); (3) "Plaintiff was convicted of crimes against Trooper Baker" (Id., pp. 10 - 11.); (4) "Plaintiff lacks any evidence of wrongdoing against Troopers Shrewsbury and Roger" (Id., pp. 11 -

14

15.); and (5) "Plaintiff's property was lawfully seized or, in the alternative, Defendants are entitled to qualified immunity" (Id., pp. 15 - 17.) As Exhibits, Defendants file a copy of an e-mail correspondence from Harris Reporting, LLC, explaining that Mr. Deakins was not provided transcripts because he failed to pay the invoice. (Document No. 190-1.)

## THE STANDARD

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Once the moving party demonstrates the lack of evidence to support the non-moving party's claims, the non-moving party must go beyond the pleadings and make a sufficient showing of facts presenting a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 - 87, 106 S.Ct.1348, 89 L.Ed.2d 538 (1986). All inferences must be drawn from the underlying facts in the light most favorable to the non-moving party. Matsushita, 475 U.S. at 587, 106 S.Ct. at 1356. Summary judgment is required when a party fails to make a showing sufficient to establish an essential element of a claim, even if there are genuine factual issues proving other elements of the claim. Celotex, 477 U.S. at 322-23, 106 S.Ct. at 2552-53. Generally speaking, therefore, summary judgment will be granted unless a reasonable jury could return a verdict for the non-moving party on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If no facts or inferences which can be drawn from the circumstances will support Plaintiff's claims, summary judgment is appropriate.

## DISCUSSION

**1.      Defendants' "Motion for Partial Summary Judgment Against Harry Deakins":**

15

**A.      Mr. Deakin's Request to Strike Exhibits:**

In Response to Defendants' Motion for Summary Judgment, Mr. Deakins argues that the Court should strike Defendants' Exhibits filed in support of the Motion. (Document No. 186.) Mr. Deakins states that he "objects to and moves to strike all eight of defendants' Exhibits on the grounds that the items have not been properly authenticated, constitute blatant hearsay, and are irrelevant and inadmissible and do not constitute proper summary judgment evidence." (Id., pp. 3 - 6.) In Reply, Defendants argue that Mr. Deakins' request should be denied. (Document No. 188, pp. 3 - 9.) Defendants state that "of the nine exhibits, three are the parties' responses to written discovery requests (including two (MSJ Ex. D and E) that are Plaintiff's own discovery responses) and one is Plaintiff's deposition transcript." (Id., p. 3.) Defendants note that "[o]f the remaining five exhibits, two are certified copies of records from the Clerk of the Court of Tazewell County, Virginia (Id. at MSJ Ex. A and B); one is Plaintiff's conviction for his assault on Trooper Jackson (Id. at MSJ Ex. F (which, as noted in the MSJ, is corroborated by Plaintiff's admissions to have pleaded guilty to said battery)); and the remaining two are records of conviction for Ms. Deakins and Mr. and Mrs. Deakins' son, Anthony, both of whom were found guilty of attacking Troopers (Id. at MSJ Ex. G and H)." (Id., pp. 3 - 4.)

Rule 56(c)(1)(A) of the Federal Rules of Civil Procedure provides that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). "A party may object that the material cited to support or dispute a fact *cannot be presented in a form* that would be admissible in evidence." Fed. R. Civ. P.

56(c)(2)(emphasis added). The 2010 amendments to Rule 56(c)(2) "eliminated the unequivocal requirement that documents submitted in support of a summary judgement motion must be authenticated." <u>Akers v. Beal Bank</u>, 845 F.Supp.2d 238, 243 (D.D.C. 2012), *aff'd*, 2012 WL 4774676 (D.C.C Cir. 2012)(internal quotation marks and citation omitted); <u>also see</u> <u>Foreword Magazine, Inc. v. OverDrive, Inc.</u>, 2011 WL 5169384, * 2 (W.D. Mich. Oct. 31, 2011)(unpublished)("Significantly, the objection contemplated by the amended Rule is not that the material 'has not' been submitted in admissible form, but that it 'cannot' be."); Advisory Committee Notes (2010 amendments)("The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated.").

Based on the foregoing, the undesigned will consider Defendants' Exhibits. As Exhibit A, Defendants filed a copy of the Grand Jury Indictment, Plea Agreement, and Sentencing Order as filed in <u>Commonwealth of Virginia v. Harry Edwards Deakins</u>, Case Nos. CR 10-156-00; 156-01; 156-02 (Cir. Ct. Tazewell Co. April 28, 2011). (Document No. 179-1.) The undersigned notes that the documents are stamped "a copy teste" and are signed by the Deputy Clerk of the Circuit Court of Tazewell County. (<u>Id.</u>) The attestation or certification of a copy "will be a stamp added to the copy produced by the clerk that indicates the copy is a 'true copy' or ' a copy teste' of the original filing, and it will be signed by the clerk or a deputy clerk."[2] Thus, a "copy teste" is a copy of an order bearing an attestation or certification of the clerk of court or his duly authorized deputy verifying that the instrument is a genuine copy. Rule 902(4) of the Federal Rules of Evidence

---

[2] http://www.scc.virginia.gov/clk/befaq/fict.aspx#a3

provides that a certified copy of a public record is self-authenticating.[3] Fed. R. Evid. 902(4). Based on the foregoing, the Court finds that the documents contained in Exhibit A (Document No. 179-1.) are properly authenticated.

As Exhibit B, Defendants filed a copy of Arrest Warrants for Harry Deakins issued by the Tazewell County General District Court dated February 3, 2010 (Document No. 179-2, pp. 2 - 3.) and a copy of a "Warrant for Arrest - For Fugitive From Justice" as issued by the Mercer County Magistrate Court on April 22, 2010 (Id., pp. 4 - 5.). As Exhibit F, Defendants filed a copy of the "Criminal Case History" and "Guilty or No Contest Plea" concerning State v. Harry Edward Deakins, Case No. 10-M-1236 as filed in the Magistrate County of Mercer County, West Virginia. (Document No. 179-6.) As Exhibit G, Defendants filed a copy of the "Indictment for: Attempt to Disarm a Police Officer, Battery on a Police Officer, and Brandishing a Deadly Weapon" and an Order Accepting Plea of Guilty as filed in State v. Anthony Todd Deakins, Case No. 10-F-216 (Cir. Ct. Mercer County) (Document No. 179-7.) As Exhibit H, Defendants filed a copy of the "Criminal Case History" concerning State v. Kay F. Deakins, Case Nos. 10-M-1238,  1239, 1240, 1241, as filed in the Magistrate County of Mercer County, West Virginia (Document No. 179-8.) In the instant case, Mr. Deakins merely argues that the above documents have not been authenticated. Mr. Deakins, however, does not claim that Defendants cannot provide proper authentication. Defendants claim that the above documents can clearly be authenticated at trial and are subject to judicial notice under Rule 201. The undersigned notes that the above Exhibits are copies of state court records.

---

[3] Rule 902(4) provides that "[a] copy of an official record - - or a copy of a document that was recorded or filed in a public office as authorized by law - - if the copy is certified as correct by: (A) the custodian or another person authorized to make the certification; or (B) a certificate that complies with Rule 902(1), (2), or (3), a federal statute, or a rule prescribed by the Supreme Court."

Thus, the undersigned finds that the documents contained in Exhibits B, F, G and H (Document Nos. 179-2, 179-6, 179-7, 179-8.) can be considered by the Court for purposes of a motion for summary judgment because the documents can be submitted in authenticated form at trial.

As Exhibits C, D, and E, Defendants filed a copy of "Defendants' Responses to Plaintiffs' Second Set of Interrogatories, Second Request for Production of Documents and Requests for Admissions" (Document No. 179-3.), "Plaintiff Harry E. Deakins, Sr. Second Supplemental Responses to Defendants' Second Set of Interrogatories, Document Requests and Requests for Admissions" (Document No. 179-4.), and "Plaintiff Harry E. Deakins, Sr. Amended Supplemental Responses to Defendants' First Set of Interrogatories, Requests for Admissions and Requests for Production" (Document No. 179-5.). Exhibit C consists of Defendants' responses to Plaintiffs' written discovery requests. Rule 56(C)(1)(A) provides that a party may submit depositions, affidavits, declarations, stipulations, admissions, or interrogatory answers in support of a summary judgment motion. Exhibits D and E consist of Plaintiff's responses to Defendants' written discovery requests. Exhibits D and E are authenticated because they are Plaintiff's own writings. See Rupe v. Cate, 2011 WL 4889211 (E.D.Cal. Oct. 13, 2011)("Exhibits F and I have been authenticated because they are Plaintiff's own writings."); also see Hess v. Multnomah County, 211 F.R.D. 403, 406 (D.Or. 2001)("The declaration of an attorney is sufficient to authenticate such discovery documents, such as answers to deposition questions, interrogatories or requests for admissions.") Accordingly, the undersigned finds that Exhibits C, D, and E (Document Nos. 179-3, 179-4, 179-5.) may be properly considered for purposes of a motion for summary judgment.

