IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

HARRY E. DEAKINS, SR., et al.,

                Plaintiffs,

v.                                                    CIVIL ACTION NO.   1:10-cv-01396

T. S. PACK, et al.,

                Defendants.

MEMORANDUM OPINION AND ORDER

The Court has reviewed *Defendants' Motion for Partial Summary Judgment Against Harry Deakins* (Document 179), *Defendants' Motion for Summary Judgment Against Kay Deakins* (Document 181), attached exhibits, memoranda in support and in opposition, and the replies. By Standing Order (Document 4) entered on December 21, 2010, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

On April 22, 2013, the Magistrate Judge submitted his Proposed Findings and Recommendation ("PF&R") (Document 224), wherein he recommends that the Court grant in part and deny in part *Defendants' Motion for Partial Summary Judgment Against Harry Deakins* and grant in part and deny in part *Defendants' Motion for Summary Judgment Against Kay Deakins*.

On May 8, 2013, Defendants timely filed their objections to the PF&R (Document 235) together with attached exhibits (Document 235-1).  After thorough review and consideration, the

Court finds, for the reasons stated herein, that Defendants' objections should be overruled and the Magistrate Judge's PF&R should be adopted.

## I.      BACKGROUND AND PROCEDURAL HISTORY

Magistrate Judge VanDervort's PF&R provides a detailed account of the parties' previous and current motions.   The Court now incorporates by reference those facts and procedural history. To provide context for the ruling herein, the Court provides the following brief summary.

On December 21, 2010, Plaintiffs, Harry E. Deakins, Sr. ("Mr. Deakins") and Kay F. Deakins ("Mrs. Deakins") filed their Complaint in the United States District Court for the Southern District of West Virginia at Bluefield. (Document 1.)   On December 28, 2010, Plaintiffs filed their First Amended Complaint (Document 7) and then on January 3, 2011, they filed their Second Amended Complaint (Document 11).   On August 18, 2011, Plaintiffs filed their Motion for Leave to File Third Amended Complaint (Document 60) and memorandum in support (Document 61). By Order entered January 25, 2012, the Court granted Plaintiffs' motion. (Document 88.) Plaintiffs filed their Third Amended Complaint on the same day. ("Third Am. Compl.") (Document 90.)

In their Third Amended Complaint, Plaintiffs name the following Defendants: (1) T.S. Pack, Superintendent of the West Virginia State Police; (2) J.C. Long, West Virginia State Trooper; (3) R.J. Jackson, West Virginia State Trooper; (4) J.R. Baker, West Virginia State Trooper; (5) C.M. Wade, West Virginia State Trooper; (6) P.H. Shrewbury, West Virginia State Trooper; (7) D.B. Rogers, West Virginia State Trooper and Assistant Detachment Commander; (8) D.W. Miller, West Virginia State Trooper; (9) Robin Marvin, West Virginia State Police

Telecommunicator; and (10) John and Jane Does 1-7. (*Id.* at 3-4.)[1] Plaintiffs allege that on or about April 22, 2010, Defendants forcefully entered their home without identifying themselves as West Virginia State Troopers and without presenting Plaintiffs with a search warrant. (*Id.* at 5-6.) Mr. Deakins alleges that Defendant Jackson, without issuing any commands, used unnecessary and excessive force in arresting him. (*Id.* at 6.) Similarly, Mrs. Deakins alleges that Defendant Baker, without provocation, used excessive force in arresting her. (*Id.* at 7.) Furthermore, she asserts that her arrest was unlawful due to the lack of probable cause. (*Id.*) Plaintiffs also allege that Defendants Long, Jackson, Baker, Wade, Shrewsbury and John Does 1-7 illegally seized a digital camera and two personal computers. (*Id.* at 9.) Mr. Deakins alleges that in transport to the police station, Defendant Jackson sprayed him twice with pepper spray when he was handcuffed in the back seat of the police cruiser. (*Id.* at 10.)

Plaintiffs allege that they both requested medical attention upon their arrival at the Princeton State Police Detachment. (*Id.*) Subsequently, Mr. Deakins alleges that Defendant Long repeatedly hit him in the face, without provocation, while Defendant Jackson choked him and violently twisted his nose. (*Id.* at 11.) He further alleges that Defendants Long and Jackson made several derogatory remarks regarding his appearance and religion. (*Id.* at 10-12.) He asserts that Defendant Rogers was present at the Detachment and had explicit knowledge of the beatings but did "absolutely nothing to intervene or assist him." (*Id.* at 12.) Plaintiffs allege that they were both transported to Princeton Community Hospital emergency room to be treated for injuries sustained as a result of Defendants Jackson, Long, and Baker's use of excessive force. (*Id.* at 12-13.) Mr.

---

1 On September 28, 2012, by Memorandum Opinion and Order (Document 178), this Court adopted Magistrate Judge VanDervort's Proposed Findings and Recommendation (Document 177) and ordered that Defendant David W. Miller's Motion to Dismiss (Document 153) be granted, that Robin Mavin's Renewed Motion to Dismiss, or in the Alternative, Motion to Quash Service (Document 155) be granted, and that Plaintiff's Motion for Entry of Default Judgment (Document 160) be denied.

Deakins further alleges that in transport to the hospital, Defendant Jackson, again, sprayed him with pepper spray, without provocation. (*Id.*) Based upon the foregoing, Plaintiffs contend that Defendant Pack failed to adequately train and supervise his employees and was negligent in his hiring, disciplining and retention. (*Id.* at 16.) Moreover, Plaintiffs allege that Defendant Pack was negligent in failing to have a written policy in effect or one that was followed by the Princeton Detachment of the West Virginia State Police and all named defendants. (*Id.*)

Plaintiffs contend that Defendants' aforementioned actions constitute an unreasonable search and seizure, excessive force, assault and battery and false arrest of Mrs. Deakins. (*Id.* at 2.) As a result of Defendants' conduct, Plaintiffs allege that they suffered physical injuries as well as humiliation, shame, degradation, embarrassment and monetary loss. (*Id.* at 14.) Plaintiffs assert that Defendants' actions violated their rights under the Fourth, Fifth and Fourteenth Amendments as well as the Civil Rights Act of 1871, 42 U.S.C. §§ 1983, 1985, and 1988, West Virginia common law, and Article III, Sections 1, 6 and 10 of the Constitution of the State of West Virginia. (*Id.* at 1.)

On November 5, 2012, Defendants Pack, Long, Jackson, Baker, Wade, Shrewsbury, and Rogers filed their *Motion for Partial Summary Judgment Against Harry Deakins* (Document 179), attached exhibits[2] and a memorandum in support (Document 180.)[3] Defendants argue that they

_____

2 Defendants filed the following exhibits: (1) a copy of the Grand Jury Indictment, Plea Agreement, and Sentencing Order in *Commonwealth of Virginia v. Harry Edward Deakins*, Case No. CR 10-156-00; 156-02 (Cir. Ct. Tazewell Co. April 28, 2011) (Document 179-1); (2) a copy of the Arrest Warrants for Harry Deakins issued by the Tazewell County General District Court dated February 3, 2010 (Document 179-2); (3) a copy of a Warrant for Arrest – For Fugitive from Justice issued by the Mercer County Magistrate Court on April 22, 2010 (*Id.* at 4-5); (4) a copy of Defendants' Responses to Plaintiffs' Second Set of Interrogatories, Second Request for Production of Documents and Requests for Admissions (Document 179-3); (5) a copy of Plaintiff Harry E. Deakins' Second Supplemental Responses to Defendants' Second Set of Interrogatories, Document Requests and Requests for Admissions (Document 179-4); (6) a copy of Plaintiff Harry E. Deakins' Amended Supplemental Responses to Defendants' First Set of Interrogatories, Requests for Admissions and Requests for Production (Document 179-5); (7) a copy of the Criminal Case History in *State v. Harry Edward Deakins*, Case No. 10-M-1236 filed in the Magistrate Court of Mercer

are entitled to summary judgment against Mr. Deakins on: (1) his allegations of unlawful arrest, (2) all claims against Defendant Pack, (3) his claim based upon illegal seizure of two computers and a camera and (4) any bystander liability claims against Defendants Rogers and Shrewsbury. (*Id.* at 4-13.) First, Defendants explain that Mr. Deakins' arrest was lawful because there was a valid warrant for his arrest, the Troopers knew that he was inside the house and he attacked Defendant Jackson. (*Id.* at 4-5.) Moreover, Defendants contend that his claim of unreasonable search and seizure is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (*Id.* at 6-7.) Second, Defendants contend that there is no evidence that Defendant Pack had any personal involvement in the alleged incident or that he negligently trained or supervised the Defendant Troopers. (Document 180 at 7-9.) Third, Defendants argue that the electronics were legally seized because they believed that they may contain footage of the attack against them. (*Id.* at 9-12.) Finally, Defendants argue that there is no evidence to support claims of bystander liability against Defendants Rogers and Shrewsbury. (*Id.* at 13.)

On November 19, 2012, Mr. Deakins filed his Response in Opposition (Document 186) and attached exhibits.[4] As a preliminary matter, Mr. Deakins asserts that contrary to Defendants'

---

County, West Virginia (Document 179-6); (8) a copy of the Indictment for Attempt to Disarm a Police Officer, Battery on a Police Officer, and Brandishing a Deadly Weapon and an Order Accepting Plea of Guilty filed in *State v. Anthony Todd Deakins*, Case No. 10-F-216 (Cir. Ct. Mercer County) (Document 179-7); (9) a copy of the Criminal Case History in *State v. Kay F. Deakins*, Case No. 10-M-1238, 1239-41 filed in the Magistrate Court of Mercer County, West Virginia (Document 179-8); (10) a copy of the transcripts from the Video Deposition of Harry E. Deakins, Sr. (Document 179-9).

3 Defendants noted that "John and Jane Does 1-7 have never been identified much less served." (Document 182 at 1.)

4 Mr. Deakins attached the following exhibits: (1) a copy of Plaintiffs Third Amended Complaint (Document 186-1 at 2-27); (2) a copy of the Affidavit of Harry E. Deakins, Sr. (*Id.* at 29-34); (3) a copy of the Affidavit of Kay F. Deakins (*Id.* at 36-38); (4) a copy of the Affidavit of Anthony T. Deakins (*Id.* at 40-42); (5) a copy of Harry Deakins' medical records from Princeton Community Hospital (Document 186-2 at 2-19); (6) photographs of Harry Deakins (*Id.* at 21-22); (7) a copy of a letter from Sargent D.B. Rogers addressed to Colonel T.S. Pack dated June 18, 2010, regarding the "Response to Resistance or Aggression" (Mrs. Kay Deakins, Mr. Harry Deakins and Mr. Anthony Deakins) (*Id.* at 24 – 26); (8) a copy of the Affidavit of Sean E. Deakins (*Id.* at 28-30); (9) a copy of the Affidavit of Anthony T. Deakins (*Id.* at 32-33); (10) a copy of Plaintiffs' Seventh Supplemental Rule 26(a)(1) Disclosures (*Id.* at 35-37); (11) a copy of Defendants' discovery responses (*Id.* at 39-42); (12) a copy of partial transcripts from *State v. Anthony Todd*

contentions, he did not sue Defendants for false arrest or for intentional infliction of emotional distress.  (*Id.* at 2.)[5] He also states that the claims against Defendants Shrewsbury and Rogers are not for "bystander liability" as Defendants allege, but are for conspiracy pursuant to 42 U.S.C. § 1983. (*Id.* at 11-12.) Next, Mr. Deakins objects to and moves to strike all eight of the exhibits attached to Defendants' motion for partial summary judgment because they have not been properly authenticated, constitute hearsay, are irrelevant and inadmissible and are not "proper summary judgment evidence." (*Id.* at 3.) Finally, Mr. Deakins argues that Defendants' motion should be denied because there is sufficient evidence to create a genuine issue of material fact as to his claims. (*Id.* at 10-11.) Specifically, he contends that there are material facts in dispute concerning Defendants entry into his home and the seizure of his computers and digital camera. (*Id.* at 13-16.) Mr. Deakins also asserts that the exhibits attached to his response in opposition contradict Defendants' evidence and, therefore, Defendants are not entitled to qualified immunity and their motion should be denied. (*Id.* at 10-11, 17-18.) In closing, Mr. Deakins notes that Defendants did not specifically contest Plaintiffs' state law pendent claims, pursuant to W.Va. Code 61-6-21(b). (*Id.* at 18-19.) Therefore, he argues that summary judgment is inappropriate. (*Id.* at 19.)

On November 27, 2012, Defendants filed their reply to Harry Deakins' response in opposition and attached exhibit.[6] (Document 188.) First, Defendants argue that Mr. Deakins' request to strike all of the exhibits attached to their motion for partial summary judgment should be denied because the exhibits are proper under Rule 56(c)(1)(A) of the Federal Rules of Civil

---

*Deakins,* 10-F-682 (*Id.* at 44-45); (13) a copy of Plaintiffs' Sixth Supplemental Rule 26(a)(1) Disclosures (*Id.* at 47-51); and (14) a copy of a Deed entered into by Robert E. Davis and Anthony T. Deakins dated December 19, 2008. (*Id.* at 53-57)

5  Mr. Deakins explains that he "sued for being purposely deprived by Defendants' of his right to be free from excessive force/violence, unreasonable force, and assault and battery." (*Id.* at 11-12.)

6  Defendants attach a copy of an email correspondence from Harris Reporting, LLC, explaining that Mr. Deakins was not provided transcripts because he failed to pay the invoice. (Document 188-1 at 2-3.)

Procedure. (*Id.* at 3-9.)  Second, they assert Defendants Rogers and Shrewsbury are entitled to summary judgment because Mr. Deakins lacks evidence sufficient to prevail on a conspiracy claim. (*Id.* at 9-12.) Finally, Defendants contend that the computers and digital camera were lawfully seized or, at the very least, they are entitled to qualified immunity with respect to the seizure. (*Id.* at 12-15.)