As Exhibit I, Defendants filed a copy of the transcripts from the "Video Deposition of Harry E. Deakins, Sr." (Document No. 179-9.) Rule 56(c)(1)(A) provides that a party may submit

depositions in support of a summary judgment motion. Thus, the use of deposition testimony is proper evidence to support a motion for summary judgment. Additionally, the undersigned finds that the deposition may be authenticated. The deposition contains the "Reporter's Certificate" stating that "I do certify that said deposition was correctly taken by me, by means of Stenomask; that the same was transcribed by me or under by supervision; and that said transcript is a true record of the testimony given by said witness." (Document No. 179, pp. 12 - 13.) Thus, the undersigned finds that Exhibit I (Document No. 179-9.) may be properly considered for purposes of the motion for summary judgment. Based on the foregoing, the undersigned finds that Mr. Deakins' request to strike Defendants' Exhibits should be denied.

      **B.**    **Claim of Unlawful Arrest:**

      In their Motion, Defendants Long, Jackson, Baker, and Wade argue that they are entitled to summary judgment as to Mr. Deakin's claim of unlawful arrest. (Document No. 180.) Defendants argue that they lawfully entered the residence because "(1) there was a valid warrant for Mr. Deakins' arrest; (2) the Troopers knew that Mr. Deakins was inside; and (3) Mr. Deakins criminally attacked Trooper Jackson." (Id., p. 5.) Defendants state that Mr. Deakins pled guilty to the charge that gave rise to his arrest warrant and to the battery charge stemming from his criminal attack on Trooper Jackson. (Id., p. 6.) Citing Heck v. Humphrey, 512 U.S. 477 (1994), Defendants argue that Mr. Deakins "cannot, after the fact, bring a lawsuit with claims that, if successful, would undermine the validity of his prior criminal pleas." (Id., pp. 6 - 7.)

      In Response, Mr. Deakins states that he "did not aver, nor sue for unlawful, wrongful, and/or false arrest in their [Plaintiffs'] TAC as Defendants' counsel wrongly alleges." (Document No. 186, p. 2.) Mr. Deakins, therefore, concludes that "[c]ounsel's arguments are irrelevant, immaterial, null

and void, and moot as to the false claim that Mr. Deakins sued for unlawful, wrongful, and/or for false arrest." (Id.) Mr. Deakins, however, does allege that Defendants unlawfully entered the residence in order to arrest him. (Id., p. 8.) Mr. Deakins states that "I was never outside of my home on 04/22/2010 'doing yard work' as Defendants' falsely claims." (Id.) Mr. Deakins claims that it "would be impossible for Defendant Troopers to 'identify me' outside of my home." (Id.) Mr. Deakins contends that "Defendant Troopers had no exigent circumstances present, when they forcibly entered Plaintiffs' home without a search warrant. Also, there was no hot pursuit and/or fleeing of Harry Deakins because he was never outside of his home on 04/22/2010." (Id., p. 14.) Mr. Deakins further argues that the "alleged warrants that Defendant Troopers were attempting to serve were from the Commonwealth of Virginia, not the State of West Virginia. Therefore, absent consent or exigent circumstances, forced entry into Plaintiffs' home was a blatant violation of Plaintiff's 4th Amendment constitutional right." (Id.)

The undersigned finds that Defendants' Motion for Summary Judgment should be granted to the extent Mr. Deakins is challenging the validity of his arrest. Based upon a review of the record, arrest warrants were issued for Mr. Deakins based upon an Indictment charging him with malicious wounding, unlawful wounding, and destruction of personal property returned by the Grand Jury in Tazewell County, Virginia. (Document Nos. 179-1 and 179-2.) Additionally, Mr. Deakins was charged with battery upon a police officer as a result of his conduct at the time of his arrest on April 22, 2010, in Mercer County, West Virginia. (Document No. 179-6.) On May 7, 2010, Mr. Deakins pled guilty in Mercer County Magistrate Court to the charge of battery upon a police officer. (Document No. 179-6.) Subsequently, following Mr. Deakins' plea of nolo contendere on April 19, 2011, the Circuit Court of Tazewell County found Mr. Deakins guilty of assault and destruction of

personal property. (Document No. 179-1.) In the instant case, Mr. Deakins alleges that his constitutional rights were violated during the course of his arrest on April 22, 2010. Specifically, Plaintiff appears to be challenging the lawfulness of his arrest, which would render his convictions or sentences invalid (Case Nos. 10-cr-156-01, 156-02 and Case No. 10-M-1236). Given the nature of Mr. Deakins' allegations, it appears that he is implying that his convictions are invalid as a result of various constitutional violations occurring during his arrest. Consequently, the undersigned finds that Mr. Deakins has failed to state a cognizable claim under Section 1983 pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In Heck, the United States Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing the relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983.

Id. at 486-87, 114 S.Ct. 2372; also see Ballenger v. Owens, 352 F.3d 842 (4th Cir. 2003)(holding that an arrestee's Section 1983 claim was not cognizable against state trooper, alleging unreasonable search and seizure, under Heck, since judgment in arrestee's favor would have implied the invalidity of conviction). There is no evidence that Mr. Deakins either successfully appealed his conviction or filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody. The undersigned, therefore, finds that because Mr. Deakins has not demonstrated that his criminal conviction has been invalidated, Mr. Deakins' Section 1983 claim is not cognizable pursuant to Heck. Accordingly, the undersigned respectfully recommends that the claims of unlawful arrest be dismissed.

22

###### C.      Qualified Immunity as to Seizure of Electronics:

In their Motion, Defendants Long, Jackson, Baker, and Wade argue that they are entitled to summary judgment as to Mr. Deakins' claim of unlawful seizure of electronics. (Document No. 180.) Specifically, Defendants explain that they observed surveillance equipment upon entering the Deakins' property. (Id., p. 9.) Defendants state that they seized a camera and two personal computers from Mr. Deakins' residence because they believed "that the electronics seized could possibly contain footage of said attacks" upon Defendants. (Id.) Defendants Long, Jackson, Baker, and Wade argued they are "entitled to qualified immunity for any mistake in believing that this equipment could be seized, since qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" (Id.) Defendants contend that "none of the Troopers violated Plaintiff's clearly established statutory or constitutional rights by taking this electronic equipment." (Id., p. 12.) Defendants explain that  "[t]hese Troopers, who were attacked by Mr. and Mrs. Deakins and their son, Anthony, noticed the surveillance system in place and believed that it may have been connected to computers, which were located in the room in which they arrested their three attackers." (Id.) Defendants argue that their decision to seize "what they believed may be evidence of the crimes committed against them," was reasonable and not in violation of any clearly established constitutional right. (Id.)

In Response, Mr. Deakins argues that Defendants improperly searched the residence and wrongfully seized two computers and a camera. (Document No. 186, p. 15.) Mr. Deakins explains that "Defendant Troopers illegally seized my personal property outside our 'wingspan' and/or 'grabbable' area [incidental to arrest] outside the area of the person' immediate control." (Id.) Mr. Deakins argues that Defendants violated his "constitutional right to be free from unreasonable

searches and seizures as guaranteed by the Fourth Amendment." (Id.)

Courts have established qualified immunity for government officials in consideration of a number of factors including the substantial cost of litigation against government officials, the distraction of government officials from their public responsibilities and the disincentive to responsible and capable persons to accept government positions if there is no protection against suits accusing them of misconduct in the performance of their public duties. Government officials performing discretionary functions are generally protected from civil damages liability if their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231, 129 S.Ct. 808, 815, 172 L.Ed.2d 565 (2009)(quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)). In determining the validity of a qualified immunity defense, the Court should be guided by a two-prong test: (1) whether the facts viewed in the light most favorable to the Plaintiff establish a deprivation of an actual constitutional right; and (2) whether that right was clearly established at the time of the purported violation. Id. The sequence of the steps is immaterial following Pearson. The Court may exercise discretion in deciding which of the two prongs "should be addressed first in light of the circumstances in the particular case at hand." Id. at 818.