Also on November 5, 2012, Defendants Pack, Long, Jackson, Baker, Wade, Shrewsbury, and Rogers filed their *Motion for Summary Judgment Against Kay Deakins* (Document 181), attached exhibits, and a memorandum in support (Document 182).[7] Defendants argue Mrs. Deakins has forfeited her right to present evidence in opposition to the Defendants' motion for summary judgment by invoking her Fifth Amendment right to remain silent and refusing to answer any questions at her deposition. (*Id.* at 1-2.) Therefore, Defendants contend that there are no genuine issues of material fact and their motion for summary judgment must be granted. (*Id.* at 2.) First, Defendants assert that Mrs. Deakins was lawfully arrested and there is no evidence to support her claim of excessive force, and thus, she cannot establish a claim for intentional

---

7 Defendants filed the following exhibits: (1) a copy of the Grand Jury Indictment, Plea Agreement, and Sentencing Order as filed in *Commonwealth of Virginia v. Harry Edwards Deakins,* Case No. CR 10-156-00; 156-02 (Cir. Ct. Tazewell Co. April 28, 2011) (Document 181-1); (2) a copy of the Arrest Warrants for Harry Deakins issued by Tazewell County General District Court dated February 3, 2010 (Document 181-2 at 2-3); (3) a copy of a "Warrant for Arrest – For Fugitive From Justice" as issued by the Magistrate Court of Mercer County on April 22, 2010 (*Id.* at 4-5); (4) a copy of "Defendants' Responses to Plaintiffs' Second Set of Interrogatories, Second Request for Production of Documents and Requests for Admissions" (Document 181-3); (5) a copy of "Plaintiff Harry E. Deakins, Sr. Second Supplemental Responses to Defendants' Second Set of Interrogatories, Document Requests and Requests for Admissions" (Document 181-4); (6) a copy of "Plaintiff Harry E. Deakins, Sr. Amended Supplemental Responses to Defendants' First Set of Interrogatories, Requests for Admissions and Requests for Production" (Document 181-5); (7) a copy of the "Criminal Case History" and "Guilty of No Contest Plea" concerning *State v. Harry Edward Deakins,* Case No. 10-M-1236 as filed in the Magistrate Court of Mercer County, West Virginia (Document 181-6); (8) a copy of the "Indictment for: Attempt to Disarm a Police Officer, Battery on a Police Officer, and Brandishing a Deadly Weapon" and an Order Accepting Plea of Guilty as filed in *State v. Anthony Todd Deakins,* Case No. 10-F-216 (Cir. Ct. Mercer County) (Document 181-7); (9) a copy of the "Criminal Case History" concerning *State v. Kay F. Deakins,* Case Nos. 10-M-1238, 1239, 1240, 1241, as filed in the Magistrate Court of Mercer County, West Virginia (Document 181-8); (10) a copy of the transcripts from the "Video Deposition of Harry E. Deakins, Sr." (Document 181-10); (11) a copy of the transcripts from the "Video Deposition of Kay F. Deakins" (Document 181-11); and (12) a copy of the "Responses to Plaintiffs' Third Set of Written Discovery Requests by Defendants T.S. Pack, J.C. Long, R.J. Jackson, J.R. Baker, C.M. Wade, P.H. Shrewsbury, and D.B. Rogers" (Document 181-11.).

infliction of emotional distress. (*Id.* at 9.) Second, Defendants argue that Plaintiffs' computers and camera were legally seized "or, at the very least, [the decision to seize them] did not violate any clearly established constitutional rights of which the Troopers should have known." (*Id.* at 10.) Therefore, Defendants contend that they are entitled to qualified immunity with regard to any claim that they improperly took her computers and camera. (*Id.* at 13.) Third, Defendants assert that Mrs. Deakins cannot establish a prima facie case of supervisory liability as there is no evidence of an underlying constitutional violation. (*Id.* at 13-14.) Finally, Defendants contend that even if Mrs. Deakins were permitted to offer evidence in opposition to their motion for summary judgment, she lacks evidence to support most of her claims. (*Id.* at 14-15.) Specifically, Defendants contend that they would still be entitled to summary judgment as to all of her claims except those against Defendant Baker for excessive force and intentional infliction of emotional distress. (*Id.*)

On December 19, 2012, Plaintiff Kay Deakins filed her response in opposition to Defendants' Motion for Summary Judgment (Document 189)[8] and attached exhibits.[9] Mrs. Deakins states that she "fully incorporates" her husband, Harry E. Deakins, Sr.'s, response in

_____

8 On November 20, 2012, the court granted Plaintiff Kay Deakins' Motion for Extension of Time to File Response in Opposition to Defendant's Motion for Summary Judgment (Document 185) and ordered that she have until December 19, 2012 to file her response. (Document 187.)

9 Plaintiff Kay Deakins attaches the following exhibits: (1) a copy of Plaintiffs Third Amended Complaint (Document 189-1 at 2-27); (2) a copy of the Affidavit of Kay F. Deakins (*Id.* at 29-40); (3) a copy of the Affidavit of Harry E. Deakins, Sr. (*Id.* at 42-44); (4) a copy of the Affidavit of Anthony T. Deakins (Document 189-2 at 2-5); (5) a copy of the Scheduling Order in the instant case filed on June 7, 2011 (*Id.* at 7-10); (6) a copy of the "Defendant's Notice of Appeal" and Order entered November 19, 2012, scheduling a trial date in *State v. Kay Deakins,* Case Nos. 10-M-1238, 10-M-1239, 10-M-1240, and 10-M-1241 (*Id.* at 12-17); (7) a copy of Kay Deakins and Harry Deakins' "Certificate of Marriage" (*Id.* at 19); (8) photographs of Kay Deakins (*Id.* at 21-23); (9) a copy of Kay Deakins' Medical Records from Princeton Community Hospital (*Id.* at 25-57); (10) copies of documents from MEDResponse and Friendship Home Medical Equipment, Inc. (*Id.* at 59-68); (11) a copy of the "West Virginia State Police Report of Criminal Investigation" (*Id.* at 70-77); (12) a copy of Defendants' discovery responses (Document 189-3 at 2-11); (13) a copy of Kay Deakins' discovery responses (*Id.* at 13-37); (14) a copy of a letter from Harry Deakins addressed to Mercer County Circuit Court Judge William J. Sadler dated June 1, 2010 (*Id.* at 39); (15) a copy of Kay Deakins' "HED Objection to KFD Questions/ References" (*Id.* at 41); and (16) a copy of Rule 20.1 of the Rules of Criminal Procedure for Magistrate Courts of West Virginia. (*Id.* at 43.)

opposition (Document 186) and all of his attached exhibits by reference. (Document 189 at 1-2). First, Mrs. Deakins explains that she "sued for being 'purposely deprived by Defendants[] of her right to be free from excessive force/ violence, unreasonable force, and assault and battery'" and has brought claims for "unlawful / false arrest" and illegal search and seizure of two computers and one digital camera. (*Id.*)[10] Next, Mrs. Deakins objects to and moves to strike Defendants' Exhibits A, B, F, G, H, I, and J on the grounds that the items have not been properly authenticated, are irrelevant and inadmissible, constitute hearsay, and are not proper summary judgment evidence. (*Id.* at 7.) Mrs. Deakins relies upon Mr. Deakins' response in opposition (Document 186) in arguing that: (1) her claims are "supported by sufficient evidence to create a genuine issue of material fact[;]" (2) Defendants illegally seized two computers and one digital camera; and (3) Defendants are not entitled to qualified immunity. (Document 189 at 15-16.) Finally, Mrs. Deakins contends that because Defendants neither objected to her invoking her right to remain silent, nor filed a motion to compel her answers, they have waived their right to challenge her assertion of her Fifth Amendment privilege. (*Id.* at 16-17.)

On December 28, 2012, Defendants filed their Reply to Plaintiff Kay Deakins' Response in Opposition (Document 190) and attached exhibit.[11]  First, Defendants argue that Mrs. Deakins' request that the exhibits attached to Defendants' motion for summary judgment be stricken should be denied because the documents are proper under Rule 56(c)(1)(A) of the Federal Rules of Civil Procedure. (*Id.* at 2-8.) Second, they assert that they were not required to move to compel Mrs. Deakins to provide answers after she had invoked her right to remain silent and refused to answer

---

10  She asserts that she is suing Defendants Long, Jackson, Baker, Shrewsbury, Wade, and Rogers for "intentional infliction of emotional, psychological, mental, and physical distress/ injuries" and Defendants Shrewsbury and Rogers for conspiratorial liability pursuant to 42 U.S.C. §§ 1983 and 1985. (*Id* at 4.)

11  Defendants attach a copy of an email correspondence from Harris Reporting, LLC, explaining that Mr. Deakins was not provided transcripts because he failed to pay the invoice. (Document 190-1).

questions related to the incident giving rise to the lawsuit. (*Id.* at 9-10.) Third, Defendants argue

that Mrs. Deakins' claim of false arrest fails because she was convicted of three charges stemming

from her attack on Defendant Baker, and thus, there was probable cause for her arrest. (*Id.* at

10-11.) Fourth, they contend that Mrs. Deakins lacks evidence of wrongdoing by Defendants

Shrewsbury and Roger and cannot establish a claim for a civil conspiracy. (*Id.* at 11-15.) Fifth,

Defendants argue that the computers and digital camera were lawfully seized, or in the alternative,

they are entitled to qualified immunity. (*Id.* at 15-17.) Lastly, Defendants stress that because Mrs.

Deakins invoked her right to remain silent, she is precluded from presenting evidence in

opposition to their motion and, therefore, cannot defeat their motion for summary judgment. (*Id.* at

17-18.)[12]

On April 22, 2013 the Magistrate Judge submitted his PF&R (Document 224.) On May 8,

2013, Defendants timely filed their objections to the same. (Document 235.) Plaintiffs did not file

any objections and although the Court granted Plaintiffs' motion to file a response to Defendants'

objections (Document 259), they did not do so.

## II.     STANDARDS OF REVIEW

### A. Magistrate's PF&R

This Court "shall make a *de novo* determination of those portions of the report or specified

proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

However, the Court is not required to review, under a *de novo* or any other standard, the factual or

legal conclusions of the magistrate judge as to those portions of the findings or recommendation to

---

12 Defendants also contend that "[e]ven if Plaintiff were permitted to present evidence in opposition to the MSJ, the record clearly establishes that she was lawfully arrested and that defendants Shrewsbury, Rogers, and Pack are entitled to summary judgment." (*Id.*)

which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing portions of the PF&R *de novo*, the Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

### B.   Motion for Summary Judgment

The well-established standard in consideration of a motion for summary judgment is that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact *and* the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a) (emphasis added); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U .S. 242, 247 (1986). "Material facts are those necessary to establish the elements of a party's cause of action." *Rawls v. Associated Materials, LLC.,* No. 1:10-cv-01272, 2012 WL 3852875, at *2 (S.D.W.Va. Sept. 5, 2012) (Faber, J.) (citing *Anderson*, 477 U.S. at 248). A "genuine" dispute concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. (*Id.*) "Even if there is no dispute as to the evidentiary facts, summary judgment is not appropriate when the parties dispute ultimate *factual conclusions. Rawls*, 2012 WL 3852875 at *2 (citing *Overstreet v. Kentucky Cent. Life Ins. Co.*, 950 F.2d 931, 937 (4th Cir.1991)(emphasis added)).

"If the moving party meets its burden under Rule 56(a), then the non-moving party must set forth specific facts that would be admissible in evidence that demonstrate the existence of a

11

genuine issue of fact for trial." *Rawls,* 2012 WL 3852875 at *2 (citing *Celotex,* 477 U.S. at 322-23). The non-moving party must offer some "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson*, 477 U.S. at 256. In other words, "the nonmoving party must come forward with more than 'mere speculation or the building of one inference upon another' to resist dismissal of the action." *Perry v. Kappos*, No.11-1476, 2012 WL 2130908, at *3 (4th Cir. June 13, 2012) (unpublished decision) (quoting *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir.1985)).

In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter." *Anderson*, 477 U.S. at 249. Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). If factual issues exist that can only be resolved by a trier of fact because they may reasonably be resolved in favor of either party, summary judgment is inappropriate. *Anderson*, 477 U.S. at 250.

### III.        DISCUSSION

#### A.  The Magistrate Judge's PF&R

##### i.   Defendant's Motion for Partial Summary Judgment Against Harry Deakins

###### a.  Mr. Deakins' Request to Strike Exhibits[13]

In response to Defendant's motion, Mr. Deakins argues that all eight of Defendants' Exhibits should be stricken as they have not been properly authenticated, constitute hearsay, are irrelevant and inadmissible, and are not "proper summary judgment evidence." (Document 186 at 3.) In reply, Defendants argue that Mr. Deakins' request should be denied. (Document 188 at 3-9.)

---

13 Neither party objects to the Magistrate Judge's findings concerning Plaintiff Harry Deakins' request to strike Defendants' Exhibits. Therefore, the Court adopts the same.

Magistrate Judge VanDervort correctly found that Mr. Deakins' request to strike Defendants' Exhibits should be denied because the Court may consider them pursuant to Rule 56(c)(1)(A) of the Federal Rules of Civil Procedure. (PF&R at 16.) Rule 56(c)(1)(A) provides that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials." Fed.R.Civ.P. 56(c)(1)(A). The Magistrate Judge stressed that "[a] party may object that the material cited to support or dispute a fact *cannot be presented in a form* that would be admissible in evidence." Fed.R.Civ.P. 56(c)(2) (emphasis added.) In other words, documents submitted in support of summary judgment are no longer required to be authenticated. (PF&R at 17) (citing *Akers v. Beal Bank,* 845 F.Supp.2d 238, 243 (D.D.C. 2010), *aff'd,* 2012 WL 4774676 (D.D.C. Cir. 2012)).

First, he considered Defendants' Exhibit A, a copy of the Grand Jury Indictment, Plea Agreement, and Sentencing Order in *Commonwealth of Virginia v. Harry Edwards Deakins,* Case Nos. 10-156-00; 156-01; 156-02 (Cir. Ct. Tazewell Co., April 28, 2011). (Document 179-1.) He noted that the documents are stamped "a copy teste" and are signed by the Deputy Clerk of Circuit Court of Tazewell County, Virginia. (PF&R at 17) (citing Document 179-1 at 2, 5, and 9.) The Magistrate explained that in Virginia a document stamped "a copy teste" is a certified copy verifying that the instrument is a genuine copy. (PF&R at 17.)[14] A certified copy of a public record

---

14  In support, the Magistrate relies on the Commonwealth of Virginia, State Corporation Commission website, "What is an 'attested' or 'certified' copy, and how is it obtained?" http://www.scc.virginia.gov/clk/befaq/fict.aspx#a3 (last visited June 13, 2013) ("The attestation or certification will be a stamp added to the copy produced by the clerk that indicates the copy is a 'true copy' or 'a copy teste' of the original filing, and it will be signed by the clerk or a deputy clerk.")

is self-authenticating. Fed.R.Civ.P. 902(4).[15] Therefore, the Magistrate Judge found that the documents comprising Exhibit A (Document 179-1) are properly authenticated.