The Fourth Amendment of the United States Constitution states that "[t]he right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." Warrantless searches are *per se* unreasonable unless the United States shows that the search falls within an established exception. Coolidge v. New Hampshire, 403 U.S. 443, 454 - 455, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). Another exception to the warrant requirement is when incriminating evidence is in the plain view of an officer. Horton v. California, 496 U.S. 128, 136 -

137, 110 S.Ct. 2301, 2308, 110 L.Ed.2d 112 (1990). An officer may seize incriminating evidence in plain view without a warrant or consent as long as the officer arrives in the place where the evidence is plainly viewed without violating the Fourth Amendment and the incriminating nature of the evidence is immediately apparent.[4] Horton, 496 U.S. at 136, 110 S.Ct. at 2308; United States v. Jackson, 131 F.3d 1105, 1108 (4th Cir. 1997)("only those items that are perceived to be contraband, stolen property, or incriminating in character" may be seized without a warrant). The "immediately apparent" requirement means that officers must have probable cause to believe the item is associated with criminal activity. Arizona v. Hicks, 480 U.S. 321, 326-27, 107 S.Ct. 1149, 94 L.Ed.2d 347 (1987). The Court must assess the totality of the circumstances in evaluating whether probable cause existed to support a seizure. See Adkins v. McClanahan, 2013 WL 942323, * 4 (W.D.Va. March 11, 2013).  "[P]robable cause is a flexible, common-sense standard" that "merely requires that the facts available to the officer would 'warrant a man of reasonable caution in the belief' that certain items may be contraband or stolen property or useful as evidence of a crime; it does not demand any showing that such a belief be correct or more likely true than false." Texas v. Brown, 460 U.S. 730, 742, 103 S.Ct. 1535, 1543, 75 L.Ed.2d 502 (1983)(citation omitted). "A 'practical, nontechnical' probability that incriminating evidence is involved is all that is required." Id., citing Brinegar v. United States, 338 U.S. 160, 176, 69 S.Ct. 1302, 1311, 93 L.Ed.

---

[4]   An officer does not violate the Fourth Amendment by conducting a limited protective sweep of an area when the officer reasonably believes that there are other persons there who may pose some danger. Maryland v. Buie, 494 U.S. 325, 334, 110 S.Ct. 1093, 1098, 108 L.Ed.2d 276 (1990)("[T]here must be articulable facts which, taken together with the rational inferences from those facts, would warrant a reasonably prudent officer in believing that the area to be swept harbors an individual posing a danger to those on the arrest scene."). See United States v. Stubblefield, 758 F.Supp. 1203, (E.D.Mich. 1991)(Suppression of evidence of credit card fraud discovered in plain view as police made a protective sweep of a residence denied).

1879 (1949). Probable cause, however, requires more than reasonable suspicion. Alabama v. White, 496 U.S. 325, 330, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990). For purposes of qualified immunity, the undersigned finds all of the foregoing principles were clearly established, and a reasonable officer would have been aware of these rights, at the time the challenged conduct occurred in the instant case.

First, the undersigned will consider whether Defendants Long, Jackson, Baker, and Wade are entitled to qualified immunity for seizing Mr. Deakins' two personal computers. The record reveals that upon arriving at the Deakins' residence, Defendants observed what appeared to be surveillance cameras in operation. (Document No. 179-3, p. 4.) Mr. Deakins acknowledges that his residence was monitored by surveillance cameras. (Document No. 179-9, p. 6.) Sean and Anthony Deakins also state that the Deakins' residence was monitored by surveillance cameras, but contend that the surveillance cameras were located only on the outside of the residence with the security monitor located in the living room area. (Document No. 186-2, pp. 28 - 28, 32 and 33.) Defendants contend that Mr. Deakins, Mrs. Deakins, and Anthony Deakins attacked Defendants when they entered the residence. Defendants argue that they seized the two personal computers following the attack upon them because they believed the computers were connected to the surveillance cameras and contained incriminating evidence of the attack. (Id.) Viewing the totality of the circumstances, the undersigned finds that Defendants did not have probable cause to believe the two personal computers contained evidence of attack upon them. The record contains no evidence that Defendants observed surveillance cameras inside the Deakins' residence. The record reveals that the surveillance cameras were located on the outside of the residence, while the attack upon Defendants occurred inside the residence. The undersigned finds that a reasonable officer would not have

26

concluded that the computers contained incriminating evidence allowing a warrantless seizure. An officer who makes an honest, but objectively unreasonable mistake, is not protected by qualified immunity. See Henry v. Purnell, 652 F.3d 524, 531 (4th Cir. 2011), cert. denied, ___ U.S. ___, 132 S.Ct. 781, 181 L.Ed.2d 488 (2011)("Although officers are only human and even well-intentioned officers may make unreasonable mistakes on occasion, the doctrine of qualified immunity does not serve to protect them on those occasions.") Based on the foregoing, the undersigned finds that Defendants are not entitled to qualified immunity because the facts viewed in the light most favorable to Mr. Deakins establish a deprivation of an actual constitutional right, which was clearly established at the time of the purported violation.

Second, the undersigned will consider whether Defendants Long, Jackson, Baker, and Wade violated Mr. Deakin's clearly established statutory or constitutional rights by seizing the digital camera. Defendant Long states that he observed Mr. Deakins holding and pointing a camera in his direction upon entering the residence. (Document No. 179-3, p. 4.) Defendants argue that they seized the camera following the attack upon them by Mr. Deakins, Mrs. Deakins, and Anthony Deakins. (Id.) Defendants explain that they seized the camera believing it to contain incriminating evidence of the attack upon them. (Id.) As stated above, an officer may seize incriminating evidence in plain view without a warrant or consent as long as the officer arrives in the place where the evidence is plainly viewed without violating the Fourth Amendment and the incriminating nature of the evidence is immediately apparent. Viewing the totality of the circumstances, the undersigned finds that Defendants had probable cause to believe the camera contained evidence of a crime. Defendant Long viewed the camera being used upon entering the property, and Defendants were subsequently

27

attacked by Mr. Deakins, Mrs. Deakins, and Anthony Deakins.[5] Accordingly, Defendants are entitled to qualified immunity for the warrantless seizure of Mr. Deakins' digital camera.

### D.      Claim of Conspiracy on Part of Defendants Rogers and Shrewsbury:

In their Motion for Summary Judgment, Defendants argue that "[a]ny bystander liability claims against Troopers Shrewsbury and Rogers fails" as there is no evidence to support such a claim (Document No. 180, pp. 12 - 13.). In Response, Mr. Deakins contends that his "claims against Defendants P.H. Shrewsbury and D.B. Rogers are not for 'bystander liability' as Defense Counsel wrongly alleges in their Partial MSJ against Harry Deakins, but are for conspiracy pursuant to 42 U.S.C. § 1983." (Document No. 186, pp. 11 - 13.) In Reply, Defendants argue there is no "evidence of a conspiracy on the part of Troopers Rogers and Shrewsbury." (Document No. 188, pp. 9 - 12.)

To establish a civil conspiracy under Section 1983, a plaintiff must present evidence that "the defendants conspired or acted jointly or in concert and that some overt act was done in furtherance of the conspiracy, which resulted in plaintiff being deprived of the constitutional right." Hafner v. Brown, 983 F.2d 570, 577 (4th Cir. 1992); also see Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (1996). Although a plaintiff need not produce direct evidence of a meeting of minds, the plaintiff must come forward with specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective. Hafner, 983 F.2d at 675 - 577. Thus, "to survive a properly supported summary judgment motion, Plaintiff's evidence must, at least, reasonably lead to the inference that Defendants positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan." Horton v. Dobbs, 2011 WL 3606369, * 29 (N.D.W.Va.

---

[5]   The record reveals that Mr. Deakins, Mrs. Deakins, and Anthony Deakins have been convicted based upon their attack upon Defendants. (Document No. 179-6, 179-7, 179-8.) Mrs. Deakins has appealed her misdemeanor conviction to the Circuit Court of Mercer County.

July 11, 2011).