The Magistrate Judge then considered Defendants' Exhibits B, F, G, and H. (PF&R at 18-19.) Defendants' Exhibit B is a copy of the Arrest Warrants for Harry Deakins issued by the Tazewell County General District Court dated February 3, 2010 (Document 179-2 at 2-3) and a copy of a "Warrant for Arrest – For Fugitive from Justice" issued by the Magistrate Court of Mercer County on April 22, 2010. (*Id.* at 4-5.) Exhibit F consists of a copy of the "Criminal Case History" and "Guilty or No Contest Plea" in *State v. Harry Edward Deakins*, Case No. 10-M-1236, filed in the Magistrate Court of Mercer County, West Virginia. (Document 179-6.) Exhibit G is a copy of the "Indictment for: Attempt to Disarm a Police Officer, Battery on a Police Officer, and Brandishing a Deadly Weapon" and an Order Accepting Plea of Guilty in *State v. Anthony Todd Deakins*, Case No. 10-F-216 (Cir. Ct. Mercer County). (Document 179-8.) Exhibit H is a copy of the "Criminal Case History" in *State v. Kay F. Deakins,* Case Nos. 10-M-1238, 1239, 1240, 1241, filed in the Magistrate Court of Mercer County, West Virginia (Document 179-8.) The Magistrate Judge noted that all of the above Exhibits are copies of state court records. (PF&R at 18.) Therefore, he found that Exhibits B (Document 179-2), F (Document 179-6), G (Document 179-7), and H (Document 179-8) can be considered in a motion for summary judgment because they can be submitted in authenticated form at trial. (*Id.* at 19.)

Next, the Magistrate Judge reviewed Exhibits C, D, and E and found that they are also properly considered on a motion for summary judgment. (PF&R at 19.) Exhibit C is a copy of

---

15  Rule 902 provides that "[t]he following items of evidence are self-authenticating . . . (4) A copy of an official record – or a copy of a document that was recorded or filed in a public office as authorized by law – if the copy is certified as correct by:(A) the custodian or another person authorized to make the certification; or (B) a certificate that complies with Rule 902(1), (2), or (3), a federal statute, or a rule prescribed by the Supreme Court." (*Id.*)

"Defendants' Responses to Plaintiffs' Second Set of interrogatories, Second Request for Production of Documents and Requests for Admissions." (Document 179-3.) Exhibit D is a copy of "Plaintiff Harry E. Deakins, Sr. Second Supplemental Responses to Defendants' Second Set of Interrogatories, Document Requests and Requests for Admissions." (Document 179-4.) Exhibit E is a copy of "Plaintiff Harry E. Deakins, Sr. Amended Supplemental Responses to Defendants First Set of Interrogatories, Requests for Admissions and Requests for Production." (Document 179-5.) The Magistrate Judge found that the Court may consider Exhibit C (Document 179-3) pursuant to Rule 56(C)(1)(A), which provides that a party may submit declarations, admissions or interrogatory answers in support of a motion for summary judgment. (PF&R at 19.) He also found that the Court may consider Exhibits D (Document 179-4) and E (Document 179-5) because they are Mr. Deakins' own responses to Defendants' written discovery requests, and thus, are authenticated. (*Id.*) (citing *Rupe v. Cate,* 2011 WL 4889211 (E.D.Cal. Oct. 13, 2011) ("Exhibits F and I have been authenticated because they are in Plaintiff's own writings.")

Finally, the Magistrate Judge reviewed Exhibit I, a copy of the transcripts from the "Video Deposition of Harry E. Deakins, Sr." (Document 179-9). He found that the Court may consider it because Rule 56(c)(1)(A) provides that a party may submit depositions in support of a motion for summary judgment. (PF&R at 19-20.) Moreover, he noted that the deposition may be authenticated based upon the "Reporter's Certificate." (PF&R at 20) (citing Document 179-9 at 12-13.)[16] Therefore, he found that Exhibit I (Document 179-9) could be considered by the Court.

Based upon the foregoing, the Magistrate Judge found that all of Defendants' Exhibits (A, B, C, D, E, F, G, H, and I) could be considered in support of their motion for summary judgment.

---

16  The Reporter's Certificate provides, that "I [Barbara Harris, CCR, Notary Public] do certify that said deposition was correctly taken by me, by means of Stenomask; that the same was transcribed by me or under my supervision; and that said transcript is a true record of the testimony given by said witness." (Document 179-9 at 12-13.)

(PF&R at 16-20.)   Accordingly, he found that Plaintiff Harry Deakins' request to strike the exhibits should be denied. (*Id.* at 20.)

### b. *Mr. Deakins' Claim of Unlawful Arrest*[17]

In their motion, Defendants argue they are entitled to summary judgment as to Mr. Deakins' claim of unlawful arrest because they lawfully entered his residence based upon a valid arrest warrant, their knowledge that he was inside the residence, and his attack on Defendant Jackson. (Document 180 at 5-7.) Moreover, Defendants assert that since Mr. Deakins pled guilty to the charge that gave rise to his arrest warrant and to the charge stemming from his attack on Defendant Jackson, he cannot now bring a lawsuit, which if successful, would question the validity of his convictions. (*Id.* at 6-7) (citing *Heck v. Humphrey,* 512 U.S. 477 (1994)).

In response, Mr. Deakins asserts that Defendants' arguments are irrelevant since he did not "sue for unlawful, wrongful, and/or false arrest." (Document 186 at 2.) Rather, Mr. Deakins alleges that Defendants unlawfully entered his home to effectuate his arrest in violation of the Fourth Amendment. (*Id.* at 8-9.) Moreover, he contends no exigent circumstances existed at the time of his arrest to justify Defendants entering his home without a search warrant. (*Id.* at 8-9, 14.)

The Magistrate Judge correctly found that Defendants' Partial Motion for Summary Judgment should be granted to the extent Mr. Deakins is challenging the validity of his arrest. (PF&R at 20-21.) He noted that Mr. Deakins appears to be challenging the lawfulness of his arrest on April 22, 2010, by implying that alleged constitutional violations that occurred during the course of his arrest render his convictions invalid. (PF&R at 22.)[18] The Magistrate Judge relied

---

17 Neither party objects to the Magistrate Judge's findings concerning Plaintiff Harry Deakins' claim of unlawful arrest. Therefore, the Court adopts the same.

18 The Magistrate Judge noted that arrest warrants were issued for Mr. Deakins based upon an Indictment charging him with malicious wounding, unlawful wounding, and destruction of personal property. (*Id.* at 21) (citing Documents

upon the holding in *Heck v. Humphrey,* 512, U.S. 477 (1994), to find that Mr. Deakins' claims of

unlawful arrest should be dismissed. (PF&R at 22.)   In *Heck*, the United States Supreme Court

held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness would
> render a conviction or sentence invalid, a § 1983 plaintiff must prove that the
> conviction or sentence has been reversed on direct appeal, expunged by executive
> order, declared invalid by a state tribunal authorized to make such determination, or
> called into question by a federal court's issuance of a writ of habeas corpus, 28
> U.S.C. §2254. A claim for damages bearing the relationship to a conviction or
> sentence that has not been so invalidated is not cognizable under § 1983.

*Heck,* 512 U.S. at 486-87. The Magistrate Judge noted that there is no evidence that Mr. Deakins'

criminal convictions have been invalidated. (PF&R at 22.)[19] Therefore, based upon the holding in

*Heck,* the Magistrate Judge found that Mr. Deakins' claims are not cognizable under § 1983. (*Id.*)

Accordingly, he recommended that Mr. Deakins' claims of unlawful arrest be dismissed. (*Id.*)

### c.  *Qualified Immunity as to Seizure of Electronics*

In their motion, Defendants argue that they are entitled to summary judgment as to Mr.

Deakins' claim of unlawful seizure of two computers and a digital camera from his residence.

(Document 180 at 9.)   Defendants explain that upon entering the property, the Defendant

Troopers noticed surveillance equipment, and once inside the home, Defendant Long saw Mr.

Deakins pointing a camera at him. (*Id.* at 9) (citing Document 179-3 at 4, 25.)[20] Because the

Defendant Troopers "reasonably believed that [the] electronic equipment, located where the arrest

---

179-1 and 179-2.) Moreover, as a result of his conduct during his arrest, Mr. Deakins was charged with battery upon a
police officer. (*Id.*) (citing Document 179-6.) On May 7, 2010, Mr. Deakins pled guilty in the Magistrate Court of
Mercer County, West Virginia, to the charge of battery upon a police officer. (*Id.* at 21) (citing Document 179-6.)
Then on April 20, 2011, the Circuit Court of Tazewell County found Mr. Deakins guilty of assault and destruction of
personal property. (*Id.* at 21-22) (citing Document 179-1.)
19  For example, Mr. Deakins has not shown that he has either successfully appealed his conviction or filed a Petition
under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody. (*Id.*)
20  Defendants assert that the Troopers believed the surveillance system may have been connected to the computers.

occurred, could contain evidence of [the attacks upon them]," Defendants contend that the decision to seize the electronics was appropriate. (*Id.* at 9-14). If not, they argue that Defendants Long, Jackson, Baker, and Wade are entitled to qualified immunity because "it was a reasonable mistake and did not violate any clearly established constitutional right of which these trooper[s] should have know[n]." (*Id.* at 9, 14) (citing *Malley v. Briggs,* 475 U.S. 335, 341 (1986) (Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law"); *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).

In response, Mr. Deakins argues that Defendants' seizure was unlawful because the electronics were "outside of our 'wingspan' and/or 'grabbable' area [incidental to arrest]" and there were no surveillance cameras inside the home which could have contained evidence of the incident. (Document 186 at 14-15.) Mr. Deakins further asserts that Defendants did not have a search warrant, there were no exigent circumstances to justify a warrantless search and seizure, and "there was no incriminating evidence of a crime . . . that was 'immediately apparent' at the time of said seizure." (*Id.* at 14-17.) Therefore, Mr. Deakins asserts that Defendants violated his Fourth Amendment right to be free from unreasonable searches and seizures. (*Id.* at 16.)

In reply, Defendants stress that Mr. Deakins does not dispute the fact that he was pointing a camera at the Defendant Troopers when they entered his home. (Document 188 at 13.) They argue that the Defendant Troopers' belief that the computers may have been connected to the surveillance system was reasonable. (*Id.*) Therefore, they assert that the seizure of the electronics was appropriate and if not, they are entitled to qualified immunity. (*Id.* at 13-14.)

Before considering the parties' arguments, the Magistrate Judge set forth applicable case law concerning qualified immunity for government officials and reasonable searches and seizures

18

under the Fourth Amendment of the United States Constitution. (PF&R at 24-26.) First, he explained that in determining whether a government official is entitled to qualified immunity, a Court should consider "(1) whether the facts viewed in the light most favorable to the Plaintiff establish a deprivation of an actual constitutional right; and (2) whether the right was clearly established at the time of the purported violation." (*Id.* at 24) (citing *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). With regard to the first prong of the test, he recognized that people have a constitutional right to be free from "unreasonable searches and seizures." (*Id.*) (quoting U.S. Const. amend. IV.) He explained that "[w]arrentless searches are *per se* unreasonable unless the United States shows that the search falls within an established exception." (*Id.*) (citing *Coolidge v. New Hampshire,* 403 U.S. 443, 454-55 (1971)).

One of the established exceptions to the warrant requirement is known as the plain view doctrine. (*Id.* at 24-25) (citing *Horton v. California,* 496 U.S. 128, 136-37 (1990)). The Magistrate Judge explained that "[a]n officer may seize incriminating evidence in plain view without a warrant [] as long as the officer arrives in the place where the evidence is plainly viewed without violating the Fourth Amendment and the incriminating nature of the evidence is immediately apparent." (*Id.*) (citing *Horton,* 496 U.S. at 136; *United States v. Jackson,* 131 F.3d 1105, 1108 (4th Cir.1997)). He noted that the incriminating character of an item is "immediately apparent" if an officer has probable cause to believe that it is associated with criminal activity. (*Id.* at 25.) He explained that probable cause requires "[a] 'practical, nontechnical' probability that incriminating evidence is involved." (*Id.*) (citing *Texas v. Brown,* 460 U.S. 730, 742 (1983) (citation omitted)).[21] With regard to the second prong of the qualified immunity test, he found that "all of the foregoing

---

21  The Magistrate Judge stressed that courts must assess the totality of the circumstances in deciding whether officers had probable cause for a seizure. (*Id.*) (citing *Adkins v. McClanahan,* 2013 WL 942323, at *4 (W.D.Va., March 11, 2013); *Texas v. Brown,* 460 U.S. 730, 742 (1983)).

principles were clearly established, and a reasonable officer would have been aware of these rights, at the time the challenged conduct occurred in the instant case." (*Id.* at 26.)

Upon review of the record, the Magistrate Judge found that Defendants are not entitled to qualified immunity for the seizure of Mr. Deakins' two personal computers. (*Id.* at 26-27.) He considered the totality of the circumstances and found that Defendants did not have probable cause to believe that the computers contained evidence of the attack against them. (*Id.* at 26.) He outlined the basic facts as follows: (1) upon entering Mr. Deakins' property, Defendants noticed surveillance cameras; (2) once inside the home, Defendants contend that they were attacked by Mr. Deakins, Mrs. Deakins, and Anthony Deakins; and (3) Defendants seized the computers based upon their belief that they were connected to the surveillance cameras and contained evidence of the attack against them. (*Id.*)[22] The Magistrate Judge emphasized that there is no evidence that Defendants saw surveillance cameras inside the home, where the attack occurred. (*Id.*) Based upon the foregoing, the Magistrate Judge found that "a reasonable officer would not have concluded that the computers contained incriminating evidence allowing a warrantless seizure." (*Id.* at 26-27.) He stressed that qualified immunity does not protect officers from objectively unreasonable mistakes. (*Id.* at 27) (citing *Henry v. Purnell,* 652 F.3d 524, 531 (4th Cir.2011), *cert. denied.*). Therefore, the Magistrate Judge concluded that "Defendants are not entitled to qualified immunity because the facts viewed in the light most favorable to Mr. Deakins establish a deprivation of an actual constitutional right, which was clearly established at the time of the purported violation." (*Id.*)

---

22 Mr. Deakins admits that his residence was monitored by surveillance cameras. (PF&R at 26) (citing Document 179-9 at 6.) Also, Sean and Anthony Deakins concede that the home was monitored by surveillance cameras but insist that all of the surveillance cameras were located on the outside the house. (PF&R at 26) (citing Document 186-2 at 28-29, 32, 33.) They also explained that that surveillance system was wired to a security monitor which was located in the living room area. (*Id.*)

Next, the Magistrate Judge found that Defendants are entitled to qualified immunity for the seizure of the digital camera because they had probable cause to believe it contained evidence of a crime. (*Id.* at 27-28.) He noted that upon entering the residence, Defendant Long saw Mr. Deakins pointing a camera in his direction and soon thereafter Defendants were attacked by Mr. Deakins, Mrs. Deakins, and Anthony Deakins. (*Id.*) (citing Document 179-3 at 4.) Defendants state that they seized the camera because they believed it may have contained evidence of the attack. (*Id.*) The Magistrate Judge reiterated that an officer may seize evidence in plain view without a warrant if he lawfully occupies the place from which the item is plainly viewed and the incriminating character of the item is immediately apparent. (*Id.* at 27.) Based upon the foregoing, he found that Defendants are entitled to qualified immunity for the warrantless seizure of Mr. Deakins' digital camera. (*Id.* at 27-28.)