Based upon a review of the record, there is no evidence that Defendants Rogers or Shrewsbury conspired to the use excessive force. In their Affidavits, Mr. Deakins, Mrs. Deakins, and Anthony Deakins state that they "personally observed Rogers and Shrewsbury present in the WVSP garage area, hallway area, and back office area."[6] During Mr. Deakins' video deposition, however, he admits that he has no recollection of seeing or talking to Defendant Rogers at the detachment. (Document No. 179-9, pp. 14 - 15.) Additionally, Mr. Deakins acknowledged that he only recalled seeing Defendants Long and Jackson when he was allegedly being beaten at the detachment. (Id., p. 16.) As to Mrs. Deakins' Affidavit, the undersigned agrees with Defendants that the Affidavit should be disregarded and stricken as Mrs. Deakins invoked her Fifth Amendment right to remain silent during her deposition. It is well established that the Fifth Amendment cannot be used as both a shield and a sword in an effort to defeat summary judgment. In re Edmond, 934 F.2d 1304, 1308-09 (4th Cir. 1991)(a district court is justified in striking an affidavit when a party has selectively asserted "his Fifth Amendment privilege . . . as a shield to oppose depositions while discarding it for the limited purpose of making statements to support a summary judgment motion."); United States v. Parcels of Land, 903 F.2d 36, 43 (1st Cir. 1990)("[T]he district court had ample authority to strike Laliberte's affidavit after he invoked the fifth amendment and refused to

---

[6] In their Affidavits, Mr. Deakins and Anthony Deakins state that Defendants Shrewsbury and Rogers had personal knowledge of the unlawful beating and failed to intervene. "An affidavit or declaration used to . . . oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." In the instant case, Mr. Deakins and Anthony Deakin's Affidavits contain no facts indicating that Defendants Shrewsbury or Rogers were present or were aware of the use of excessive force. Thus, the above statements by Mr. Deakins and Anthony Deakins are conclusory and improper.

answer the government's deposition questions. It is well-accepted that a witness' direct testimony can be stricken if she invokes the fifth amendment on cross-examination to shield that testimony from scrutiny."); Holmes v. Republic National Distributing Co., LLC, 2011 WL 6014220, * 2 (D.Md. Dec. 1, 2011)("A plaintiff cannot thwart an opposing party's defense of its case by claiming the Fifth Amendment privilege against self-incrimination in order to keep discoverable evidence out of the opponent's hands."). Finally, Anthony Deakins states in his Affidavit that Defendants Rogers and Shrewsbury were present at the detachment and "[i]t would have been totally impossible for both Rogers and Shrewsbury, not to have personally observed and heard" the attack and the screams of his father. Anthony Deakins, however, does not state that Defendants Rogers and Shrewsbury saw Mr. Deakins being beaten. Thus, Mr. Deakins merely contends that Defendants Rogers and Shrewsbury conspired to the use of excessive force because they were present in the detachment while Mr. Deakins was allegedly being beaten by Defendants Long and Jackson. Based on the foregoing, the Court finds that Mr. Deakins' claim that Defendants Rogers and Shrewsbury conspired to the use of excessive force is speculative and conclusory. Mere conclusory allegations of a conspiracy do not demonstrate the "meeting of the minds" element and therefore, fails to state a cognizable claim. See Brown v. Angelone, 938 F.Supp. 340, 346 (W.D. Va. 1996). There is no evidence that Defendants Rogers and Shrewsbury formed an agreement to allow Defendants Long and Jackson to use excessive force upon Mr. Deakins. Additionally, there is no evidence that Defendants Rogers and Shrewsbury personally observed a violation of the law and did nothing to prevent it. Accordingly, the undersigned recommends that Defendants Rogers and Shrewsbury be granted summary judgment as Mr. Deakins' civil conspiracy claim.

### E.     No Evidence to Support a Claim Against T.S. Pack:

In his Motion, Defendant Pack contends he is entitled to summary judgement. (Document No. 180, pp. 7 - 9.) Defendant Pack first states that "Mr. Deakins lacks any evidence that the defendant Troopers were negligently trained or supervised or that Mr. Pack had any personal involvement in this incident, and any claims against Mr. Pack must fail." (Id., p. 8.) Defendant Pack further contends there is "no evidence at all that Mr. Pack was involved, in any way, in this incident or had reason to know that such an incident would occur." (Id., pp. 8 - 9.) Mr. Deakins' Response fails to address Defendant Pack's request for summary judgment. (Document No. 186.) Defendant Pack, therefore, argues that he is entitled to summary judgment. (Document No. 188, p. 3).

"Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. * * * Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the officials own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676, 129 S.Ct. 1936, 1948, 173 L.Ed.2d 868 (2009); see also Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001), cert. denied, 537 U.S. 1045 , 123 S.Ct. 621, 154 L.Ed.2d 517 (2002)("In a Bivens suit there is no *respondeat superior* liability. * * * Instead, liability is personal, based upon each defendant's own constitutional violations." (Citation omitted.)); Monell v. Department of Social Services of the City of NY, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)("the mere right to control without any control or direction having been exercised and without any failure to supervise is not enough to support § 1983 liability"). Liability can be premised, however, "on a recognition that supervisory indifference or 'tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." Slakan v. Porter,

737 F.2d 368, 372 (4th Cir. 1984), cert. denied, 470 U.S. 1035, 105 S.Ct. 1413, 84 L.Ed.2d 796

(1985). To establish liability under Section 1983 for a supervisory defendant, the plaintiff must

establish the following:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was
> engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional
> injury to citizens like the plaintiff; (2) that the supervisor's response to that
> knowledge was so inadequate as to show "deliberate indifference to or tacit
> authorization of the alleged offensive practices;" and (3) that there was an
> "affirmative causal link" between the supervisor's inaction and the particular
> constitutional injury suffered by the plaintiff.

Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). Thus, a plaintiff must show "a pervasive and

unreasonable risk of harm from some specified source and that the supervisor's corrective inaction

amounts to deliberate indifference or 'tacit authorization of the offensive [practices].'" Slakan, 737

F.2d at 373. Evidence of a supervisor's continued inaction in the face of documented widespread

abuses provides an independent basis for finding he either was deliberately indifferent or acquiesced

in the constitutionally offensive conduct of his subordinates. Id. A supervisor's mere knowledge of

a subordinate's unconstitutional conduct is not enough. Rather, Section 1983 liability may be

imposed upon a supervisor only on the basis of purposeful "violations of his or her supervisory

responsibilities." Ashcroft, 556 U.S. at 676, 129 S.Ct. at 1949.

    In his Motion, Defendant Pack argues there is no evidence that Defendant Troopers were

"negligently trained or supervised or that Mr. Pack had any personal involvement in this incident."

Once the moving party demonstrates the lack of evidence to support the non-moving party's claims,

the non-moving party must go beyond the pleadings and make a sufficient showing of facts

presenting a genuine issue for trial. Celotex, 477 U.S. at 325, 106 S.Ct. at 2554("the burden on the

moving party may be discharged by 'showing' - that is, pointing out to the district court - that there

is an absence of evidence to support the nonmoving party's case"); <u>Matsushita</u>, 475 U.S. at 586 -

87, 106 S.Ct. at 1356. Based upon a review of the record, the undersigned finds no evidence

indicating that Defendant Pack was aware of an unreasonable risk of harm or misconduct by

Defendant Troopers and failed to take corrective action. Specifically, there is no indication that

Defendant Pack was aware of misconduct by any of the Defendant Troopers and he failed to

adequately train or supervise them. Additionally, there is no evidence that Defendant Pack had any

personal involvement in the alleged incident occurring on April 22, 2010. As stated above, summary

judgment is required when a party fails to make a showing sufficient to establish an essential

element of a claim, even if there are genuine factual issues proving other elements of the claim.

<u>Celotex</u>, 477 U.S. at 322-23, 106 S.Ct. at 2552-53. Accordingly, the undersigned recommends that

Defendant Pack's Motion for Summary Judgment be granted.

**2.**     **<u>Defendants' "Motion for Summary Judgment Against Kay Deakins":</u>**

    **A.**     **Mrs. Deakin's Request to Strike Exhibits:**

In Response to Defendants' Motion for Summary Judgment, Mrs. Deakins argues that the

Court should strike Defendants' Exhibits filed in support of the Motion. (Document No. 186.) Mrs.

Deakins states that "she objects to and moves to strike seven of defendants' Exhibits [A, B, F, G,

H, I & J] on the grounds that the items have not been properly authenticated, constitute blatant

hearsay, and are irrelevant and inadmissible and does not constitute proper summary judgment

evidence." (Document No. 189, p. 7.) Mrs. Deakins further argues that the above Exhibits do "not

conform to and violate many sections of the Federal Rules of Evidence." (<u>Id.</u>) In Reply, Defendants

argue that Mrs. Deakins request should be denied. (Document No. 190, pp. 4 - 8.) Defendants state

that "the opposing party must object on the basis that the evidence offered '<u>cannot</u> be presented in

a form that would be admissible in evidence,' not that it has not been presented in an admissible format." (Id., p. 4.)

As stated above, Rule 56(c)(1)(A) of the Federal Rules of Civil Procedure provides that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). "A party may object that the material cited to support or dispute a fact *cannot be presented in a form* that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2)(emphasis added); also se Akers, 845 F.Supp.2d at 243(internal quotation marks and citation omitted)(The 2010 amendments to Rule 56(c)(2) "eliminated the unequivocal requirement that documents submitted in support of a summary judgement motion must be authenticated."); Foreword Magazine, Inc., 2011 WL 5169384 at * 2("Significantly, the objection contemplated by the amended Rule is not that the material 'has not' been submitted in admissible form, but that it 'cannot' be.").