### d. *Claim of Conspiracy on Part of Defendants Rogers and Shrewsbury*[23]

In their Partial Motion for Summary Judgment, Defendants argue that there is no evidence to support Mr. Deakins' claims of bystander liability against Defendants Rogers and Shrewsbury because Mr. Deakins concedes that he does not know: (1) where Defendants Rogers and Shrewsbury were at the time excessive force was allegedly used against him at the detachment; (2) whether they were aware that such force was being used against him; or (3) whether they had the opportunity to stop it. (Document 180 at 12- 13.) In response, Mr. Deakins states that his claims against Defendants Rogers and Shrewsbury are for conspiracy pursuant to 42 U.S.C. §1983, not for "bystander liability." (Document 186 at 11.12.) In reply, Defendants argue that there is no evidence to support such a claim. (Document 188 at 9-12.)

---

23 Neither party objects to the Magistrate Judge's findings concerning Plaintiff Harry Deakins' claim of conspiracy on the part of Defendants Rogers and Shrewsbury. Therefore, the Court adopts the same.

The Magistrate Judge correctly set forth the applicable law concerning civil conspiracies under Section 1983. (PF&R 28-30.) He noted that in order to establish such a claim, a plaintiff must present evidence that "the defendants conspired or acted jointly or in concert and that some overt act was done in furtherance of the conspiracy, which resulted in plaintiff being deprived of the constitutional right." (*Id.* at 28) (quoting *Hafner v. Brown,* 983 F.2d 570, 577 (4th Cir.1992)). He stressed that to survive a motion for summary judgment, a plaintiff must provide evidence that "at least, reasonably lead[s] to the inference that Defendants positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan." (*Id.*) (quoting *Horton v. Dobbs,* 2011 WL 3606369, at *29 (N.D.W.Va. July 11, 2011.))

Upon a review of the record, the Magistrate Judge found that there is no evidence that Defendants Rogers or Shrewsbury conspired to allow Defendants Long and Jackson to use excessive force upon Mr. Deakins or personally observed a violation of the law and did nothing to prevent it. (PF&R at 28-30.) Although, in their affidavits, Mr. Deakins, Mrs. Deakins, and Anthony Deakins state that Defendants Rogers and Shrewsbury were present and had personal knowledge of the alleged use of excessive force (*see,* Document 186-1 at 32, 36, 40-41), the Magistrate Judge found that Mr. Deakins' and Anthony Deakins' statements are conclusory and improper. (PF&R at 29.)[24] He noted that neither of their affidavits contains facts indicating that Defendants Shrewsbury or Rogers were present or aware of the use of excessive force. (*Id.* at 29-30.)[25] As to Mrs. Deakins' affidavit, the Magistrate Judge found that it should be disregarded

---

24  The Magistrate noted that during his video deposition, Mr. Deakins only recalled seeing Defendants Long and Jackson when he was allegedly being beaten at the Detachment. (*Id.*) (citing Document 179-9 at 16.) Moreover, Mr. Deakins admitted to having no recollection of seeing Defendants Rogers at the Detachment. (*Id.* at 29) (citing Document 179-9 at 14-15.)

25  The Magistrate stressed that in his affidavit, Anthony Deakins does not state that Defendants Rogers and Shrewsbury saw Mr. Deakins being beaten. (PF&R at 30) Rather, he merely contends that that "[i]t would have been totally impossible for [] [them], not to have personally observed and heard" the attack." (*Id.*)

and stricken because she invoked her Fifth Amendment right to remain silent during her deposition. (*Id.*) (citing *In re Edmond,* 934 F.2d 1304, 1308-09 (4th Cir.1991).

Based upon the lack of evidence, the Magistrate Judge found that Mr. Deakins failed to state a cognizable claim for conspiracy. (PF&R at 30) ("Mere conclusory allegations of conspiracy do not demonstrate the 'meeting of the minds' element and therefore, fails to state a cognizable claim.") (quoting *Brown v. Angelone*, 938 F.Supp. 340, 346 (W.D. Va. 1996)). Accordingly, the Magistrate Judge recommended that summary judgment be granted to Defendants Rogers and Shrewsbury as to Mr. Deakins' civil conspiracy claim. (*Id.*)

### e.   Claim Against T.S. Pack[26]

In their motion, Defendants argue that there is no evidence to support any of the claims against Defendant Pack, and thus, he is entitled to summary judgment. (Document 180 at 7-9.) In support, Defendants stress that there is no evidence that: (1) the Defendant Troopers were negligently trained or supervised; (2) Defendant Pack had any personal involvement in the April 22, 2010 incident; or (3) that Defendant Pack had reason to know that such an incident would occur. (*Id.* at 8-9.) Mr. Deakins' response does not address Defendant Pack's request that he be granted summary judgment. (Document 186). In reply, Defendants argue that Mr. Deakins has conceded that summary judgment should be granted as to Defendant Pack. (Document 188 at 3.)

The Magistrate Judge correctly found that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." (PF&R at 31) (quoting *Ashcroft v.*

---

[26] Neither party objects to the Magistrate Judge's findings concerning Plaintiff Harry Deakins' claim against Defendant Pack. Therefore, the Court adopts the same.

*Iqbal,* 556 U.S. 662, 676 (2009)). He noted that in order to hold a supervisory defendant liable under Section 1983, a plaintiff must show the following:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices;' and (3) that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

(PF&R at 32) (quoting *Shaw v. Stroud,* 13 F.3d 791, 799 (4th Cir.1994)).

Based upon a review of the record, he found that there is "no evidence indicating that Defendant Pack was aware of an unreasonable risk of harm or misconduct by Defendant Troopers and failed to take corrective action." (PF&R at 33.) Moreover, he stressed that there is no evidence that Defendant Pack: (1) was aware of misconduct by any Defendant Troopers; (2) failed to adequately train or supervise them; or (3) had any personal involvement in the alleged incident occurring on April 22, 2010. (*Id.*) Because Mr. Deakins has failed to establish the requisite elements of his claim against Defendant Pack, the Magistrate Judge recommended that Defendants' motion for summary judgment be granted as to Defendant Pack. (*Id.*)

### ii. *Defendant's Motion for Summary Judgment Against Kay Deakins*

### a. *Mrs. Deakins' Request to Strike Exhibits*[27]

In response to Defendants' Motion for Summary Judgment, Mrs. Deakins moves to strike Defendants' Exhibits A, B, F, G, H, I & J. (Document 180 at 7.) In support, she argues that the Exhibits have not been authenticated, constitute hearsay, are irrelevant and inadmissible, and are

---

27 Neither party objects to the Magistrate Judge's findings concerning Plaintiff Kay Deakins' request to strike Defendants' Exhibits. Therefore, the Court adopts the same.

not proper summary judgment evidence. (*Id.*)[28] In reply, Defendants argue that Mrs. Deakins'
request should be denied because the Exhibits are proper under Rule 56(c)(1)(A) of the Federal
Rules of Civil Procedure. (Document 190 at 2-8.)

First, the Magistrate Judge reiterated the applicable law concerning proper summary
judgment evidence pursuant to Rule 56(c)(1)(A). Fed.R.Civ.P. 56(c)(1)(A); (*see supra* Part III, A,
i, a.) Then, he considered Mrs. Deakins' argument that Defendants' Exhibits A, B, F, G, H, I and J
are not properly authenticated. (PF&R at 34.) He noted that Mr. Deakins made the same
objections, and therefore, relied on his reasoning above (*see supra* Part III, A, i, a) in finding that
"Exhibits A, B, F, G, and H are properly authenticated and appropriate for consideration
concerning Defendants' Motion for Summary Judgment." (PR&R at 34)

Next, he considered Mrs. Deakins' argument that Defendants' Exhibits are irrelevant and
inadmissible. (*Id.*) He recognized that Rule 404(b)(1) of the Federal Rules of Evidence provides
that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in
order to show that on a particular occasion the person acted in accordance with the character." Fed.
R. Evid. 404(b)(1). However, "[t]his evidence may be admissible for another purpose, such as
providing motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake,
or lack of accident." Fed. R. Evid. 404(b)(2). Based upon the foregoing, the Magistrate Judge
determined that Defendants' Exhibits A and B are relevant and can be admissible evidence.
(PF&R at 34-35.) Exhibit A is a copy of the Grand Jury Indictment, Plea Agreement, and
Sentencing Order as filed in *Commonwealth of Virginia v. Harry Edwards Deakins,* Case No.
CR-10-156-00; 156-01; 156-02 (Cir. Ct. Tazewell Co., April 28, 2011) (Document 181-1.) Exhibit

---

28 Mrs. Deakins also argues that Defendants' Exhibits violate many sections of the Federal Rules of Evidence.
(Document 190 at 4-8.)

B is a copy of Arrest Warrants for Harry Deakins issued by the Tazewell County General District Court dated February 3, 2010 (Document 181-2 at 2-3) and a copy of a "Warrant for Arrest – For Fugitive from Justice" issued by the Magistrate Court of Mercer County on April 22, 2010. (*Id.* at 4-5.) The Magistrate Judge found that the above Exhibits can be admissible and are relevant evidence because Defendants assert that they properly entered the Deakins' residence on April 22, 2010, to execute an arrest warrant for Mr. Deakins, based upon the Tazewell County Indictment. (Document 190 at 5-6.) Accordingly, he found that Exhibits A (Document 181-1) and B (Document 181-2) may be considered on a motion for summary judgment. (*Id.*)

The Magistrate Judge then considered Exhibits F (Document 181-6), G (Document 181-7), and H (Document 181-8). Exhibit F is a copy of the "Criminal Case History" and "Guilty or No Contest Plea" in *State v. Harry Edward Deakins,* Case No. 10-M-1236 filed in the Magistrate Court of Mercer County, West Virginia. (Document 181-6.) Exhibit G is a copy of the "Indictment for: Attempt to Disarm a Police Officer, Battery on a Police Officer, and Brandishing a Deadly Weapon" and an Order Accepting Plea of Guilty filed in *State v. Anthony Todd Deakins,* Case No. 10-F-216 (Cir. Ct. Mercer County). (Document 181-7.) Exhibit H is a copy of the "Criminal Case History" in *State v. Kay F. Deakins*, Case Nos. 10-M-1238, 1239, 1240, 1241, filed in the Magistrate Court of Mercer County, West Virginia. (Document 181-8.) Defendants argue that the above documents are relevant and admissible because when the Defendant Troopers entered the Deakins' residence on April 22, 2010, to execute the arrest warrant for Mr. Deakins, they were attacked by Mr. Deakins, Mrs. Deakins, and Anthony Deakins. (Document 190 at 6-8.) Moreover, Defendants contend that Mrs. Deakins' unlawful arrest claim is precluded by the holding in *Heck* due to her convictions outlined in Exhibit H. (*See, id.* at 7, 10-11) (citing *Heck v. Humphrey,* 512

U.S. 477 (1994)). Based upon the foregoing, the Magistrate Judge found that the documents contained in Exhibits F (Document 181-6), G (Document 181-7), and H (Document 181-8) are relevant and admissible, and thus, may be considered on a motion for summary judgment. (PF&R at 36.)

Finally, the Magistrate Judge considered Defendants' Exhibits I and J and found that they may be considered on a motion for summary judgment. (PF&R at 36-37.) Exhibits I (Document 181-9) and J (Document 181-10) are copies of Mr. and Mrs. Deakins' respective video depositions. The Magistrate Judge noted that deposition testimony is proper evidence to support a motion for summary judgment. (PF&R at 37) (citing Fed.R.Civ.P. 56(c)(1)(A)). He also found that the depositions contain relevant and admissible evidence and may be authenticated based upon the "Reporter's Certificate."[29] (*Id.*) Based upon the foregoing, the Magistrate Judge found that Mrs. Deakins' request to strike Defendants' Exhibits should be denied. (*Id.*).

### b.  Fifth Amendment Privilege

In their Motion, Defendants argue that Mrs. Deakins' refusal to answer questions at her deposition precludes her from offering evidence in opposition to their motion for summary judgment, and therefore, her claims must be dismissed. (Document 182 at 5-9.)[30] In support, Defendants rely on various district court cases from other circuits. (*Id.* at 7-9.) Defendants stress that "a litigant in a civil action is not permitted to invoke the Fifth Amendment as a shield and then utilize this protection as a sword." (*Id.* at 5.) (citing *Brown v. United States,* 356 U.S. 148, 154 (1958); *In re Edmond,* 934 F.2d 1304, 1308 (4th Cir.1991.)) They contend that because their

---

29  The "Reporter's Certificate" states "I do certify that said deposition was correctly taken by me, by means of Stenomask; that the same was transcribed by me or under my supervision; and that said transcript is a true record of the testimony given by said witness." (Document 181-9 at 12-13 and Document 181-10 at 13.)

30  Defendants contend that Mrs. Deakins' refusal to answer questions at her deposition prevents her from "offering evidence, including affidavits or discovery responses," in opposition to their motion for summary judgment. (*Id.* at 7.)

evidence establishes that there are no genuine issues of material fact and Mrs. Deakins' has forfeited her right to present evidence in opposition, their motion for summary judgment must be granted. (*Id.* at 1-2, 7-9.)[31]

In response, Mrs. Deakins argues that because Defendants failed to move to compel her deposition answers they have waived their right to challenge her invocation of the Fifth Amendment privilege. (Document 189 at 16.) Also, she disagrees with Defendants' assertion that she did not answer "a single question at her deposition." (*Id.*)[32] (quoting Document 182 at 7.) She notes that Defense Counsel could have continued asking her questions for seven hours and "did not need to abruptly end the deposition." (*Id.* at 16-17.)