Based on the foregoing, the undersigned will consider Defendants' Exhibits A, B, F, G, H, I, and J. First, the undersigned will consider Mrs. Deakins' argument that the Exhibits A, B, F, G, and H are not properly authenticated. The undersigned notes that Mr. Deakins asserted the same objections concerning the above Exhibits. For the same reasons set forth above, the undersigned finds that Exhibits A, B, F, G, and H are properly authenticated and appropriate for consideration concerning Defendants' Motion for Summary Judgment. Next, the undersigned will consider Mrs. Deakins' argument that the Exhibits are irrelevant and inadmissible.

As Exhibit A, Defendants filed a copy of the Grand Jury Indictment, Plea Agreement, and

Sentencing Order as filed in <u>Commonwealth of Virginia v. Harry Edwards Deakins</u>, Case No. CR 10-156-00; 156-01; 156-02 (Cir. Ct. Tazewell Co. April 28, 2011). (Document No. 181-1.) As Exhibit B, Defendants filed a copy of Arrest Warrants for Harry Deakins issued by the Tazewell County General District Court dated February 3, 2010 (Document No. 181-2, pp. 2 - 3.) and a copy of a "Warrant for Arrest - For Fugitive From Justice" as issued by the Mercer County Magistrate Court on April 22, 2010 (<u>Id.</u>, pp. 4 - 5.). Mrs. Deakins contends that the above documents are improper pursuant to Rule 404(b) of the Federal Rules of Evidence. Rule 404(b)(1) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Rule 404(b)(2) provides that "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). The undersigned finds that the above documents are relevant and can be admissible evidence as Defendants state they were executing an arrest warrant for Mr. Deakins on April 22, 2010, based upon the Tazewell County Indictment. Defendants argue that the above documents prove Defendants properly entered the Deakins' residence, resulting in the arrest of Mr. Deakins, Mrs. Deakins, and Anthony Deakins. The Court finds that the documents contained in Exhibits A and B(Document No. 181-1 and 181-2.) may be considered for the purposes of the motion for summary judgment as the documents are relevant and can be admissible evidence. The decision as to whether the above Exhibits will be admissible at trial will be governed by the District Court's ruling on the Motion in Limine.

As Exhibit F, Defendants filed a copy of the "Criminal Case History" and "Guilty or No Contest Plea" concerning <u>State v. Harry Edward Deakins</u>, Case No. 10-M-1236 as filed in the

Magistrate County of Mercer County, West Virginia. (Document No. 181-6.) As Exhibit G, Defendants filed a copy of the "Indictment for: Attempt to Disarm a Police Officer, Battery on a Police Officer, and Brandishing a Deadly Weapon" and an Order Accepting Plea of Guilty as filed in State v. Anthony Todd Deakins, Case No. 10-F-216 (Cir. Ct. Mercer County) (Document No. 181-7.) As Exhibit H, Defendants filed a copy of the "Criminal Case History" concerning State v. Kay F. Deakins, Case Nos. 10-M-1238,  1239, 1240, 1241, as filed in the Magistrate County of Mercer County, West Virginia (Document No. 181-8.). Mrs. Deakins contends that the above documents are improper pursuant to Rule 404(b) of the Federal Rules of Evidence. The undersigned finds that the above documents are relevant and can be admissible evidence as Defendants state that on April 22, 2010, Mr. Deakins, Mrs. Deakins, and Anthony Deakins attacked Defendant Troopers when they entered the residence to execute the arrest warrant for Mr. Deakins. Defendants, therefore, state that they used an appropriate amount for force on April 22, 2010. Citing Heck, Defendants contend that Mrs. Deakins' claim of unlawful arrest is precluded due to her convictions in Case Numbers 10-M-1238, 10-M-1239, 10-M-1240, and 10-M-1241. Based on the foregoing, the undersigned finds that the documents contained in Exhibits F, G, and H (Document Nos. 181-6, 181-7, and 181-8.) may be considered for the purposes of the motion for summary judgment as the documents are relevant and can be admissible evidence. The decision as to whether the above Exhibits will be admissible at trial will be governed by the District Court's ruling on the Motion in Limine.

As Exhibits I and J, Defendants filed a copy of the transcripts from the "Video Deposition of Harry E. Deakins, Sr." and the "Video Deposition of Kay F. Deakins. (Document No. 181-9 and 181-10.) Rule 56(c)(1)(A) provides that a party may submit depositions in support of a summary

judgment motion. Thus, the use of deposition testimony is proper evidence to support a motion for summary judgment. Additionally, the undersigned finds that the deposition may be authenticated. The deposition contains the "Reporter's Certificate" stating that "I do certify that said deposition was correctly taken by me, by means of Stenomask; that the same was transcribed by me or under by supervision; and that said transcript is a true record of the testimony given by said witness." (Document No. 181-9, pp. 12 - 13 and Document No. 181-10, p. 13.) Additionally, the depositions contain relevant material and can be admissible evidence. Thus, the undersigned finds that Exhibits I and J (Document Nos. 181-9 and 181-10.) may be properly considered for purposes of the motion for summary judgment. Based on the foregoing, the undersigned finds that Mrs. Deakins' request to strike Defendants' Exhibits should be denied.

**B.      Fifth Amendment Privilege:**

In their Motion, Defendants argue that "Ms. Deakins is now precluded from offering evidence in opposition to the [Motion for Summary Judgment] and her claims should be dismissed" because she withheld any and all testimony on Fifth Amendment grounds. (Document No. 182, pp. 5 - 9.) Defendants state that "Ms. Deakins' refusal to answer a single question at her deposition completely prevented Defendants from exploring the veracity of her claim." (Id., p. 7.) Defendants claim that "Ms. Deakins' refusal to testify results in her being precluded from offering evidence, including affidavits or discovery responses, in opposition to Defendants' MSJ." (Id.) Defendants, therefore, request that Mrs. Deakins' claims be dismissed. (Id., p. 8.)

In Response, Mrs. Deakins argues that "Defendants failed to object at depositions and failed to file a motion to compel deposition answers of Kay Deakins, therefore, Defendants have waived their right to subsequently challenge her alleged assertion of her 5th Amendment privilege."

(Document No. 189, p. 16.) Mrs. Deakins disputes that she did not answer a "single question at her deposition." (Id.) Mrs. Deakins states that "I answered nine questions without allegedly evoking my Fifth Amendment Privilege." (Id.) Mrs. Deakins claims that "Mr. Mullins did not need to abruptly end the deposition, without continuing to ask me multiple questions in regard to the civil lawsuit." (Id., p. 16.) Mrs. Deakins states that "Mr. Mullins and/or Mr. Raupp could have continued to ask me questions for seven hours, pursuant to the FRCP." (Id., pp. 16 - 17.)

In Reply, Defendants argue that "by invoking her Fifth Amendment rights and refusing to answer any questions relevant to the events in question at her deposition, Plaintiff was precluded from offering evidence in opposition to the MSJ." (Document No. 190, p. 1.) Defendants argue that "as a result, Defendants clearly established that: (1) there was probable cause to arrest Plaintiff; (2) excessive force was not used; (3) since Plaintiff was lawfully arrested and not subject to excessive force, there could be no claim for intentional infliction of emotional distress; (4) the property was lawfully seized or, at the very least, the Troopers are entitled to qualified immunity; (5) there was no support for any claim against then-WVSP Superintendent T.S. Pack; and (6) Plaintiff's Third Amendment Complaint does not make any factual allegations against Troopers D.B. Rogers and P.H. Shrewsbury." (Id., pp. 1 - 2.) Defendants further dispute that Mrs. Deakins answered nine questions before invoking her Fifth Amendment rights. (Id., p. 9.) Specifically, Defendants state that "[a]mong the probing questions Plaintiff answered before following her husband's instruction to invoke her Fifth Amendment rights were '[w]e've never met before, have we?' and '[c]an you please state your full name for the record?'" (Id.) Defendants explain that "immediately after being asked the above questions, Plaintiff invoked her right to remain silent and affirmatively and unambiguously stated that, because her pending criminal charges were directly related to the events

38

giving rise to this lawsuit (the truth of which these defendants do not contest), she refused to answer any and all questions posed to her." (Id.) Defendants state that they concluded the deposition because "Plaintiff clearly declined to answer any questions related to the incident giving rise to this lawsuit." (Id., pp. 9 - 10.)