In reply, Defendants emphasize that because Mrs. Deakins invoked her right to remain silent, she is prevented from presenting evidence in opposition, and therefore, cannot withstand Defendant's motion for summary judgment. (Document 190 at 17-18.) Defendants contend that because Mrs. Deakins cannot offer evidence in opposition to their motion, "the evidence in support of [their] [motion for summary judgment] is clear." (*Id.* at 9.)[33] Defendants note that "even if Plaintiff was allowed to present evidence the record establishes that: (1) she was lawfully arrested; (2) the property was lawfully seized or the troopers are entitled to qualified immunity; and (3)

---

31 Defendants further argue that even if the Court were to allow Mrs. Deakins to offer evidence in opposition to their motion for summary judgment, "the record makes it clear that she cannot support most of her claims." (Document 182 at 14-15.) Defendants state that "to the extent that this Court believes that Ms. Deakins should be able to rely on discovery responses in opposition to Defendants' MSJ, Defendants would nevertheless be entitled to summary judgment as to any of her claims for unlawful seizure and any claims related to supervisory liability." (*Id.* at 17.) Defendants contend that the "only remaining claims would be for excessive force and intentional infliction of emotional distress against Trooper Baker." (*Id.*)

32 Mrs. Deakins contends that she "answered every question" but notes that she "answered nine questions without allegedly invoking [her] Fifth Amendment Privilege." (*Id.*)

33 Defendants assert that they have clearly established the following: "(1) there was probable cause to arrest Plaintiff; (2) excessive force was not used; (3) since Plaintiff was lawfully arrested and not subjected to excessive force there could be no claim for intentional infliction of emotional distress; (4) the property was lawfully seized or, at the very least, the Troopers are entitled to qualified immunity; (5) there was no support for any claims against then –WVSP Superintendent T.S. Pack; and (6) Plaintiff's Third Amended Complaint ("TAC") does not make any factual allegations against Troopers D.B. Rogers and P.H. Shrewsbury."

defendants Pack, Rogers, and Shrewsbury should be dismissed." (*Id.* at 2.) Defendants also take issue with Mrs. Deakins' claim that she answered "every question" before invoking her right to remain silent. (*Id.* at 9.) Defendants stress that although she answered introductory questions, such as "[c]an you please state your full name for the record?" (Document 181-10 at 5), she "clearly declined to answer any questions related to the incident giving rise to this lawsuit." (Document 190 at 9.) Therefore, Defendants contend that "they took [Mrs. Deakins] at her word and concluded the deposition." (*Id.* at 10.)

First, the Magistrate Judge set forth the applicable case law concerning the Fifth Amendment of the United States Constitution, specifically the right to remain silent. (PF&R at 39-41.) The Fifth Amendment provides in pertinent part that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself . . .." (U.S. Const. amend. V.) The Magistrate Judge correctly noted that the Fifth Amendment right to remain silent may also be asserted in a civil case, in response to a deposition question, if the answer might incriminate the deponent in a future criminal proceeding. (PF&R at 39) (citing *Kastigar v. United States,* 406 U.S. 441, 444-45 (1972); *Lefkowitz v. Turley,* 414 U.S. 70, 77 (1973).) In this case, Defendants concede that Mrs. Deakins had the right to remain silent. (Document 182 at 5.)

Then, he explained the possible ramifications of asserting one's Fifth Amendment privilege. (PF&R at 39-41.) He noted that a court may not make a litigant's assertion of her Fifth Amendment privilege "costly" by, for example, forcing her to choose between the Fifth Amendment privilege and dropping her lawsuit or by requiring her to pursue her lawsuit and thereby exposing herself to criminal liability. (*Id.* at 40) (citing *Griffin v. California,* 380 U.S. 609, 614 (1965); *Wehling v. Columbia Broadcasting System,* 608 F.2d 1084, 1087-88 (5th Cir.1979)).

However, the Magistrate Judge recognized that a "plaintiff who retreats under the cloak of the Fifth Amendment cannot hope to gain an unequal advantage against the party he [or she] has chosen to sue. To hold otherwise would, . . . enable plaintiff to use his [or her] Fifth Amendment shield as a sword." (PF&R at 41) (quoting *Wehling,* 608 F.2d at 1088) (citations omitted.)) He explained that courts should consider both a plaintiff's interest in her rights under the Fifth Amendment and also any disadvantage suffered by the opposing party. (PF&R at 41) (citing *Wehling,* 608 F.2d at 1088; *Serafino v. Hasbro, Inc.,* 82 F.3d 515, 518 (1st Cir.1996) ("while a trial court should strive to accommodate a party's Fifth Amendment interest . . . it must also ensure that the opposing party is not unduly disadvantaged.")). He noted that when a plaintiff properly invokes her right to remain silent under the Fifth Amendment, "dismissal is appropriate only where other, less burdensome, remedies would be ineffective means of preventing unfairness to defendant." (PF&R at 41) (quoting *Wehling,* 608 F.2d at 1088.) Therefore, he concluded that "the Fifth Amendment privilege should be upheld unless defendants have substantial need for particular information and there is no less burdensome effective means of obtaining it." (PF&R at 41) (quoting *Serafino,* 82 F.3d at 518.)

Upon review of the record, the Magistrate Judge found that Defendants failed to show a "substantial need for particular information" and that "there is no other less burdensome effective means of obtaining it." (*Id.* at 42.) Accordingly, he found that dismissal of Mrs. Deakins' claims based upon her invocation of her Fifth Amendment privilege is inappropriate. (PF&R at 42.) He recognized that "Defendants have alternative means of presenting an effective defense without resort to Mrs. Deakins' testimony." (*Id.*) Although Defendants argue that Mrs. Deakins' assertion of her right to remain silent has prevented them from "exploring the veracity of her claims," the

30

Magistrate Judge found that Defendants have not been placed at an "undue disadvantage." (*Id.*) (citing Document 182 at 7.) With regard to Mrs. Deakins' claim of excessive force, he noted that Defendants have relied upon State court records to show that she was convicted of obstruction of an officer, battery on an officer, and assault on an officer. (PF&R at 42.) Moreover, he noted that Defendants can testify in their defense. (*Id.*) Therefore, he found that dismissal based upon Mrs. Deakins' invocation of her right to remain silent is improper. (*Id.*)

The Magistrate Judge then considered Defendants' argument that Mrs. Deakins' claims should be dismissed since, as a result of her invoking her right to remain silent, she cannot offer evidence in opposition to their motion and "the evidence is support of [their motion] is clear." (*Id.*) (citing Document 182 at 8-9.) He found that "[a]lthough Mrs. Deakins' assertion of her Fifth Amendment privilege may preclude her from offering her own Affidavit, Mrs. Deakins may offer documentary evidence or testimony from other witnesses." (PF&R at 42-43) (citing *In re Edmond,* 934 F.2d at 1308-09 (4th Cir.1991); *United States v. Parcels of Land,* 903 F.2d at 43.)) Therefore, he recommended that "Defendants' Motion for Summary Judgment based upon the above should be denied." (PF&R at 43.)

### c.   Claim of Unlawful Arrest[34]

In their Motion, Defendants argue that they are entitled to summary judgment as to Mrs. Deakins' claim of unlawful arrest. (Document 182 at 14-16.) In support, they explain that the Defendant Troopers were within their right to arrest Mrs. Deakins because upon lawfully entering the Deakins' residence to execute an arrest warrant, Defendant Baker was attacked by Mrs. Deakins. (*Id.*) Defendants assert that because Mrs. Deakins was found guilty of charges stemming

---

[34] Neither party objects to the Magistrate Judge's findings concerning Plaintiff Kay Deakins' claims of unlawful arrest. Therefore, the Court adopts the same.

from her attack on Defendant Baker, she cannot now bring a lawsuit that, if successful, would question the validity of her convictions. (*Id.* at 15) (citing *Heck*, 512 U.S. 477).

In response, Mrs. Deakins asserts that Defendants' arguments are without merit because she has not been convicted of any charges stemming from the April 22, 2010 incident. (Document 189 at 17.) Mrs. Deakins contends that because she has appealed her convictions and is entitled to a "trial de novo," her "slate has been wiped clean." (*Id.* at 17-18.) Therefore, Mrs. Deakins surmises that she has not been convicted of any charges. (*Id.*)

In reply, Defendants state that because Mrs. Deakins' convictions have not been reversed on direct appeal, expunged by executive order, declared invalid, or called into question by the issuance of a writ of habeas corpus, her convictions stand. (Document 190 at 11) (citing *Heck*, 512 U.S. 477). Accordingly, Defendants argue that the Defendant Troopers had probable cause for her arrest, and therefore, her claim for unlawful arrest fails. (*Id.*)

Based upon a review of the record, the Magistrate Judge found that "Defendant's Motion for Summary Judgment should be granted to the extent that Mrs. Deakins is challenging the validity of her arrest." (PF&R at 43-44.) He noted that Mrs. Deakins was arrested, charged with, and later convicted of obstruction of an officer, battery on an officer, and assault on an officer based upon her conduct during the Defendant Trooper's execution of arrest warrants for Mr. Deakins. (*Id.* at 44) (citing Documents 181-1, 181-1, and 181-8.) The Magistrate Judge recognized that by alleging that her constitutional rights were violated, Mrs. Deakins appears to be challenging the lawfulness of her arrest and her subsequent convictions. (PF&R at 44.) The Magistrate Judge again relied upon the holding in *Heck*, (*see supra* Part III, A, i, b) to find that Mrs. Deakins' claims of unlawful arrest should be dismissed. (*Id.* at 44-45) (citing *Heck v.*

32

*Humphrey,* 512, U.S. 477 (1994)). He emphasized that there is no evidence that Mrs. Deakins' criminal convictions have been invalidated. (PF&R at 44-45.)[35] Accordingly, he found that Mrs. Deakins' claims under Section 1983 are barred by the holding in *Heck.* (*Id.*)

### d.   Qualified Immunity as to Seizure of Electronics

The Magistrate Judge noted that "Defendants and Mrs. Deakins present the identical arguments as addressed in Defendants' Motion for Summary Judgment against Mr. Deakins." (*Id.* at 46.)[36] Therefore, he relied on his reasoning as set forth above (*see supra* Part III, A, i, c) in finding that that Defendants' motion should be denied as to the seizure of the two personal computers and granted as to the seizure of the digital camera. (*Id.*)

### e.   Claim Against T.S. Pack[37]

In their motion, Defendants argue that there is no evidence to support any of Mrs. Deakins' claims against Defendant Pack, and thus, she is entitled to summary judgment. (Document 182 at 13-14, 16-17.) Defendants assert that Plaintiff cannot establish supervisory liability against Defendant Pack as there is no evidence that he was involved in the incident on April 22, 2010, or that the Defendant Troopers were negligently hired, trained or supervised. (*Id.*) Mrs. Deakins did not respond to Defendants' arguments. (Document 189.) Thus, Defendants contend that she has conceded that summary judgment should be granted as to Defendant Pack. (Document 190 at 2.)

---

35  The Magistrate Judge specifically noted that there is no evidence that Mrs. Deakins has either successfully appealed her convictions or filed for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. (PF&R at 44-45.)

36  In response to Defendant's Motion for Summary Judgment, Mrs. Deakins states that she "will rely upon her husband's arguments, case law as previously presented [Section VII, pages 13, 14, 15, 16 &17], in [her] husband's 'Plaintiff Harry E. Deakins, Sr. Response/ Memorandum in Opposition to Defendants' Motion for Partial Summary Judgment against Harry Deakins' and all of his attached exhibits thereto." (PF&R at 45-46) (quoting Document 189 at 15.)

37  Neither party objects to the Magistrate Judge's findings concerning Plaintiff Kay Deakins' claims against T.S. Pack. Therefore, the Court adopts the same.

The Magistrate Judge once again set forth the applicable law concerning supervisory liability under Section 1983 (*see supra* Part III, A, i, e) and found that that there is "no evidence indicating that Defendant Pack was aware of an unreasonable risk of harm or misconduct by Defendant Troopers and failed to take corrective action." (PF&R at 48.) He emphasized the lack of evidence concerning Defendant Pack's personal involvement in the April 22, 2010 incident, his knowledge of misconduct by the Defendant Troopers, and his failure to adequately train or supervise them. (*Id.*) Because summary judgment is required when a party fails to establish an essential element of a claim, the Magistrate Judge found that Defendants' motion should be granted as to Defendant Pack. (*Id.*) (citing *Celotex,* 477 U.S. at 325.)

### f.   *Claim Against Defendants Rogers and Shrewsbury*[38]

In their Motion, Defendants argue that Defendants Rogers and Shrewsbury are entitled to summary judgment because Mrs. Deakins has not asserted claims against them. (Document 182 at 4.) In response, Mrs. Deakins states that she has alleged the following claims against them: (1) conspiratory liability pursuant to 42 U.S.C. §§1983 and 1985; (2) excessive force; (3) intentional infliction of emotional distress; and (4) unlawful arrest. (Document 189 at 4-5) (citing Third Am. Compl. ¶¶ 89 -92.) Mrs. Deakins also contends that she has stated a claim of unreasonable search and seizure against Defendant Shrewsbury. (*Id.*) (citing Third Am. Compl. ¶ 88.) In support, she refers to her Answer to Interrogatory Number 9. (*Id.*) (citing Document 189-3 at 29-32.) In reply, Defendants argue that Mrs. Deakins' Answer to Interrogatory Number 9 is not sufficient to overcome their motion for summary judgment because it does not mention Defendant Rogers at all and is entirely comprised of conclusory allegations. (Document 190 at 12-14.)

---

[38] Neither party objects to the Magistrate Judge's findings concerning Plaintiff Kay Deakins' claims against Defendants Rogers and Shrewsbury. Therefore, the Court adopts the same.

### i) *Conspiracy Claim*

Based upon a review of the record, the Magistrate Judge found that "there is no evidence that Defendants Rogers or Shrewsbury conspired in violation of Sections 1983 or 1985." (PF&R at 49-51.) He reiterated that to establish a civil conspiracy under Section 1983, Mrs. Deakins must present evidence that "the defendants conspired or acted jointly or in concert and that some overt act was done in furtherance of the conspiracy, which resulted in plaintiff being deprived of the constitutional right." (*Id.* at 49) (citing *Hafner,* 983 F.2d at 577); (*see supra* Part III, A, i, d). Then he explained that to establish a conspiracy under Section 1985(3), a plaintiff must prove "(1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy." (PF&R at 50)[39] (quoting *Unus v. Kane,* 565 F.3d 103, 126 (4th Cir.2009) (citation omitted.) He stressed that conclusory allegations of a conspiracy are insufficient to withstand a motion for summary judgment. (*Id.*) (citing *Simmons v. Poe,* 47 F.3d 1370, 1376 (4th Cir.1995)).