The Fifth Amendment of the United States Constitution provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself . . .." The Supreme Court has recognized that the Fifth Amendment may be asserted in response to a deposition question in a civil case when the answer to the question might incriminate the deponent in a future criminal proceeding. Kastigar v. United States, 406 U.S. 441, 444 - 445, 92 S.Ct. 1653, 1656, 32 L.Ed.2d 212 (1972)(The Fifth Amendment privilege "can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory; and it protects against any disclosures which the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used."); Lefkowitz v. Turley, 414 U.S. 70, 77, 94 S.Ct. 316, 322, 38 L.Ed.2d 274 (1973)(The Fifth Amendment "not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answer might incriminate him in future proceedings.") The privilege "does not merely encompass evidence which may lead to criminal conviction, but includes information which would furnish a link in the chain of evidence that could lead to prosecution, as well as evidence which an individual reasonably believes could be used against him in a criminal prosecution." Maness v. Myers, 419 U.S. 449, 461, 95 S.Ct. 584, 592, 42 L.Ed.2d 574 (1975). The mere assertion of the privilege against self-incrimination in response to questioning does not *ipso facto* prohibit the

questioning. Hoffman v. United States, 341 U.S. 476, 486, 71 S.Ct. 814, 818, 95 L.Ed. 1118 (1951)("The witness is not exonerated from answering merely because he declares that in so doing he would incriminate himself – his say-so does not of itself establish the hazard of incrimination."); United States v. Sharp, 920 F.2d 1167, 1170 (4th Cir. 1990). "The central standard for the privilege's application has been whether the claimant is confronted by substantial and 'real,' and not merely trifling or imaginary, hazards of incrimination." Marchetti v. United States, 390 U.S. 39, 53, 88 S.Ct. 697, 705, 19 L.Ed.2d 889 (1968). "To sustain the privilege, it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." Hoffman v. United States, 341 U.S. at 486 - 487, 71 S.Ct. at 818. The incriminating potential may be facially or contextually evident. United States v. Sharp, 920 F.2d at 1170. "[T]he reasonableness of the claimed apprehension should simply be assumed once incriminating potential is found, unless there are genuine questions about the government's legal ability to prosecute. That is to say, once incriminating potential is found to exist, courts should not engage in raw speculation as to whether the government will actually prosecute." Id., at p. 1171.

Furthermore, the United States Supreme Court has recognized that a court may not impose a sanction on a litigant that would make an assertion of her Fifth Amendment privilege "costly." Griffin v. California, 380 U.S. 609, 614, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). The type of "cost" condemned by the Supreme Court includes (1) forcing of a party to choose between the Fifth Amendment privilege or dropping her lawsuit, or (2) requiring the party to continuing with her lawsuit and exposing herself to criminal liability. Id.; also see Wehling v. Columbia Broadcasting System, 608 F.2d 1084, 1087-88 (5th Cir. 1979)(A plaintiff has a Fifth Amendment right to silence

40

and a due process right to a judicial determination of his civil action. The Supreme Court disapproves requiring a plaintiff to surrender one constitutional right in order to assert another.); Swann v. City of Richmond, 462 F.Supp.2d 709 (E.D.Va. Nov. 17, 2006). It is well established, however, that a "plaintiff who retreats under the cloak of the Fifth Amendment cannot hope to gain an unequal advantage against the party he [or she] has chosen to sue. To hold otherwise would, in terms of the customary metaphor, enable plaintiff to use his [or her] Fifth Amendment shield as a sword." Wehling, 608 F.2d at 1088(citations omitted)("While it may be true that an individual should suffer no penalty for the assertion of a constitutional right, neither should third parties sued by that individual who have no apparent interest in the criminal prosecution, be placed at a disadvantage thereby." ). Although a civil plaintiff has no absolute right to both her silence and her lawsuit, a civil defendant has no absolute right to dismissal anytime a plaintiff invokes her Fifth Amendment privilege. Id.; also see Serafino v. Hasbro, Inc., 82 F.3d 515, 518 (1st Cir. 1996)("while a trial court should strive to accommodate a party's Fifth Amendment interest . . . it also must ensure that the opposing party is not unduly disadvantaged."). "When plaintiff's silence is constitutionally guaranteed, dismissal is appropriate only where other, less burdensome, remedies would be ineffective means of preventing unfairness to defendant." Id. (Where a plaintiff's refusal to submit to discovery is based on his exercise of a constitutional right, "dismissal may only be used as a remedy of last resort."). Thus, "the Fifth Amendment privilege should be upheld unless defendants have substantial need for particular information and there is no other less burdensome effective means of obtaining it." Serafino, 82 F.3d at 518 (citation omitted).

In the instant case, Defendants do not dispute that Mrs. Deakins had the right to invoke her Fifth Amendment privilege. The issue, however, is what effect the assertion of the Fifth Amendment

privilege will have on her claims against Defendants. Defendants argue that Mrs. Deakins claims should be dismissed because her "refusal to answer a single question at her deposition completely prevented Defendants from exploring the veracity of her claims." (Document No. 182, p. 7.) Defendants, however, fail to "allege a substantial need for particular information" and that "there is no other less burdensome effective means of obtaining it." Concerning Mrs. Deakins' claim of excessive force, Defendants argue that they used an appropriate amount of force in response to an attack by Mrs. Deakins on April 22, 2010.[7] Defendants explain that criminal charges were initiated against Mrs. Deakins in Mercer County, West Virginia, based upon Mrs. Deakins' criminal conduct. Attaching State court records, Defendants state that Mrs. Deakins was convicted of one count of obstruction of an officer, two counts of battery on an officer, and one count of assault on an officer. Additionally, Defendants can testify in their defense. Thus, Defendants have alternative means of presenting an effective defense without resort to Mrs. Deakins' testimony. The undersigned finds no undue disadvantage upon Defendants. Based on the foregoing, the undersigned finds that dismissal based upon Mrs. Deakins' assertion of the Fifth Amendment privilege is improper as Defendants failed to show a "substantial need for particular information" and that "there is no other less burdensome effective means of obtaining it."

Defendants further argue that all of Mrs. Deakins' claims should be dismissed because she "is now precluded from offering evidence in opposition to the MSJ." (Document No. 182, p. 8.) Although Mrs. Deakins' assertion of her Fifth Amendment privilege may preclude her from offering

---

[7] Although Defendants claim they are prevented from exploring the veracity of Mrs. Deakins' claims, Defendants fail to specify which of Plaintiff's claims they wish to explore. Since Defendants argue they were using an appropriate amount of force in response to an attack by Mrs. Deakins, the undersigned will assume Defendants are arguing they cannot explore the veracity of Mrs. Deakins' excessive force claim.

her own Affidavit, Mrs. Deakins may offer documentary evidence or testimony from other witnesses. In re Edmond, 934 F.2d at 1308-09 (4th Cir. 1991)(a district court is justified in striking an affidavit when a party has selectively asserted "his Fifth Amendment privilege . . . as a shield to oppose depositions while discarding it for the limited purpose of making statements to support a summary judgment motion."); also see United States v. Parcels of Land, 903 F.2d at 43. Accordingly, the undersigned recommends that Defendants' Motion for Summary Judgment based upon the above should be denied.

      **C.**      **Claim of Unlawful Arrest:**

      In their Motion, Defendants Long, Jackson, Baker, and Wade argue that they are entitled to summary judgment as to Mrs. Deakin's claim of unlawful arrest. (Document No. 182.) Defendants argue that they lawfully entered the residence because "(1) there was a valid warrant for her husband's arrest; (2) the troopers knew that Mr. Deakins was inside; and (3) Ms. Deakins attacked Trooper Baker." (Id., p. 15.) Defendants state that Mrs. Deakins "was found guilty of three charges stemming from her attack on Trooper Baker."(Id.) Citing Heck v. Humphrey, 512 U.S. 477 (1994), Defendants argue that Mrs. Deakins "cannot bring a lawsuit with claims that, if successful, would undermine the validity of her prior criminal convictions."(Id.)

      In Response, Mrs. Deakins states that "I have never been convicted of any charges against any Defendant(s) [including Trooper Baker]." (Document No. 189, p. 17.) Mrs. Deakins states that she has appealed her misdemeanor convictions. (Id., pp. 17 - 18.) Mrs. Deakins explains that she is entitled to a trial de novo in Circuit Court. (Id., p. 18.) Mrs. Deakins, therefore, contends that she has not yet been convicted of any charges. (Id., pp. 17 - 18.)

      The undersigned finds that Defendants' Motion for Summary Judgment should be granted

to the extent Mrs. Deakins is challenging the validity of her arrest. Based upon a review of the

record, arrest warrants were issued for Mr. Deakins based upon an Indictment charging him with

malicious wounding, unlawful wounding, and destruction of personal property returned by the

Grand Jury in Tazewell County, Virginia. (Document Nos. 181-1 and 181-2.) As a result of her

conduct at the time of Mr. Deakins' arrest on April 22, 2010, Mrs. Deakins was arrested and charged

with obstruction of an officer, battery on an officer, and assault on an officer in Mercer County,

West Virginia. (Document No. 181-8.) On September 28, 2012, Mrs. Deakins was found guilty in

Mercer County Magistrate Court of the charges of obstruction of an officer, battery on an officer,

and assault on an officer. (Id.) In the instant case, Mrs. Deakins alleges that her constitutional rights

were violated during the course of her arrest on April 22, 2010. Specifically, Plaintiff appears to

challenging the lawfulness of her arrest, which would render her convictions or sentences invalid

(Case Nos. 10-M-38, 10-M-39, 10-M-40, and 10-M-41). Given the nature of Plaintiff's allegations,

it appears that Plaintiff is implying that her convictions are invalid as a result of various

constitutional violations occurring during her arrest. Consequently, the undersigned finds that Mrs.