The Magistrate Judge reviewed the record and found that based upon the lack of evidence, Defendants Rogers and Shrewsbury should be granted summary judgment as to Mrs. Deakins' civil conspiracy claims. (PF&R at 50-51.) As to Mrs. Deakins' claim that Defendants Rogers and Shrewsbury conspired to use excessive force, he found that there is no evidence that they had any physical contact with Mrs. Deakins or were present during the alleged use of excessive force. (*Id* at

---

39  The Magistrate Judge reasoned that Mrs. Deakins was asserting a claim under Section 1985(3) because the Third Amended Complaint did not contain allegations that would implicate Section 1985(1) or Section 1985(2). (PF&R at 50.) He noted that Section 1985(1) proscribes conspiracies to prevent an officer from performing his duties while Section 1985(2) prohibits conspiracies aimed at intimidating a party, witness, or juror to a court proceeding. (*Id.*)

50.) Turning to Mrs. Deakins' claim that Defendant Shrewsbury conspired to inflict unnecessary pain by failing to render first aid, the Magistrate Judge found that her claim is speculative and conclusory. (*Id*. at 51.)   Because Mrs. Deakins was transferred to a hospital for medical treatment, the Magistrate Judge found that her claim against Defendants Rogers and Shrewsbury is based upon their mere presence at the Detachment. (*Id*.) (citing Document 60 at 16, Document 189-2 at 25-27, and Document 181-3 at 9-10.) He emphasized that there is no evidence that they formed an agreement to allow the Defendant Troopers to use excessive force or that they personally observed a violation of the law and did nothing to prevent it. (PF&R at 51.) Therefore, he found that Mrs. Deakins' civil conspiracy claims against Defendants Rogers and Shrewsbury should be dismissed. (*Id*.)

### ii)   *Other Claims*

The Magistrate Judge also considered Mrs. Deakins' claims against Defendants Rogers and /or Shrewsbury for excessive force, unlawful arrest, "fail[ing] to properly identify her husband prior to the other troopers' arrival at her home," "fail[ing] to render first aid to . . . her husband," unreasonable search and seizure, and intentional infliction of emotion distress. (*Id*. at 51-53.) Based upon his review of the record, the Magistrate Judge found that the above claims should be dismissed. (*Id*.)

First, he noted that there is no evidence that Defendants Rogers and Shrewsbury had any physical contact with Mrs. Deakins or were present at the time of the arrest or when the alleged use of excessive force occurred. (*Id*.) Therefore, he found that Mrs. Deakins' claims of excessive force and unlawful arrest against Defendants Rogers and Shrewsbury should be dismissed. (PF&R at 51-52.)

36

Next, he considered Mrs. Deakins' claims concerning her husband. (*Id.* at 52.) He found that Mrs. Deakins has no claim based upon her allegations that Defendants Rogers and Shrewsbury failed to: (1) prevent the alleged use of excessive force against her husband; (2) properly identify her husband prior to the Defendant Trooper's entry into their home; and (3) render first aid to her husband. (*Id.*)

Then, the Magistrate Judge considered Mrs. Deakins' claim of unreasonable search and seizure against Defendant Shrewsbury. (*Id.*) He found that there is "no evidence to suggest that Defendant Shrewsbury was present or participated in any search and seizure of property within the Deakins' residence." (*Id.*) He also found that there is no evidence to support Mrs. Deakins' claim that Defendant Shrewbury improperly accessed information on her computers. (*Id.*) Therefore, the Magistrate Judge found that her claim of unreasonable search and seizure against Defendant Shrewsbury should be dismissed. (*Id.*)

Finally, he considered Mrs. Deakins' claim of intentional infliction of emotional distress against Defendants Rogers and Shrewsbury and found that it should be dismissed. (*Id.*) He explained that to establish a claim of intentional infliction of emotional distress, Mrs. Deakins must prove the following: "(1) [Defendants Rogers and Shrewsbury's] conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) [they] acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from its conduct; (3) the actions of [Defendants Rogers and Shrewsbury] caused [her] to suffer emotional distress; and (4) the emotional distress suffered by [her] was so severe that no reasonable person could be expected to endure it." (PF&R at 52-53) (quoting Syl. Pt. 3, *Travis v. Alcon Laboratories, Inc.,* 202 W.Va. 369, 504 S.E.2d 419, 425

(W.Va. 1998) (alteration supplied)). Because there is no evidence that Defendants Rogers and Shrewsbury's conduct was "atrocious, intolerable" or "extreme and outrageous," the Magistrate Judge found that Mrs. Deakins' claim should be dismissed. (PF&R at 53) (citing *Johnson v. Hills Dept. Store, Inc.,* 200 W.Va. 196, 199, 488 S.E.2d 471, 474 (1997)).

### B. Defendants' Objections

On May 8, 2013, Defendants timely filed their objections to the Magistrate Judge's PF&R (Document 235) and attached Exhibits.[40] (Document 235-1.)[41] They object to the PF&R to the extent that it recommends: (1) that Defendants be denied summary judgment as to the seizure of Plaintiffs' computers; and (2) that Defendants' Motion for Summary Judgment against Mrs. Deakins be denied as to her claims for excessive force, assault, battery, and intentional infliction of emotional distress. (*Id.* at 13.)

### i. The Seizure of the Two Personal Computers

Defendants object to the PF&R's finding that Defendants did not have probable cause to believe that the Deakins' two personal computers contained evidence of the attack upon them allowing for a warrantless seizure. (Document 235 at 2.) Defendants argue that the PF&R "does not take into consideration all of the crimes which occurred both inside and outside the home

---

40 Defendants argue that although these Exhibits were not presented as part of their motion, the Court may still consider them. (Document 235 at 4) (citing Fed. R. Civ. P. 72(b)(3) (a district court judge may "receive further evidence"); *United States v. George,* 971 F.2d 1113, 1118 (4th Cir.1992); *Wojcicki v. Aiken Tech. College,* 360 F.App'x 484 (4th Cir.2010) (unpublished opinion) (noting that "[t]he Federal Magistrate's Act provides that a district court, when reviewing a magistrate judge's report and recommendation, 'shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made' and 'may also receive further evidence.'" (quoting 28 U.S.C.A. § 636(b)(1)) (citations omitted).

41 As Exhibit A, Defendants submit online advertisements for hidden cameras. (Document 235-1 at 2-5.) As Exhibit B, Defendants file online advertisements and descriptions of laptop computers and digital cameras with WiFi capabilities. (Document 235-1 at 6-14.) As Exhibit C, Defendants submit a copy of Plaintiff, Harry Deakins, "Criminal Case History" in *State v. Harry Edward Deakins,* Case No. 10-M-1235 filed in the Magistrate Court of Mercer County, West Virginia (Document 235-1 at 16) and a "Criminal Complaint" filed in *State v. Harry Edward Deakins,* Case Nos. 10-M-1235 ("Flee on Foot") and 10-M-1236 ("Battery on Officer"), in the Magistrate Court of Mercer County, West Virginia. (Document 235-1 at 17.)

and/or the modern and ever evolving capabilities of computers/ home security systems." (*Id.*) Defendants explain that as they approached Mr. Deakins in his yard to execute an arrest warrant, he fled into his house. (*Id.* at 3.) Accordingly, they followed him in hot pursuit, and forcibly entered the home. (*Id.*) Defendants state that they noticed surveillance cameras outside the home and once inside, were confronted with Mr. Deakins pointing a digital camera at them. (*Id.*) Immediately thereafter, Defendants Long, Jackson, and Baker were attacked. (*Id.*) After subduing Plaintiffs, they noticed computers and believed them to be part of a home security system. (*Id.*) Defendants state that they "believed that the computers contained surveillance evidence of the fleeing and attack." (*Id.*) Defendants argue that given the totality of the circumstances and the "ever changing electronic capabilities," the seizure of the computers was "constitutional, or, in the alternative, subject to qualified immunity." (*Id.*)

First, Defendants take issue with the PF&R's assumption that they knew that the only surveillance cameras were located outside of the house. (*Id.* at 4.) They stress that "there is no evidence that [they] knew the surveillance system only recorded activity outside." (*Id.*) Defendants note that although they did not notice surveillance cameras inside the home, "the reality is that cameras may very well have been inside." (*Id.* at 4-5.) Defendants point out that security cameras can be hidden inside homes and digital cameras can "directly stream evidence to a computer's hard drive via WiFi or digital networks." (*Id.* at 4.) Therefore, Defendants contend that the computers may have contained evidence from the digital camera. (*Id.* at 5.)

Second, Defendants stress that the PF&R incorrectly "assumes that the only reasons to have seized the computers would have been to obtain footage of the attack inside the home." (*Id.*) Defendants contend that a crime was committed outside the home that could have been captured

39

by the surveillance cameras. (*Id.* at 4-5.) Defendants explain that Mr. Deakins committed a crime when he fled from them. (*Id.*) (citing W.Va. Code § 61-5-17(d) ("Any person who intentionally flees or attempts to flee by any means other than the use of a vehicle from any law-enforcement officer . . . who is attempting to make a lawful arrest of the person, and who knows or reasonably believes that the officer is attempting to arrest him or her, is guilty of a misdemeanor . . .")). Defendants contend that the fact that he was charged with a misdemeanor supports their belief that he violated that law outside. (*Id.*)[42] Based upon the foregoing, they argue that they had probable cause to believe that the outdoor surveillance cameras contained incriminating evidence. (*Id.*) Moreover, Defendants assert that their belief that the computers contained recorded images from the outdoor surveillance cameras was reasonable. (*Id.*) Accordingly, they argue that they also had probable cause to believe that the computers contained evidence of a crime. (*Id.*) Thus, Defendants maintain that the seizure of the computers was constitutional. (*Id.*)

Alternatively, Defendants object to the PF&R's finding that they are not entitled to qualified immunity. (*Id.*) Defendants reiterate that qualified immunity protects police officers from "reasonable mistakes." (*Id.*) (quoting *Sevigny v. Dicksey,* 846 F.2d 953, 957 (4th Cir.1988)). Defendants stress that given the recent advancements in technology, their belief that the computers contained incriminating evidence was reasonable. (*Id.* at 6-7.)[43] At the very least, given the totality of the circumstances, Defendants argue that they were not "plainly incompetent" in seizing the personal computers. (*Id.* at 7-8) (citing *Malley v. Briggs,* 475 U.S. 335, 341 (1986) (Qualified

---

42 Defendants note that Mr. Deakins was charged with violating W.Va. Code § 61-5-17(d), but the charge was dismissed when he pled guilty to battery on Defendant Jackson. (Document 235 at 5) (citing Document 235-1 at 16-17)

43 First, Defendants contend that their belief that Mr. Deakins' flight may have been recorded by the surveillance cameras and transmitted to the computers was reasonable. (Document 235 at 6.) Second, they assert that their belief that the images from the digital camera may have been uploaded to the computer's hard drive was also reasonable. (*Id.*) Lastly, Defendants argue that, given the surveillance equipment outside, their belief that there may have been cameras inside the home was not unreasonable. (*Id.*)

immunity protects "all but the plainly incompetent or those who knowingly violate the law.")) Therefore, Defendants contend that they are at least entitled to qualified immunity with regard to the seizure of Mr. and Mrs. Deakins' two personal computers. (*Id.* at 8.)

### ii.   Defendants' Motion for Summary Judgment Against Kay Deakins

Defendants also object to the Magistrate Judge's recommendation that their Motion for Summary Judgment against Kay Deakins "be denied with respect to her claims for excessive force, assault, battery, and intentional infliction of emotional distress." (Document 235 at 13.)[44] Defendants disagree with the Magistrate's findings concerning the consequences of Mrs. Deakins asserting her Fifth Amendment right to remain silent. (*Id.* at 8.) They argue that dismissal is "the proper recourse" in this instance and, in the alternative, that Mrs. Deakins is precluded from offering evidence in support of her claims. (*Id.* at 10.) Moreover, Defendants contend that even if Mrs. Deakins were allowed to put forth such evidence, it would not be sufficient to overcome their motion. (*Id.* at 10-12.) Therefore, because Mrs. Deakins cannot and has not offered evidence sufficient to defeat their motion for summary judgment, Defendants argue that her claims should be dismissed. (*Id.*)

Defendants take exception to the PF&R's assertion that "dismissal of a claim for invocation of one's right to remain silent is a penalty of last resort that can only come about if a defendant shows 'substantial need' for particular information and 'no less burdensome' means of obtaining it." (*Id.* at 8-9)[45] (quoting PF&R at 41.) Defendants imply that the Magistrate's reliance

---

44  The Court notes that the PF&R did not make reference to Mrs. Deakins' claims of assault and battery in its Recommendation. The PF&R states that "[the Magistrate Judge] recommends that summary judgment be . . . DENIED as to Mrs. Deakins' claim of excessive force by Defendants Long, Jackson, Baker, and Wade; unreasonable search and seizure of the two personal computers by Defendants Long, Jackson, Baker, and Wade; and intentional infliction of emotional distress by Defendants Long, Jackson, Baker, and Wade." (Document 224 at 54.)

45  Defendants also stress that a party's claims can be dismissed when he invokes his right to remain silent. (Document 235 at 9) (citing *Lyons v. Johnson,* 415 F.2d 540 (9th Cir.1969); *Crandall v. Hard Rock Café Int'l, Inc.,* 2000 U.S.

on *Serafino v. Hasboro, Inc.,* 82, F.3d 515, 518 (1st Cir.1996), for the above proposition, is misplaced because *Serafino* concerned a motion to dismiss, not a motion for summary judgment. (*Id.* at 9-10.) Defendants stress that they "have not demanded automatic dismissal based solely on Mrs. Deakins' invocation of her Fifth Amendment rights," but rather, are arguing that she "is precluded from offering evidence in support of her claims." (*Id.* at 10.) Defendants assert that Mrs. Deakins' claims should be dismissed because she cannot present sufficient evidence to defeat their properly supported motion for summary judgment. (*Id.*)

Defendants also disagree with the PF&R's conclusion that "even if an individual may not rely on his/her own affidavit in opposition to a motion for summary judgment, he/she may still rely on other evidence in the record." (*Id.* at 8.) Defendants contend that the Magistrate Judge's reliance on *In re Edmond,* 934 F.2d 1304, 1308-09 (4th Cir.1991) and *United States v. Parcels of Land*, 903 F.2d 36, 43 (1st Cir.1991), is misplaced because neither case holds that a party may invoke his Fifth Amendment right to remain silent and then offer evidence in opposition to a motion for summary judgment. (Document 235 at 11.) Defendants stress that various district courts have held that "a party cannot refuse to answer questions during the course of their deposition and then offer other evidence, such as discovery response, in opposition to a party's motion for summary judgment." (*Id.*)[46] Therefore, Defendants argue that the Magistrate Judge erred in recommending that Mrs. Deakins could present evidence in opposition to their motion for summary judgment. (*Id.* at 12.) Nevertheless, Defendants contend that Mrs. Deakins has not put

---

Dist. LEXIS 8461 at *6 (N.D. Ill. 2000); *Mt. Vernon Sav. & Loan Asso. V. Partridge Associates,* 679 F.Supp. 522 (1987); *Jones v. B.C. Christopher & Co.,* 466 F.Supp. 213 (D.Kan 1979); and *Kisting v. Westchester Fire Ins. Co.,* 290 F.Supp. 141 (W.D. Wis. 1968)).