Deakins has failed to state a cognizable claim under Section 1983 pursuant to Heck v. Humphrey,

supra. As stated above, the United States Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness would render
> a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or
> sentence has been reversed on direct appeal, expunged by executive order, declared
> invalid by a state tribunal authorized to make such determination, or called into
> question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254.
> A claim for damages bearing the relationship to a conviction or sentence that has not
> been so invalidated is not cognizable under §1983.

Id. at 486-87, 114 S.Ct. 2372; also see Ballenger, 352 F.3d at 842. There is no evidence that Mrs.

Deakins either successfully appealed her convictions or filed a Petition Under 28 U.S.C. § 2254 for

Writ of *Habeas Corpus* By a Person in State Custody. The undersigned, therefore, finds that because Mrs. Deakins has not demonstrated that her criminal convictions have been invalidated, Mrs. Deakins' Section 1983 claim is not cognizable pursuant to <u>Heck</u>. Accordingly, the undersigned respectfully recommends that the claims of unlawful arrest be dismissed.

> **D.    Qualified Immunity as to Seizure of Electronics:**

In their Motion, Defendants Long, Jackson, Baker, and Wade argue that they are entitled to summary judgment as to Mrs. Deakin's claim of unlawful seizure of electronics. (Document No. 182, pp. 10 - 13, 17.) Specifically, Defendants explain that they observed surveillance equipment upon entering the Deakins' property. (<u>Id.</u>, p. 10.) Defendants state that they seized a camera and two personal computers from the Deakins' residence because they believed "that the electronics seized could possibly contain footage of the attack" upon Defendants. (<u>Id.</u>) Defendants Long, Jackson, Baker, and Wade argue they are "entitled to qualified immunity for any mistake in believing that this equipment could be seized, since qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" (<u>Id.</u>) Defendants contend that "none of the Troopers violated Plaintiff's clearly established statutory or constitutional rights by taking this electronic equipment." (<u>Id.</u>, p. 13.) Defendants explain that "[t]hese Troopers, who were attacked by Mr. and Mrs. Deakins and their son, Anthony, noticed the surveillance system in place and believed that it may have been connected to computers, which were located in the room in which they arrested their three attackers." (<u>Id.</u>) Defendants argue that their decision to seize "what they believed may be evidence of the crimes committed against them," was reasonable and not in violation of any clearly established constitutional right. (<u>Id.</u>)

In Response, Mrs. Deakins states that she "will rely upon her husband's arguments, case law

as previously presented [Section VII, pages 13, 14, 15, 16, & 17], in my husband's 'Plaintiff Harry E. Deakins, Sr. Response/Memorandum in Opposition to Defendants' Motion for Partial Summary Judgment against Harry Deakins' and all of his attached exhibits thereto." (Document No. 189, p. 15.)

The undersigned finds that Defendants and Mrs. Deakins present the identical arguments as addressed in Defendants' Motion for Summary Judgment against Mr. Deakins. For the same reasons set forth above, the undersigned recommends that Defendants' Motion for Summary Judgment as to the seizure of electronic equipment be granted in part and denied in part. Specifically, the undersigned recommends that Defendants Long, Jackson, Baker, and Wade be denied summary judgment concerning the seizure of the two personal computers and granted summary judgment as to the seizure of the digital camera.

### E.     No Evidence to Support a Claim Against T.S. Pack:

In his Motion, Defendant Pack contends he is entitled to summary judgement. (Document No. 182, pp. 13 - 14, 16 - 17.) Defendant Pack first states that "Ms. Deakins lacks any evidence that the defendant troopers were negligently trained or supervised or that Mr. Pack had any personal involvement in this incident." (Id., p. 17.) Defendant Pack further contends there is no evidence that Mr. Pack was involved in the incident occurring on April 22, 2010, or had reason to know that such an incident would occur. (Id., p. 14.) Mrs. Deakins' Response fails to address Defendant Pack's request for summary judgment. (Document No. 189.) Defendant Pack, therefore, argues that he is entitled to summary judgment. (Document No. 190, p. 2.)

As stated above, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. * * * Because vicarious liability

is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the officials own individual actions, has violated the Constitution." Ashcroft, 556 U.S. at 676, 129 S.Ct. at 1948. To establish liability under Section 1983 for a supervisory defendant, the plaintiff must establish the following:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices;" and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). A supervisor's mere knowledge of a subordinate's unconstitutional conduct is not enough. Slakan, 737 F.2d at 373. Rather, Section 1983 liability may be imposed upon a supervisor only on the basis of purposeful "violations of his or her supervisory responsibilities." Ashcroft, 556 U.S. at 676, 129 S.Ct. at 1949.

In his Motion, Defendant Pack argues there is no evidence that Defendant Troopers were "negligently trained or supervised or that Mr. Pack had any personal involvement in this incident." Defendant Pack states that it is undisputed that he was not at the Deakins' residence or the Princeton Detachment on April 22, 2010. Finally, Defendant Pack argues that "there is no evidence that any Troopers were 'engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like' Ms. Deakins." Once the moving party demonstrates the lack of evidence to support the non-moving party's claims, the non-moving party must go beyond the pleadings and make a sufficient showing of facts presenting a genuine issue for trial. Celotex, 477 U.S. at 325, 106 S.Ct. at 2554("the burden on the moving party may be discharged by 'showing' - that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's

47

case"); Matsushita, 475 U.S. at 586 - 87, 106 S.Ct. at 1356. Based upon a review of the record, the undersigned finds no evidence indicating that Defendant Pack was aware of an unreasonable risk of harm or misconduct by Defendant Troopers and failed to take corrective action. Specifically, there is no indication that Defendant Pack was aware of misconduct by any of the Defendant Troopers and he failed to adequately train or supervise them. Additionally, there is no evidence that Defendant Pack had any personal involvement in the alleged incident occurring on April 22, 2010. As stated above, summary judgment is required when a party fails to make a showing sufficient to establish an essential element of a claim, even if there are genuine factual issues proving other elements of the claim. Celotex, 477 U.S. at 322-23, 106 S.Ct. at 2552-53. Accordingly, the undersigned recommends that Defendant Pack's Motion for Summary Judgment be granted.

### F.    Claims Against Defendants Rogers and Shrewsbury:

In their Motion for Summary Judgment, Defendants argue that "Ms. Deakins has made no allegation against Troopers Shrewsbury or Rogers." (Document No. 182, p. 4.) In Response, Mrs. Deakins argues that she has asserted claims against Defendants Rogers and Shrewsbury. (Document No. 189, p. 4.) Specifically, Mrs. Deakins states that she is suing Defendants Rogers and Shrewsbury for "conspiratorial liability pursuant to 42 U.S.C. §§ 1983 and 1985." (Id.) Additionally, Mrs. Deakins argues that she alleged claims of excessive force, intentional infliction of emotional distress, and unlawful arrest by both Defendants. (Id. p. 5.) Finally, Mrs. Deakins states that she alleged a claim of unreasonable search and seizure by Defendant Shrewsbury. (Id.) In support of her claims, Mrs. Deakins references her Answer to Interrogatory Number 9. (Id., p. 4 and Document No. 189-3, pp. 30 - 32.)

In Reply, Defendants argue that Plaintiff has presented no evidence to support a claim

against Defendant Rogers as Plaintiff's Answer to Interrogatory Number 9 does not mention Defendant Rogers. (Document No. 190, p. 12.) Defendants further assert that "it is unclear how Plaintiff's Answer to Int. No. 9, which reads like a litany of conclusory allegations, established wrongdoing against Trooper Shrewsbury." (Id.) Defendant Shrewsbury argues that Mrs. Deakins concludes that he "failed to comply with the West Virginia State Police Evidence Maintenance & Security Policy," "failed to stop the alleged use of force against her husband," "failed to properly identify her husband prior to the other troopers' arrival at her home," "failed to render first aid to either her or her husband," improperly "accessed her personal computer's hard drive," and "engaged in a conspiracy to either harm or engaged in a cover up of harm done to her." (Id., pp. 13 - 14.) Defendants argue that the foregoing is not evidence, but is merely conclusory allegations by Mrs. Deakins. (Id.) Accordingly, Defendants Rogers and Shrewsbury claim they are entitled to summary judgment. (Id.)