46 Defendants cite to the following cases: *McKeller v. Rubel,* 2009 Dist. LEXIS 27161 (E.D. Mo. 2009); *SEC v. Brown,* 579 F.Supp.2d 1228 (D.Minn. 2008); *United States v. $110,873.00 in United States Cur.,* 2004 U.S. Dist. LEXIS 28891 (N.D. Ohio 2004); *Dunkin' Donuts, Inc. v. Taseski,* 47 F.Supp.2d 867 (E.D. Mich. 1999); *City of Chi. v. Reliable Truck Parts Co.,* 822 F.Supp. 1288, 1293 (N.D. Ill 1993).

forth any evidence to defeat their motion for summary judgment. (*Id.* at 12-13.) Defendants note that other than her Affidavit, which the Magistrate Judge apparently did not consider, Mrs. Deakins has not put forth any competent evidence sufficient to withstand their motion for summary judgment. (*Id.* at 12.)[47] On the other hand, Defendants stress that they have offered "Rule 56 competent evidence that they did not violate Plaintiff's rights, including her right to be free from excessive force." (*Id.*) (citing Document 181-11 at Request for Admission ("RFA") Nos. 4, 8-9, 22-24, and 27, and Document 181-3 at RFA No. 12.) Therefore, Defendants contend that they are entitled to summary judgment. (*Id.* at 13.)

### C. The Court's Findings

As stated above, district courts must make a *de novo* determination of those portions of a magistrate judge's report, specified findings, and recommendations to which objections are made. 28 U.S.C. § 636(b)(1). The Fourth Circuit Court of Appeals has interpreted this provision to mean that when a proper objection is made to a magistrate judge's report, "the appellant's right to *de novo* review is established" and "a district court is required to consider all arguments directed to that issue regardless of whether they were raised before the magistrate." *United States v. George,* 971 F.2d 1113, 1118 (4th Cir.1992); *see also, Brewer v. Paugh,* 2007 WL 545997, Case No. 5:06-cv-98 (N.D.W. Va. Feb. 16, 2007); *Murray v. Lappin,* 2008 WL 249167, Case No. 5:07-cv-6, at * 3 (N.D.W. Va. Jan 29, 2008); *Weber v. Aiken-Partain,* 2012 WL 489148, Case No.

---

47 Defendants contend that because the Magistrate Judge did not consider Mrs. Deakins' Affidavit and neither Mr. Deakins' nor Anthony Deakins' Affidavits address her excessive force claim, Mrs. Deakins has not put forth any evidence sufficient to survive their motion. (Document 235 at 12.)

8:11-cv-2423-GRA (D.S.C. Feb. 15, 2012.) Because Defendants in this case have made proper objections to the Magistrate Judge's PF&R, the Court will entertain their new arguments. (*Id.*)[48]

In determining whether to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," the court "*may* also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1) (emphasis supplied). The decision of whether to accept evidence submitted after a magistrate judge has submitted his PF&R regarding a dispositive motion "rests within the sound discretion of the district court." *Doe v. Chao,* 306 F.3d 170, 183, fn. 9 (4th Cir.2002), *aff'd,* 540 U.S. 614 (2004)). "While the court may receive further evidence, attempts to introduce new evidence after the magistrate judge has acted are disfavored." *Caldwell v. Jackson*, 831 F.Supp.2d 911, 914 (M.D.N.C., May 20, 2010) (citing *Virgin Enters. Ltd. v. Virgin Cuts, Inc.,* 149 F.Supp.2d 220, 223 (E.D.Va., Feb. 18, 2000); *Callas v. Trane CAC, Inc.,* 776 F.Supp. 1117 (W.D.Va., Aug. 24, 1990), *aff'd,* 940 F.2d 651 (4th Cir.1991)). The Court, in its discretion, has considered Defendants' newly submitted evidence as there is no indication that Defendants withheld the exhibits to gain a strategic advantage. *See, Wojcicki v. Aiken Tech. College,* 360 F.App'x 484 (4th Cir.2010) (unpublished opinion).

### i. Defendants' Seizure of the Computers

Viewing the totality of the circumstances and the underlying facts and evidence in the light most favorable to Plaintiffs, the Court finds that Defendants Long, Jackson, Baker, and Wade did

---

48  The Court notes that some courts have held that a district court cannot consider arguments that were not before the Magistrate Judge. *See, Keitt v. Ormond,* 2008 WL 4964770, Case No. 5:06-cv-1069 (S.D.W. Va. Nov. 13, 2008) (Johnston, J.) ("[r]eview of a Magistrate's ruling . . . does not permit consideration of issues not raised before the Magistrate . . . A magistrate's decision should not be disturbed on the basis of arguments not presented to him.") (citing *Jesselson v. Outlet Assocs. of Williamsburg, Ltd. P'ship,* 784 F.Supp. 1223, 1228 (E.D.Va.1991); *Maurice v. State Farm Mut. Auto. Ins. Co.,* 235 F.3d 7, 10 (1st Cir. 2000)). However, it appears most districts in the Fourth Circuit have instead followed the holding in *United States v. George,* 971 F.2d 1113, 1118 (4th Cir.1992).

not have probable cause to support the warrantless seizure of the Deakins' computers. *Matsushita*, 475 U.S. at 587-88. Therefore, their objection should be overruled.

As stated above, the Fourth Amendment protects citizens against unreasonable searches and seizures. (U.S. Const. amend. IV.) Warrantless seizures are "per se unreasonable" – "subject only to a few specifically established and well-delineated exceptions." *Katz v. United States,* 389 U.S. 347, 357 (1967.) Central to this case is the exception known as the "plain view doctrine," which provides that police may seize evidence in plain view in the course of a lawful search if: (1) the seizing officer lawfully occupies the place from which the object can be plainly viewed; (2) the seizing officer has "a lawful right of access to the object itself[;]" and (3) the incriminating character of the object is "immediately apparent." *Horton v. California,* 496 U.S. 128, 136–37 (1990.) An object's incriminating character is "immediately apparent" if a police officer, upon seeing it, has probable cause to believe it is "evidence of a crime or is contraband." *Arizona v. Hicks,* 480 U.S. 321, 326–27 (1987).

Probable cause is a quantum of evidence defining the level of suspicion the police must have before conducting a search or seizure. *See, United States v. Brown,* 401 F.3d 588, 592 (4th Cir.2005). It "does not require certainty, nor does it require that the seized evidence is more likely than not to be contraband, stolen property, or evidence of a crime." *Adkins v. McClanahan,* 2013 WL 942323, at *4, Case No. 1:12-cv-34 (W.D.Va. Mar. 11, 2013) (citing *Texas v. Brown,* 460 U.S. 730, 742 (1983)). Rather, a "practical, nontechnical probability that incriminating evidence is involved" is all that is required. *U.S. v. Davis*, 690 F.3d 226, 264 (4th Cir.2012) (quoting *Brown,* 460 U.S. at 742 (internal quotation marks omitted)). However, probable cause requires more than a hunch and must be supported by facts. *See, Brown,* 460 U.S. at 742 (Probable cause "requires that

45

the facts available to the officer would 'warrant a man of reasonable caution in the belief'... that certain items may be contraband or stolen property or useful as evidence of a crime.'") (citation omitted.) In determining whether officers had probable cause to support a seizure, the court must assess the totality of the circumstances. *Adkins,* 2013 WL 942323 at * 4.

Based upon a review of the record, the Court finds that Defendants did not have probable cause to believe that the computers they seized contained incriminating evidence *because* they did not have probable cause to believe the computers were connected to any device capable of capturing such evidence. In their motions for summary judgment and in their objections, Defendants gloss over this essential step in their reasoning. Rather, they appear to focus on what evidence the surveillance cameras could have captured.   In their motions, Defendants claim that the Defendant Troopers seized the computers believing that they may contain evidence of the attacks against them. (Document 180 at 9, 12; Document 182 at 13, 15.) In support, they state that they "noticed the surveillance system in place and believed that it may have been connected to the computers." (Document 180 at 12; Document 182 at 13.) They do not explain why they held that belief. Now, in their objections, they contend that the seizure was reasonable and constitutional because the Defendant Troopers "presumed" the surveillance cameras captured Mr. Deakins' crime of fleeing on foot and transmitted those images to the computers. (Document 235 at 5.)[49] They argue that "[i]t was not unreasonable for them to have concluded . . . that the[] recordings [from the surveillance cameras outside or the digital camera] might have been on the computer's hard drive." (*Id.* at 6.) In support, they rely on the following facts: (1) they "noticed cameras on the

---

49  The Court notes that although Defendants have consistently maintained that Mr. Deakins fled inside his home as they approached him, (*See, e.g.,* Document 180 at 1-2; Document 179-3 at 5, 10, 25), they did not pursue this ground in their motions for summary judgment, as a basis for probable cause to seize the computers. (*See,* Documents 180, 182, 188, 190.)

outside;" (2) "Mr. Deakins was holding a digital camera when they entered the home;" and (3) "[t]here were computers and a monitor for the surveillance system nearby." (*Id.* at 7.)

The Court finds that Defendants did not have probable cause, at the time of the seizure, to believe the computers were connected to the surveillance cameras or any other device capable of capturing evidence of Mr. Deakins' crimes. The mere existence of surveillance cameras outside a house, a digital camera, and a monitor for the surveillance system, does not establish probable cause for believing the computers contained images from those devices.  Notably, Defendants have not articulated specific facts explaining why they believed the computers contained: (A) images from the surveillance cameras outside; (B) images from possible hidden cameras inside; and/or (C) photographs which had automatically been uploaded from Mr. Deakins' digital camera.[50] For example, Defendants do not contend that they saw images from the surveillance cameras on the computer screens or that they saw a wire connecting the monitor for the surveillance system to the computers. In fact, Defendants argue that "certain aspects of the surveillance system, such as whether it was hooked up, whether it was wireless, and whether it was connected to the computers that were taken on the day [April 22, 2010]" is not relevant to the question of "whether [they] believed, at the time, that these computers may have been connected to the surveillance system and contained evidence of a crime." (Document 188 at fn. 15.) However, the fact that the surveillance system was not wireless and was connected to the security monitor is

---

50  In support of their probable cause determination, Defendants mostly rely on the existence of the surveillance cameras. *See, e.g.,* (Document 235 at 3) ("[C]onsidering the existence of the cameras which they had observed, Defendants believed that the computers contained surveillance evidence of the fleeing and attack."); (Document 179-3 at 4; Document 181-3 at 4) ("[H]aving noticed the presence of security cameras on Plaintiffs' property, [they] believed at the time that the camera and computers may have contained evidence of the events which had just transpired.") (Document 181-3 at 25) ("The computers and camera were located in the living room, which was in the immediate area of Plaintiffs arrest. The defendant troopers, after seeing security cameras on the premises and Mr. Deakins holding the camera and pointing it at the troopers upon their arrival in Plaintiffs' residence, believed that the camera and computers contained footage of the events that transpired on April 22, 2010.")

relevant.[51]  Whether there were cables or wires connecting the outdoor surveillance cameras to the security monitor, but not to the computers, is pertinent. Regardless, Defendants have not articulated facts demonstrating that they had probable cause to seize the computers. The Court finds that given the facts available to Defendants at the time of the seizure, a reasonable officer would not have concluded that the computers may contain evidence of a crime. *Brown,* 460 U.S. at 742 (citation omitted.) Therefore, the Court finds that Defendants did not have probable cause to support a warrantless seizure of the computers.

The Court also finds that Defendants are not entitled to qualified immunity for seizing the Deakins' computers. At the time of the purported violation, Mr. and Mrs. Deakins had a clearly established right to be free from a warrantless seizure of their computers that was unsupported by probable cause. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009); (U.S. Const. amend. IV.) In viewing the facts in the light most favorable to Mr. and Mrs. Deakins, the Court finds that they were deprived of that right. (*Id.*) As stated above, the Court finds that a reasonable officer would not have believed, based upon the mere presence of surveillance cameras outside the home, a security monitor, and a digital camera, that the Deakins' computers contained recordings from those devises and/or possible hidden cameras. Although hidden cameras and digital cameras that automatically upload images to computer hard drives exist, (*See,* Document 235-1), there is no indication that at the time of the seizure, Defendant Troopers believed or had reason to believe that the Deakins' home was equipped with such technology. For example, Defendants do not assert that in their experience, when someone has surveillance cameras outside their home they usually

---

51  In his Affidavit, Sean Deakins states that the surveillance system was "a wire system" in that "[t]here have never been any Ethernet cables, or any wireless devices/router, which would enable said personal computer(s) to be connected to the surveillance system / security monitor and/or the Internet." (Document 186-2 at 29.) However, he notes that the security monitor was attached to the surveillance system. (*Id.*) The Court notes that Defendants did not dispute these assertions in the Affidavits of Sean Deakins and Anthony Deakins.

also have hidden cameras inside. Defendants' belief that the computers contained evidence of a crime allowing for a warrantless search was not reasonable. Accordingly, the Court finds that Defendants are not entitled to qualified immunity. *Henry v. Purnell,* 652 F.3d 524, 535 (4th Cir.2011) ("Although officers . . . may make unreasonable mistakes on occasion, the doctrine of qualified immunity does not serve to protect them on those occasions.")

Based upon the foregoing, the Court overrules Defendants' objection and adopts the Magistrate Judge's recommendation that Defendants be denied summary judgment as to Mr. and Mrs. Deakins' claims of unreasonable search and seizure of the two personal computers by Defendants Long, Jackson, Baker, and Wade.

### ii.   Defendants' Motion for Summary Judgment Against Kay Deakins

In balancing the interests of Mrs. Deakins and Defendants in the instant matter, the Court finds that dismissing Mrs. Deakins' claims and precluding her from offering further evidence is not warranted as it would make the assertion of her Fifth Amendment privilege "costly." *Griffin v. California,* 380 U.S. 609, 614 (1965). The Court finds that the appropriate effect of Mrs. Deakins' invocation of the Fifth Amendment privilege is to strike her affidavit opposing summary judgment. Finally, the Court finds that Defendants' Motion for Summary Judgment as to Mrs. Deakins' claims of excessive force and intentional infliction of emotional distress should be denied with respect to Defendants Long, Jackson, Baker and Wade.