### (i)      *Conspiracy Claim:*

As stated above, to establish a civil conspiracy under Section 1983, a plaintiff must present evidence that "the defendants conspired or acted jointly or in concert and that some overt act was done in furtherance of the conspiracy, which resulted in plaintiff being deprived of the constitutional right." Hafner, 983 F.2d at 577; also see Hinkle, 81 F.3d at 421. Although a plaintiff need not produce direct evidence of a meeting of minds, the plaintiff must come forward with specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective. Hafner, 983 F.2d at 675 - 577. Thus, "to survive a properly supported summary judgment motion, Plaintiff's evidence must, at least, reasonably lead to the inference that Defendants positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful

plan." Horton v. Dobbs, 2011 WL 3606369, * 29 (N.D.W.Va. July 11, 2011).

To establish a conspiracy under Section 1985(3)[8], a plaintiff must prove "(1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy." Unus v. Kane, 565 F.3d 103, 126 (4th Cir. 2009), citing Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir. 1995). Thus, to prove a Section 1985 conspiracy, a plaintiff "must show an agreement or a 'meeting of the minds' by defendants to violate the [plaintiff's] constitutional rights." Simmons, 47 F.3d at 1376(citation omitted). "[M]erely conclusory allegations of conspiracy, unsupported by a factual showing of participation in a join plan of action, are insufficient to support a section 1985(3) action against a motion for summary judgment." Id.

Based upon a review of the record, there is no evidence that Defendants Rogers or Shrewsbury conspired in violation of Sections 1983 or 1985. Plaintiff first contends that Defendants Rogers and Shrewsbury conspired to the use excessive force or the "unnecessary infliction of pain and suffering." The undersigned, however, finds no allegation or evidence that Defendant Rogers or Shrewsbury had any physical contact with Mrs. Deakins or were present at the Deakins' residence where the alleged use of excessive force occurred. Next, Mrs. Deakins contends that Defendant Shrewsbury conspired to inflict unnecessary pain by failing to render first aid. The record, however, reveals that Mrs. Deakins was transferred to the hospital for medical treatment. (Document No. 60,

---

[8] Section 1985(1) forbids conspiracies to prevent an officer from performing his duties and Section 1985(2) prohibits conspiracies aimed at intimidating a party, witness, or juror to a court proceeding. The undersigned notes that the Third Amended Complaint fails to state any allegations that would implicate these Sections.

p. 16, Document No. 189-2, pp. 25 - 27, and Document No. 181-3, pp. 9 - 10.) Thus, Mrs. Deakins merely contends that Defendants Rogers and Shrewsbury conspired to the use of excessive force and infliction of unnecessary pain because they were present at the detachment. Based on the foregoing, the Court finds that Mrs. Deakins' claim that Defendants Rogers and Shrewsbury conspired to the use of excessive force and the infliction of unnecessary pain is speculative and conclusory. Mere conclusory allegations of a conspiracy do not demonstrate the "meeting of the minds" element and therefore, fails to state a cognizable claim under either Section 1983 or Section 1985. See Simmons, 47 F.3d at 1376; Brown v. Angelone, 938 F.Supp. at 346. There is no evidence that Defendants Rogers and Shrewsbury formed an agreement to allow Defendant Troopers to use excessive force or inflict unnecessary pain upon Mrs. Deakins. Additionally, there is no evidence that Defendants Rogers and Shrewsbury personally observed a violation of the law and did nothing to prevent it. Accordingly, the undersigned recommends that Defendants Rogers and Shrewsbury be granted summary judgment as Mrs. Deakins' civil conspiracy claim.

**(ii.)** *Other Claims:*

Mrs. Deakins argues that Defendants Rogers and Shrewsbury used excessive force, intentionally inflicted emotional distress, unlawfully arrested her, "failed to properly identify her husband prior to the other troopers' arrival at her home," and "failed to render first aid to . . . her husband." Mrs. Deakins also alleges that Defendant Shrewsbury engaged in an unreasonable search and seizure.

First, the undersigned will consider Mrs. Deakins claim of excessive force and unlawful arrest by Defendants Rogers and Shrewsbury. The Court finds no allegation or evidence that Defendants Rogers or Shrewsbury had any physical contact with Mrs. Deakins or were present at

the Deakins' residence where the alleged use of excessive force and arrest occurred. Thus, Mrs. Deakins' claim against Defendants Rogers and Shrewsbury for excessive force and unlawful arrest should be dismissed.

Next, the undersigned will consider Mrs. Deakins claim that Defendants Rogers and Shrewsbury "failed to properly identify her husband prior to the other troopers' arrival at her home," and "failed to render first aid to . . . her husband." The Court finds that Mrs. Deakins has no claim based upon her allegation that Defendants failed to stop the alleged use of force against her husband, "failed to properly identify her husband prior to the other troopers' arrival at her home," and "failed to render first aid to . . . her husband."

Third, the Court will consider Mrs. Deakins claim that Defendant Shrewsbury engaged in an unreasonable search and seizure. The undersigned finds no evidence that Defendant Shrewsbury was present or participated in any search and seizure of property within the Deakins' residence. Although Mrs. Deakins alleges that Defendant Shrewsbury improperly accessed information on her personal computers, she points to no evidence supporting this claim.  (Document No. 181-11, pp. 12 - 13, 35 and Document No. 190-1, pp. 7 - 8.) Thus, the undersigned finds that the above claim should be dismissed.

Finally, the undersigned will consider Mrs. Deakins' claim of intentional infliction of emotional distress by Defendants Rogers and Shrewsbury. To prevail on a claim of intentional infliction of emotional distress, a plaintiff must prove the following: "(1) the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from its conduct; (3) the actions of

the defendant caused the plaintiff to suffer emotional distress; and (4) the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it." Syl. Pt. 3, Travis v. Alcon Laboratories, Inc, 202 W.Va. 369, 504 S.E.2d 419, 425 (W.Va. 1998). The undersigned finds that Mrs. Deakins' claim of intentional infliction of emotion distress should be dismissed because there is no evidence of "atrocious, intolerable" or "extreme and outrageous" conduct by Defendants Rogers and Shrewsbury. See Johnson v. Hills Dept. Store, Inc., 200 W.Va. 196, 199, 488 S.E.2d 471, 474 (1997)("It has not been enough that the defendant has acted with an intent which is tortious or even criminal . . . Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regard as atrocious, and utterly intolerable in a civilized community.")

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **GRANT in part and DENY in part** "Defendants' Motion for Partial Summary Judgment Against Harry Deakins" (Document No. 179.) and **GRANT in part and DENY in part** "Defendants' Motion for Summary Judgment Against Kay Deakins" (Document No. 181.). Specifically, as to "Defendants' Motion for Partial Summary Judgment Against Harry Deakins" (Document No. 179.)**,** the undersigned recommends that summary judgment be **GRANTED** as to Mr. Deakins' claim of unlawful arrest by all Defendants; unreasonable search and seizure of the digital camera by Defendants Long, Jackson, Baker and Wade; negligent hiring, training and supervision by Defendant Pack; and civil conspiracy by Defendants Rogers and Shrewsbury; and **DENIED** as to Mr. Deakins' claim of excessive force by Defendants Long, Jackson, Baker, and

Wade; and unreasonable search and seizure of the two personal computers by Defendants Long,

Jackson, Baker, and Wade. As to  Defendants' Motion for Summary Judgment Against Kay

Deakins" (Document No. 181.), the undersigned recommends that summary judgment be

**GRANTED** as to Mrs. Deakins' claim of unlawful arrest by all Defendants; unreasonable search

and seizure of the digital camera by Defendants Long, Jackson, Baker, and Wade; negligent hiring,

training and supervision by Defendant Pack; and civil conspiracy, unreasonable search and seizure,

excessive force, and intentional infliction of emotion distress by Defendants Rogers and

Shrewsbury; and **DENIED** as to as to Mrs. Deakins' claim of excessive force by Defendants Long,

Jackson, Baker, and Wade; unreasonable search and seizure of the two personal computers by

Defendants Long, Jackson, Baker, and Wade; and intentional infliction of emotional distress by

Defendants Long, Jackson, Baker, and Wade.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby

**FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and

72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days,

filing of objections and three days, mailing/service) from the date of filing of this Findings and

Recommendation within which to file with the Clerk of this Court specific written objections

identifying the portions of the Findings and Recommendation to which objection is made and the

basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo*

review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985);

Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94

(4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiffs, who are acting *pro se*, and transmit a copy to counsel of record.

Date: April 22, 2013.

R. Clarke VanDervort
United States Magistrate Judge