### a.   Effect of Invoking the Fifth Amendment Privilege

As stated above, the United States Supreme Court noted, in *Griffin v. California*, that a court may not impose a sanction on a litigant that would make an assertion of her Fifth Amendment privilege "costly." (*Id.*) Forcing a party in a civil case to choose between invoking her

Fifth Amendment right and refusing to answer deposition questions or dropping her lawsuit is "costly." *See, Pillsbury Co. v. Conboy,* 459 U.S. 248, 256-57 (1983); *Griffin,* 380 U.S. at 614. However, "there are certain limited exceptions to the principle described above, namely those cases where assertion of the Fifth Amendment privilege would thwart 'discovery of issues at the heart of plaintiff's lawsuit.'" *Swann v. City of Richmond,* 462 F.Supp.2d 709, 712 (E.D.Va.,Nov. 17, 2006) (quoting *Wehling v. Columbia Broadcasting Sys.,* 608 F.2d 1084, 1086 (5th Cir.1979)). As the Fourth Circuit Court of Appeals explained in *In re Edmond,* "the Fifth Amendment privilege cannot be invoked as a shield to oppose depositions while discarding it for the limited purpose of making statements to support a summary judgment motion." *In re Edmond*, 934 F.2d 1304, 1308 (4th Cir.1991).

Accordingly, "[w]hile a trial court should strive to accommodate a party's Fifth Amendment interests, *see United States v. Parcels of Land,* 903 F.2d 36, 44 (1st Cir.1990), it also must ensure that the opposing party is not unduly disadvantaged." *Serafino v. Hasbro, Inc.,* 82 F.3d 515, 518 (1st Cir.1996) (citing *Gutierrez-Rodriguez v. Cartagena,* 882 F.2d 553, 577 (1st Cir.1989) (affirming district court's refusal to allow defendant to testify at trial when he asserted his Fifth Amendment privilege during discovery). Therefore, a balancing approach is necessary in cases where a party to a civil action asserts her Fifth Amendment privilege and refuses to answer deposition questions. *Swann*, 462 F.Supp.2d at 712; *see also, Wehling,* 608 F.2d at 1088 (recognizing "that a civil plaintiff has no absolute right to both his silence and his lawsuit. Neither, however, does the civil defendant have an absolute right to have the action dismissed anytime a plaintiff invokes his constitutional privilege.")[52] "A trial court must carefully balance the interests

---

52 Defendants cite to various out of circuit, district court cases to show that other courts have dismissed an action based upon a party's assertion of her Fifth Amendment privilege during discovery. (Document 235 at 9.) However,

of the party claiming protection against self-incrimination and the adversary's entitlement to equitable treatment." *SEC v. Graystone Nash, Inc.*, 25 F.3d 187, 192 (3d Cir. 1994).

However, asserting this privilege does not come without consequences. "Courts have excluded subsequent testimony, entered judgment, or dismissed the silent party's claims on the basis of a refusal to testify only as a last resort." *Interim Investors Committee v. Jacoby*, 90 B.R. 777, 779-80 (W.D.N.C., Aug. 25, 1988); *see also, e.g., United States v. Parcels of Land,* 903 F.2d 36, 43 (1st Cir.1990) (striking an affidavit opposing summary judgment after party invoked the Fifth Amendment privilege at the deposition); *In re Edmond,* 934 F.2d 1304, 1306 (4th Cir.1991) (same). The effect of a civil litigant's assertion of her Fifth Amendment privilege "depends to a large extent on the circumstances of the particular litigation." *Graystone,* 25 F.3d at 192.

Based upon the foregoing, the Court finds that Mrs. Deakins' claims should not be dismissed based solely upon her invocation of her Fifth Amendment rights. The Court finds that Mrs. Deakins has a substantial interest in asserting and maintaining her Fifth Amendment privilege. Considering the circumstances of the instant litigation, the Court finds that punishing Mrs. Deakins by automatically dismissing her lawsuit based upon her valid invocation of a Constitutional right is unwarranted.[53] Although she invoked her Fifth Amendment privilege during her deposition, she has otherwise participated in discovery. Defendants have been able to

most of the cases involve factual scenarios in which the invoking party was put on notice that their claims may be dismissed if they continued to refuse to submit to discovery (*Lyons v. Johnson,* 415 F.2d 540, 541 (9th Cir.1969); *Mount Vernon Sav. and Loan Ass'n v. Partridge Associates,* 679 F.Supp. 522, 527 (D.Md., 1987); *Jones v. B. C. Christopher & Co.,* 466 F.Supp. 213 (D.C.Kan., 1979) and /or the invoking party had refused to answer all discovery concerning its claims, and thus, put the opposing party "in an unfair and untenable litigation posture." (*Crandall v. Hard Rock Cafe, Intl. (Chicago) Inc.,* No. 99 C 6094, 2000 U.S. Dist. LEXIS 8461, at * 6 (N.D. Ill. 2000). (Document 235 at 9.)

53 Defendants concede that Mrs. Deakins had the right to remain silent. (Document 235 at 8.) The Court notes that Mrs. Deakins was charged with one count of Obstructing an Officer, two counts of Battery on an Officer, and one count of Assault on an Officer on April 22, 2010. (Document 181-8). Her deposition was held on March 9, 2012. (Document 181-11). She was found guilty in Magistrate Court pursuant to a bench trial on September 28, 2012. She appealed to Circuit Court of Mercer County, West Virginia, on October 1, 2012. (Document 189-2 at 12-14.) Her trial was scheduled for January 31, 2013. (Document 189-2 at 16.)

question Mrs. Deakins regarding the nature and basis for her claims. The Court notes that in her Answers to Defendants' Interrogatories Mrs. Deakins provides a detailed account of her specific allegations. (Document 189-3 at 13-37.) Moreover, she has submitted her medical records from her hospital stay on the night of April 22, 2010. (Document 182-2 at 25-57.) As such, Defendants are aware of her claims and the foundation for them. (*See, id.*) Moreover, Defendants will be able to testify in their own defense and may have the opportunity to depose Mrs. Deakins again before trial.[54] Therefore, any prejudice or undue disadvantage suffered by Defendants is minimal. *Serafino,* 82 F.3d at 518; *Graystone*, 25 F.3d at 192.

In balancing the interests of the parties, the Court finds that the appropriate result for Mrs. Deakins having asserted her Fifth Amendment privilege and refusing to answer deposition questions is the preclusion of her Affidavit, not the dismissal of her lawsuit. "Because the privilege is constitutionally based, the detriment to the party asserting it should be no more than is necessary to prevent unfair and unnecessary prejudice to the other side." *Graystone*, 25 F.3d at 192. Accordingly, the Court declines to consider Mrs. Deakins' Affidavit (Document 189-1 at 29-40) and orders that it be stricken. *See Cutting Underwater Techs. USA, Inc. v. EI U.S. Operating Co.,* 671 F.3d 512, 515 (5th Cir.2012) ("Under the now-applicable Rule 56(c)(2), ... it is no longer necessary for a party to file [a motion to strike]; instead, the party may simply object to the material."); s*ee* Fed.R.Civ.P. 56 advisory committee's note to 2010 amendments ('There is no need to make a separate motion to strike.').

---

54 Because the Jury Trial in this case has been continued to October 21, 2013 (Document 267), Defendants should have time to depose Mrs. Deakins. According to the Clerk of Court of the Circuit Court of Mercer County, West Virginia, Mrs. Deakins' appeal is no longer pending. By Order entered January 31, 2013, the Honorable Judge Omar Aboulhosn of the Circuit Court of Mercer County, West Virginia, tentatively accepted Mrs. Deakins' plea of guilty and adjudicated her guilty of the lesser included offense of "Battery" in Magistrate Appeal No. 12M-AP-17-OA, subject to a pre-sentence investigation. Upon motion of the State, the Court further ordered that the remaining charges contained in 12-M-AP-15, 16, and 18 be dismissed.

### b.   *Defendants' Motion for Summary Judgment*

The Court will now consider whether Defendants have shown that there is no genuine issue of material fact regarding Mrs. Deakins' claims of excessive force and intentional infliction of emotional distress. As stated above, Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). An award of summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).[55] In considering a motion for summary judgment, the Court will draw any permissible inference from the underlying facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

### 1.   *Claim of Excessive Force*

The Fourth Amendment guarantees the "right to be free from unreasonable searches and seizures, which encompasses the right to be free of arrests, investigatory stops, or other seizures effectuated by excessive force." *Schultz v. Braga,* 455 F.3d 470, 476 (4th Cir.2006). In determining whether a law enforcement officer used excessive force, courts consider the "objective reasonableness" of the action in question. (*Id*.) The force used by an officer is not excessive if his "actions are 'objectively reasonable' in light of the facts and circumstances confronting [him], without regard to [his] underlying intent or motivation." (*Id*.) (quoting *Graham v. Connor,* 490 U.S. 386, 388 (1989)).

---

55  In reviewing a motion for summary judgment, a court may "consider only the evidence that would be admissible at trial." *Kennedy v. Joy Technologies, Inc.,* 269 F. App'x. 302 (4th Cir.2008) (citation omitted.)

"To gauge objective reasonableness, a court examines only the actions at issue and measures them against what a reasonable police officer would do under the circumstances." *Rowland v. Perry,* 41 F.3d 167, 172 (4th Cir.1994). The Court must also pay "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham,* 490 U.S. at 396.

The Court finds that Defendants have failed to meet their burden of showing that there is no genuine dispute as to any material fact *and* they are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); *Celotex,* 477 U.S. at 322; *Anderson,* 477 U .S. at 247. In their Motion and Objections, Defendants deny violating Mrs. Deakins' right to be free from excessive force. (Document 182 at 9; Document 235 at 12.) In support, they cite to Plaintiffs' Request for Admission Number Twelve, in which they "deny that they inflicted any injuries upon Kay Deakins." (Document 181-3 at 22; Document 235 at 12.)[56] They argue that "[s]ince she has no evidence to offer in contradiction to that denial, her excessive force claim cannot stand." (Document 182 at 9.)   Defendants do not offer affidavits, deposition testimony, or other evidence to show that their actions were objectively reasonable and that there are no genuine disputes of material fact as to Mrs. Deakins' claim of excessive force. Fed.R.Civ.P. 56(a).   Defendants' simple denial is not sufficient to show that they are entitled to judgment as a matter of law. (*Id.*) Accordingly, Defendants' motion for summary judgment as to Mrs. Deakins' claim of excessive force by Defendants Long, Jackson, Baker, and Wade should be denied.

---

56 In Response to Request for Admission Number Twenty-Seven, Defendants also deny being solely responsible for Plaintiffs' injuries. (Document 181-11 at 42.) The Request for Admission states: "[a]dmit that all Defendants are solely responsible for Plaintiffs' injuries [whether physical, psychological, emotional, etc.] on the date of the incident on [April 22, 2010.] (*Id.*)

### 2.   Claim of Intentional Infliction of Emotional Distress

In West Virginia, in order to prevail on a claim for intentional infliction of emotional distress, a plaintiff must prove the following elements:

> (1) the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from its conduct; (3) the actions of the defendant caused the plaintiff to suffer emotional distress; and (4) the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

Syl. pt. 3, *Travis v. Alcon Laboratories, Inc.,* 504 S.E.2d 419, 425 (W.Va.1998). The West Virginia Supreme Court of Appeals has stressed that "liability depends upon whether the conduct has been so extreme and outrageous 'as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" (*Philyaw v. Eastern Associated Coal Corp.*, 219 W.Va. 252, 633 S.E.2d 8 (W.Va.2006) (quoting *Johnson v. Hills Dep't Stores,* 200 W.Va. 196, 488 S.E.2d 471, 474 (W.Va.1997)).   Moreover, the court explained that:

> [i]n evaluating a defendant's conduct in an intentional or reckless infliction of emotional distress claim, the role of the trial court is to first determine whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to constitute the intentional or reckless infliction of emotional distress. Whether conduct may reasonably be considered outrageous is a legal question, and whether conduct is in fact outrageous is a question for jury determination.

Syl. pt. 4, *Travis,* 504 S.E.2d at 421.

The Court, once again, finds that Defendants have failed to meet their burden of showing that there is no genuine dispute as to any material fact *and* they are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 247. In their Motion, Defendants state that "since Mrs. Deakins was lawfully arrested and not subjected to excessive

force, she lacks any basis for a claim of intentional infliction of emotional distress." (Document 182 at 9.) As stated above, Defendants simply denying that they inflicted any injuries upon Mrs. Deakins and denying that they violated her right to be free from excessive force is not sufficient to show that they are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); (Document 181-3 at 22; Document 235 at 12.) Viewing the facts in the light most favorable to Mrs. Deakins, the Court finds that there are genuine issues of material fact as to whether Defendants' actions were "outrageous." *Matsushita*, 475 U.S. at 587-88; *Travis,* 504 S.E.2d at 425. Accordingly, Defendants' Motion for Summary Judgment as to Mrs. Deakins' claim of intentional infliction of emotional distress by Defendants Long, Jackson, Baker, and Wade should be denied.

### *CONCLUSION*

Based on the findings herein, the Court does hereby **ORDER** that the Magistrate Judge's Proposed Findings and Recommendation (Document 224) granting in part and denying in part Defendants' Motion for Partial Summary Judgment Against Harry Deakins (Document 179) and granting in part and denying in part Defendants' Motion for Summary Judgment Against Kay Deakins (Document 181) be **ADOPTED** and that Defendants' objections to the PF&R (Document 235) be **OVERRULED.**

As to Defendants' Motion for Summary Judgment Against Harry Deakins (Document 179), the Court **ORDERS** that summary judgment be **GRANTED** as to the following claims: unlawful arrest by all Defendants; unreasonable search and seizure of the digital camera by Defendants Long, Jackson, Baker and Wade; negligent hiring, training and supervision by Defendant Pack; and civil conspiracy by Defendant Rogers and Shrewsbury. The Court **ORDERS** that summary judgment be **DENIED** as to the following claims: excessive force by Defendants

56

Long, Jackson, Baker, and Wade; and unreasonable search and seizure of the two personal computers by Defendants Long, Jackson, Baker, and Wade.

As to Defendants' Motion for Summary Judgment Against Kay Deakins (Document 181), the Court **ORDERS** that summary judgment be **GRANTED** as to the following claims: unlawful arrest by all Defendants; unreasonable search and seizure of the digital camera by Defendants Long, Jackson, Baker, and Wade; negligent hiring, training and supervision by Defendant Pack; and civil conspiracy, unreasonable search and seizure, excessive force, and intentional infliction of emotional distress by Defendants Rogers and Shrewsbury. The Court **ORDERS** that summary judgment be **DENIED** as to the following claims: excessive force by Defendants Long, Jackson, Baker and Wade; intentional infliction of emotional distress by Defendant Long, Jackson, Baker, and Wade; and unreasonable search and seizure of the two personal computers by Defendants Long, Jackson, Baker, and Wade.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:       July 12, 2013

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA